## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                Complainant,

     v.

ZACHARY REHL

*(Styled as* <u>USA v. NORDEAN</u> *incorporating cases against four Defendants collectively)*

                Accused

Criminal Case No.

1:21-cr-00175-TJK-3

### ZACHARY REHL'S MOTION FOR BILL OF PARTICULARS

Comes now the Accused ZACHARY REHL, by counsel, and hereby files this Motion for a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f), and for his reasons files a companion Memorandum of Law, by counsel.

### Certification of Consultation

Counsel undersigned inquired by email of the prosecution late afternoon on September 23, 2021, if they would oppose a motion for bill of particulars.  Counsel made clear that he was not asking for the actual information quickly only the prosecution's reaction to the concept of providing these details.  Counsel is not convinced that consultation is required for this challenge to the charging document.

But on Friday, September 24, 2021, the prosecution responded that they believe that the subject matter appeared to be the same as addressed in motions at ECF Docket Nos. 88, 93, 99, 138, 156.  Counsel for REHL does not agree.

Counsel for REHL has reviewed these but believes this motion is different than those

both as to most of what is sought as particulars and also the legal reasoning why.  For example, co-Defendants' prior motions are distinguishable from REHL's Motion for a Bill of Particulars here, as explained by the ruling of the Honorable Amit P. Mehta set forth in detail in the Memorandum of Law.

While denying all other requests for particulars, Judge Mehta granted a request for particulars for Defendant James concerning a multiplicity of potential victims there.

Here, REHL argues on the same analysis that an unknown and open-ended number of unidentified potential conspirators and objects of aiding and abetting creates the same problem for which Judge Mehta ordered a bill of particulars brought by Defendant James in the group of Defendants in USA v. Thomas Caldwell, Case No. 1:21-cr-00028-APM.

The only point that REHL, by counsel, believes comes close is the statement in the Government's Opposition at ECF Docket #93:

> The government has identified Pezzola as a co-conspirator of the defendants in this case, and defendant Nordean is vicariously liable for Pezzola's destruction of the Capitol window, as alleged in the indictment.

However, in fact the First Superseding Indictment does not allege any conspiracy involving REHL or any of the Defendants and Pezzola.

Indeed, one of the particulars that REHL, by counsel, seeks by a bill of particulars is precisely to identify whom out of 500,000 to 1 million people estimated to have attended various events on January 6, 2021, the grand jury alleges REHL to have conspired with.

The failure to identify *with whom* REHL supposedly conspired not only raises the problem Judge Mehta analyzed with regard to Defendant James but also casts oceans of doubt upon whether there ever was a conspiracy when the grand jury plainly never knew who is included in the conspiracy and who is not.  Plainly, there never was any such conspiracy certainly not involving

REHL or to REHL's knowledge.  Recall that every element must be proven to a knowingly and

intentionally or purposefully standard beyond a reasonable doubt.  Either REHL agreed with people

or he did not.  Therefore, one major request in REHL's motion for a bill of particulars is to identify

with whom he is supposed to have conspired.  REHL expects that the answer will be that REHL

never conspired with anyone other than for the innocent purpose of taking a trip to D.C. and listening

to the speakers on stage at the Ellipse near the White House.

The prosecution's consultation response by email heightens the need for particulars as to

whom REHL is alleged to have conspired with.

In addition, the indictment does mention Pezzola only one time *(emphasis added)*:

> 62. At 2:14 p.m., BIGGS entered the Capitol building through a door ***on the northwest side***. The door was opened by a Proud Boys member, Dominic Pezzola, charged elsewhere, used riot shield at 2:13 p.m. to break a window that allowed rioters to enter the building and Proud Boys members Gilbert Garcia, William open an adjacent door from the inside.

This mention, while a serious allegation against Pezzola, in no way alleges any conspiracy

between Pezzola and REHL, or even Biggs.

Moreover, REHL is alleged to have briefly entered the U.S. Capitol at the First Street

pedestrian entrance.  First Street is on the *East* side of the U.S. Capitol building.  See, MAP, U.S.

Capitol Police, https://www.visitthecapitol.gov/plan-visit/us-capitol-map

As a very, very, very public building, the floor plans and maps of the U.S. Capitol building

are published by the Architect of the Capitol and the U.S. Capitol Police and are and have been

available to the public for at least a century.

Thus, taking the allegations of the indictment on its own terms, BIGGS entered the Capitol

building on the Northwest side, while REHL entered the Capitol building, it is alleged, on the *East*

side from 1st Street.

Thus, taking the allegations of the grand jury on its own terms. REHL was nowhere near the

3

door or window *on the northwest side* but REHL was at the First Street entrance on the *East* side. [1]

Thus, REHL was not there when Pezzola did anything, did not see what Pezzola did, and there is no allegation of any agreement to commit a criminal act with Pezzola.[2]

There is no allegation of any prior agreement.

There is no allegation of any overt act prior to this point in time of a conspiracy to break any windows or enter the U.S. Capitol building, as opposed to a spontaneous, spur-of-the moment decision in the heat of the moment in the crowd.  (Not justifiable, but not a conspiracy.)

There is a difference between a dumb decision when – as it used to be said – one's blood is up and a conspiracy planning ahead.

There is no allegation that ZACHARY REHL ever knew that Pezzola broke into any window and/or opened any door.

There is no allegation that Biggs ever knew that Pezzola broke into the window and opened any door.

That is exactly why REHL asks for a Bill of Particulars as to who the grand jury found was in the conspiracy, when the conspiracy was formed, where it was formed (did REHL act on the territory of Philadelphia, for example?), and for what purpose.

A "conspiracy" to go see what the fuss is about in D.C. and observe is not a criminal conspiracy.  Therefore, what exactly did REHL ever agree to as a criminal purpose?  When?

The government makes note of the Court's Order at ECF Docket # 138.

For example, the Court's Order at Dkt. 138 responds at the bottom of page 8:

---

[1]    Note we are concerned here only with what the grand jury alleged.  One may say they were wrong.  But their indictment is still judged on its own terms and its internal self-contradictions.  Replying, oh, no, we meant ABC instead, casts doubt on the legitimacy of the presentment of particularized facts to the grand jury in order to issue a true bill.
[2]    Note that if there were a conspiracy by someone with Pezzola, that does not mean that REHL entered into any conspiracy with Pezzola.  There could have been a conspiracy which REHL played no part in.  This is why individual Defendants have separate counsel.

> Nordean does not explain why the overt acts alleged in the First Superseding Indictment do not provide him with enough information to understand the conspiracy charge against him and prepare his defense.

REHL, however, does explain that the indictment contains no allegation – other than insufficient conclusory statements of law – as to REHL ever entering to any such conspiracy. There are no facts alleged as to REHL ever agreeing knowingly and intentionally or purposefully to the objects of the supposed conspiracy.

These are not facts as jury questions.  This is a gaping hole in the First Superseding Indictment.  On its own terms, the indictment falls.

The Court's Order at Dkt. 138 seeks to distinguish precedent by saying within the footnote 3 at the bottom of page 8 ("In rare instances…")

> … In particular, as another court in this district has pointed out, the Ramirez indictment "contained specific factual deficiencies" regarding the timing of the conspiracy "leading the court to question whether the particular defendants requesting the bill of particulars had ever entered into the alleged conspiracy." Lorenzana-Cordon, 130 F. Supp. 3d at 177. Thus, the defendants needed more details about the conspiracy's timeline than is typically required to understand how they were supposed to have been involved in the conspiracy at all. Id.

Exactly!  *That is exactly what REHL is arguing here.*

There are no factual allegations in the indictment that REHL of any kind whatsoever that REHL ever agreed upon a purpose of a criminal outcome other than simply attending the First Amendment protected demonstration at the Ellipse between the Washington Monument and the White House, with hundreds of thousands of others who spilled across the Mall to the Lincoln Memorial to the West and the National Museum of African-American History and beyond to the East.  It is alleged that REHL wanted to go to D.C.  Like many sporting events, it is alleged that REHL wanted to keep in touch with people he knew with radios, just like the family camping

5

trip around the like keeping tabs on the kids with walkie-talkies from Radio Shack.  The only

exception to that is anticipating nearly-certain attacks from ANTIFA thugs against a tempting

target of large flocks of defenseless Trump supporters.

Ignoring the invalid conclusory statements, the factual allegations accuse REHL of

entering into nothing more than a plan of going on a trip.  There are no factual allegations of any

criminal purpose other than to listen to the speakers on the stage set up by "Women for America

First" on the South side of the White House.

Therefore, counsel certifies that what ZACHARY REHL is requesting now is different

than past requests both as to what is being asked and the legal reasoning for why.

Dated:   September 25, 2021                RESPECTFULLY SUBMITTED
                                                           ZACHARY REHL, by counsel.


                                                           /s/ Jonathon Alden Moseley
                                                           Jonathon Alden Moseley, Esq.
                                                           DC Bar No. VA005
                                                           Virginia State Bar No. 41058
                                                           5765-F Burke Centre Parkway, PMB #337
                                                           Burke, Virginia 22015
                                                           Telephone:  (703) 656-1230
                                                           Contact@JonMoseley.com
                                                           Moseley391@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on September 25, 201, I electronically filed the foregoing document
with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic
filing to the following CM/ECF participant(s), and also mailed a copy to the following by first
class U.S. mail, postage prepaid, one single copy to the prosecution for distribution internally to
all counsel involved for the proseuction.  From my review of the PACER / ECF docket records
for this case that the following attorneys will receive notice through the ECF system of the U.S.
District Court for the District of Columbia.

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.

Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

Jonathon Moseley, Esq.