IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>           Complainant,<br>     v.<br><br>ZACHARY REHL<br><br><br>*(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)*<br><br><br>           Accused | Criminal Case No.<br><br>1:21-cr-00175-TJK-3 |

**[PROPOSED] ORDER
UPON RENEWED MOTION FOR RELEASE OF ACCUSED
ZACHARY REHL FROM PRE-TRIAL DETENTION
AND MOTION TO RE-OPEN DETENTION HEARING**

WHEREAS, the Accused ZACHARY REHL, by counsel, came before the Court for hearing upon his motion of release from pre-trial detention pursuant to 18 U.S.C. § 3142(f), which is opposed by the U.S. Attorney's office, and

WHEREAS the motion came before the Court for hearing on _____, and

WHEREAS the Court has heard and considered the pleadings and argument of counsel, including counsel for ZACHARY REHL and the U.S. Attorney's Office,

THEREFORE, it is hereby ORDERED and ADJUDGED that the Accused, ZACHARY REHL, shall be granted bail and release from pre-trial detention pending trial on the terms decided and ordered by the Magistrate Judge of the U.S. District Court for the Eastern District of Pennsylvania, as stated verbally in the Detention/Rule 5 Hearing Before Honorable Richard A. Lloret, United States Magistrate Judge, U.S. District Court for the Eastern District of

Pennsylvania, March 26, 2021, Case No. 2:21-mj-526-1, filed publicly as ECF Docket # 9 in that Court (the verbal order does not seem to have been reduced to an order as of yet), with this Court now also imposing the following additional terms and conditions of release from detention:

a) The Defendant as per his consent shall install video cameras and/or make available video cameras he represents to already be installed sufficient for remote monitoring of all entrances to his home during his home confinement by the government to deter any smuggling in of computers or internet accessible devices or visits by persons who might present a threat of organizing any activity harmful to the safety of the community.

b) The Defendant may subject to the decision and review of pretrial services perform paid work from home using computers, phones, and the like approved by pre-trial services and monitored.

c) Pre-trial services may or those arranged to do so may monitor any mail, communications, or packages delivered to the Defendant's home as per his consent. The Court does not suggest at this time that the Government may inspect a person's mail absent a warrant, but that the Defendant may volunteer his consent to allow his mail to be inspected to make home confinement a meaningful solution. Attorney-client communications shall not be used or released for any other person.

d) The Defendant shall have no contact pending trial with members of the Proud Boys or
_____

e) _____
_____

f) _____

_____

g) _____

_____

h) _____

_____

i) _____

_____

j)

_____

k) _____

_____

**SO ORDERED**

Dated: _____    _____
TIMOTHY J. KELLY
United States District Judge