IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Complainant,<br> v.<br><br>ZACHARY REHL<br><br>*(Styled as* <u>USA v. NORDEAN</u> *incorporating cases against four Defendants collectively)*<br><br><br>      Accused | Criminal Case No.<br><br>1:21-cr-00175-TJK-3 |

**ACCUSED ZACHARY REHL'S THIRD SUPPLEMENT
IN SUPPORT OF HIS RENEWED MOTION FOR RELEASE
OF ACCUSED ZACHARY REHL FROM PRE-TRIAL DETENTION
AND MOTION TO RE-OPEN DETENTION HEARING**

  Comes now the Accused ZACHARY REHL, by counsel, and hereby asks leave to and files this Third Supplement to his renewed motion for release on bail from pre-trial detention, moving to reopen his detention hearing, pursuant to 18 U.S.C. § 3142(f), and for his grounds states as follows:

  The Court is requested to recall that one of the factors the Court considered in deciding to revoke bail for Zachary Rehl on July 1, 2021, was the weight of the evidence against Rehl.

  Now, Rehl, by counsel, asks the Court to consider that -- including based on new information -- the weight of the evidence against Rehl is in fact almost non-existent, other than fuzzy photographs amidst a huge crowd suggesting that he briefly looked inside the U.S. Capitol after Congress had recessed. *See* https://youtu.be/rQDwsyFXYhg . The case against Rehl to an unusual extent requires *mens rea* because Rehl is not alleged to have done anything himself

personally. He is alleged to have been a planner, leader, and organizer of others.

Before dawn on the morning of Friday, October 8, 2021, approximately 20 law enforcement agents heavily armed and wearing riot police gear, raided the home rented by Aaron Whallon-Wollkind near the Pennsylvania border. Aaron was awakened to threats, commands, and intimidation from an extremely loud loud-speaker (far more powerful than a hand-held bullhorn) ordering him to come out of his rural house with his hands up. He walked out of the door to find his girlfriend already handcuffed outdoors without any pants being guarded by the riot-gear wearing FBI agents.

On his lawn he found an armored personnel carrier which he understands to be a "Bear Cat." The tank-like armored personnel carrier and other vehicles had torn up his lawn. There was also a roughly 15 foot long battering ram mounted on a vehicle. They were apparently all agents of the Federal Bureau of Investigation or at least led by the FBI with supporting officers.

Defendant Zachary Rehl volunteered as President of the Proud Boys of Philadelphia as well as a frequent activist for "Back the Blue" rallies in support of police officers.

Aaron Whallon-Wollkind has been Rehl's close friend for many years and served – without suggesting an actual structure to the Proud Boys that would exceed and over-state the reality – Rehl's deputy leading the volunteer club of the Proud Boys of Philadelphia.

However, ***Aaron Whallon-Wollkind did not join the events in the District of Columbia on January 6, 2021, whether the peaceful demonstrations or the violent attacks by a very, very few against U.S. Capitol Police.*** Aaron Whallon-Wollkind never travelled to the District of Columbia until after the protests were over.

Therefore, the Government has no basis for investigating or charging Whallon-Wollkind ***other than*** his connection to Zachary Rehl. The only reason to search Whallon-Wollkind's

house *is to try to find evidence on Zachary Rehl* that the Government clearly still does not have.

The Government represented to this Court, and the Court accepted in revoking bail for Zachary Rehl that the evidence against Rehl for the ultimate trial was strong.

Clearly, it is not.

In the pre-dawn of Friday, October 8, 2021, Whallon-Wollkind was also handcuffed and held outside while the agents ransacked his house along with his half-naked girlfriend. After some of the roughly 20 agents had searched his house inside, some of the agents brought Whallon-Wollkind back inside where they had moved a single chair in the middle of a room like an interrogation scene from a war movie. They sat him down and began to interrogate him. He told them that he refused to say anything without the advice of an attorney.

The FBI took all of his computer and computer devices and phones, including an old broken phone.

However, Whallon-Wollkind was not arrested or charged.

Clearly, the Government does not have probable cause to arrest or charge Whallon-Wollkind or they would have done so over the last 10 months. Not even with 20 FBI agents, a tank, and a battering ram surrounding his house did the FBI charge or arrest Whallon-Wollkind.

Thus, the Government lacked probable cause to search Wollkind's residence other than for looking for evidence on Zachary Rehl. If the Government had probable cause to search Wollkind's residence because of his own violations, they would have had probable cause to arrest Wollkind on those same grounds. The goal was to find evidence they don't have on Rehl.

Indeed, while counsel is not revealing the judicial district where the search warrant was issued, where Wollkind resides, and where the search warrant was executed, the FBI would have to already know everything imaginable about Wollkind in order to apply to the correct judicial

3

district, which is not what one would expect, and to include (thankfully, to avoid misunderstandings and mistakes) three photographs of Wollkind's rented house.

Thus, the FBI did not need to learn about Wollkind. They wanted to scrounge around for evidence against Rehl that they still do not have.

The FBI already knew the precise type and serial number of the smart phone used by Wollkind. They had staked out his house and taken photographs. The only thing they did not already have is evidence of Zachary Rehl planning, organizing, or leading a poorly-defined "Stop the Steal protest" which Ari Alexander takes credit for being the National Organizer of.

Counsel has reviewed the search warrant and documents given to Whallon-Wollkind yesterday morning, which was sent by text message from his girlfriend.

Counsel understands that when freely given to Wollkind and his girlfriend, the documents lost their sealed character. The paperwork was freely provided to Wollkind and his girlfriend at their house, with no instructions that any restrictions applied to them. There is nothing in the search warrant that orders anything with regard to the person whose property is being searched. We are not talking about the underlying affidavit, which was not provided and remains under seal. But the deprivation of Zachary Rehl's liberty, being incarcerated for months of his life he will never get back, for things he did not do, outweighs any interest of the Government in continuing to perpetuate a baseless conspiracy theory against Zachary Rehl.

The search warrant is authorized to be executed by October 14, 2021, corresponding to the motions schedule for the next hearing of this Court.

The search warrant was issued on either October 1, 2021, or October 4, 2021 (the text message version is blurry). On September 30, 2021, Zachary Rehl filed his renewed motion for release on bail from pre-trial detention, chronicling the lack of evidence, internal contradictions,

4

admissions and confessions of Rehl's innocence, and failure of the First Superseding Indictment. Right after Rehl, by counsel, pointed out that the Government has no evidence supporting Rehl's guilt, including the requirement of *mens rea*, the Government decided to seize computer information and records from Zachary Rehl's second in command of the Philadelphia Proud Boys club.

The SUBJECT OFFENSES are the same criminal charges for which Zachary Rehl was indicted in the First Superseding Indictment.

The items to be searched and seized include:

> a. Clothing items associating AARON WOLKIND with the Proud Boys organization, as described in the affidavit in support of the search warrant application.
> * * *
> d. Records and information relating to the identification of persons who either (i) collaborated, conspired or assisted (knowingly or unknowingly) the commission of the SUBJECT OFFENSES; or (ii) communicated about matters relating to the SUBJECT OFFENSES, including records that help reveal their whereabouts.
> * * *
> f. Records and information ... any efforts to or questions about the legitimacy of the 2020 Presidential election, the certification process of the 2020 Presidential Election, or otherwise influence the policy or composition of the United States government by intimidation or coercion.
> * * *
> h. Records and information relating to the state of mind of the subjects and/or co-conspirators, e.g. intent, absence of mistake....

Now, therefore, in support of the release of Zachary Rehl's on bail from pre-trial detention, Rehl, by counsel, asks the Court to take into account and consider that:

A. The Government does not have evidence of Zachary Rehl's guilt of any crime other than stepping inside the U.S. Capitol building after Congress had recessed.

B. Recall, that Rehl is accused solely of planning and organizing the actions of others.

C. The Government does have evidence that Rehl decided to go join other peaceful protestors in Washington, D.C., and in aid of that visit to D.C. he planned his own trip and told his friends and acquaintances to look him up there, and he did indeed connect with other Proud Boys while peacefully protesting on January 6, 2021.

D. Yet 10 months after the events of January 6, 2021, the FBI is still trying to find evidence that Zachary Rehl planned, conspired, or organized anything but peaceful demonstrations guaranteed by the First Amendment.

E. The FBI had no basis to search Whallon-Wollkind's house other than to try to find evidence on Rehl, because Whallon-Wollkind never went to D.C. until after the protests were over and the FBI has not, in fact, charged him.

F. The mere possibility that the FBI could find something to _later_ develop probable cause to charge Whallon-Wollkind from his electronic storage devices does not change the fact that as of the October 8, 2021, search the only possible reason to search Whallon-Wollkind's home was to try to find the evidence they do not have against Zachary Rehl.

G. Recall that the Government concedes that Rehl committed no violence including no violence against police officers and did not damage any property.

H. Instead, the Government tries to portray Rehl as a James Bond supervillain living in a volcano fortress petting a cat while giving orders to his minions.

I. Yet, as late as Friday, October 8, 2021, ten months after January 6, 2021, the Government is still trying to find any evidence of its representations about Rehl.

J. The timing suggests that the Government is responding to counsel's challenges that it has no evidence of Rehl's guilt to try to go find some.

K.  Now, this is different from the possibility that at some point before trial the Government might find evidence and use it at trial.

L.  The question now before the Court is whether the weight of evidence *currently known* against Zachary Rehl is strong enough to deny Rehl release from pre-trial detention on bail *now*.

M.  Sadly, this also indicates that the FBI is not focused on identifying those who actually assaulted police officers and prosecuting those who actually did commit crimes. The FBI can apparently spare 20 agents, a tank-like APC, and a battering ram to search Whallon-Wollkind's house rather than prosecuting those who battled with police.

N.  Sadly, it appears that the FBI is actually motivated to chill free speech regarding "**any efforts to or questions about the legitimacy of the 2020 Presidential election, the certification process of the 2020 Presidential Election**," similar to the unconstitutional chilling of free speech by parents at school board meetings.

Dated:  October 9, 2021	RESPECTFULLY SUBMITTED,
	ZACHARY REHL, by counsel

	Jonathon Alden Moseley, Esq.
	Jonathon Moseley, Attorney at Law
	DCDC Bar No. VA005
	Virginia State Bar No. 41058
	5765-F Burke Centre Parkway, PMB #337
	Burke, Virginia 22015
	Telephone:  (703) 656-1230
	Contact@JonMoseley.com
	Moseley391@gmail.com

**CERTIFICATE OF SERVICE**

7

      I hereby certify that on October 9, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s), and also mailed a copy to the following by first class U.S. mail, postage prepaid, one single copy to the prosecution for distribution internally to all counsel involved for the proseuction.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

> **Mr. Luke Matthew Jones, Esq.**
> U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
> 555 Fourth Street, N.W.
> Washington, DC 20530
> (202) 252-7066
> (202) 616-8470 (fax)
> ahmed.baset@usdoj.gov
>
> **Mr. Jason Bradley Adam McCullough, Esq.**
> U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
> 555 4th Street, NW
> Washington, DC 20001
> (202) 252-7233
> jason.mccullough2@usdoj.gov
>
> **Mr. James B. Nelson, Esq.**
> U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
> 555 Fourth Street NW, Room 4112
> Washington, DC 20530
> (202) 252-6986
> james.nelson@usdoj.gov

*Jonathon Moseley, Esq.*