#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Complainant,<br> v.<br><br>ZACHARY REHL<br><br><br>*(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)*<br><br>         Accused | Criminal Case No.<br><br>1:21-cr-00175-TJK-3 |

### ACCUSED ZACHARY REHL'S MEMORANDUM OF LAW IN SUPPORT OF HIS FIRST MOTION TO COMPEL

 Comes now the Accused ZACHARY REHL, by counsel, and moves the Court to compel the production of narrow categories of readily obtainable evidence that would advance the resolution of this matter pursuant to Fed. R. Crim. P. 16(a)(1)(E), and for his grounds states as follows:

**I. BRIEF BACKGROUND AND CONTEXT**

 It matters, and here is why:

 The Grand Jury with the assistance of the U.S. Attorney's Office in its First Superseding Indictment quoted from Zachary Rehl several times without citing to when or where these statements were allegedly made, the context in which they were said (including to indicate whether statements were serious, teasing, parody, blowing off steam, etc.), or providing a copy of the statements.

 The original documents from which these quotes were lifted are important because Zachary Rehl is mainly charged with conspiracy and aiding and abetting, rather than directly committing the underlying substantive acts himself, with one exception of allegedly walking into

the U.S. Capitol briefly through open doors after the Joint Session of Congress had already recessed and 2 hours after other people had already broken into the U.S. Capitol.

Counsel for Rehl raises that concern because Rehl explicitly disputes the meaning that the Government attaches to those quotes. For example, in other quotes, someone is alleged to have said that the police are the primary threat, but the full context was to *avoid* the police – not to *attack* them. (What that actually meant the speaker would have to explain, but it plainly does not mean to go looking for police and assault them. It says the opposite.)

The Grand Jury with the assistance of the U.S. Attorney's Office in its First Superseding Indictment attempts to charge ZACHARY REHL with four (4) counts of violations of 18 U.S.C. § 2 (aiding and abetting), but in fact mischarged Rehl with the underlying substantive crimes which the Government admits Rehl did not commit directly, personally:  18 U.S.C. § 1361; 18 U.S.C. § 231(a)(3);  18 U.S.C. § 1512(c)(2);   18 U.S.C. § 1752(a)(2).

Rehl is also charged with a criminal conspiracy under 18 U.S.C. § 371. And Rehl is charged with entering a restricted area under 18 U.S.C. § 1752(a)(1), the only charge that might apply to Rehl by his personal actions, although there are other problems with this charge.

The Government admits that Rehl is not being charged for committing most of the underlying offenses, but only for allegedly aiding and abetting others. In the bail hearing for release of the Accused ZACHARY REHL, from pre-trial detention hearing in the U.S. District Court for the Eastern District of Pennsylvania, the prosecution conceded in proper candor:

> **To be sure, the indictment does not allege that Mr. Rehl engaged directly in violence against officers or destruction of property but there is, nonetheless, a presumption in favor of detention based on his liability for his co-conspirators destruction of property.**

Assistant U.S. Attorney Luke M. Jones, Esq., Page 3, Transcript of Detention/Rule 5 Hearing Before Honorable Richard A. Lloret, United States Magistrate Judge, U.S. District Court for the

Eastern District of Pennsylvania, March 26, 2021, Case No. 2:21-mj-526-1, filed publicly as ECF Docket # 9 in that Court.

## II. ARGUMENT

### A. Actual Context and Meaning of Statements May be Dispositive.

The actual meaning of the statements may either refer to the 100% peaceful demonstrations or instead to the violent confrontations with police at the Capitol. This case is highly sensitive to which the comments were actually referring to.

The Court sternly warned on September 13, 2021, that politics would play no part in the Honorable Timothy Kelly's decisions. However, one must diligently recognize it to keep it out.

Blurring the difference between the 100% totally peaceful demonstrations on January 6, 2021, that filled the Washington Mall and the Ellipse and even surrounded the U.S. Capitol and planning to attack the U.S. Capitol, beat up police officers, and break windows is the partisan political narrative raging outside the courthouse walls, [1] and threatening to seep inside.

Every year, under normal times, millions of Americans plan to and do visit the Nation's Capitol without planning to destroy property or violently battle with police. Planning to go on a trip to Washington, D.C., does not mean planning to beat up police and break windows.

Thus, the case is highly sensitive to *what* exactly Defendants were planning for.

---

[1]  There can be no stronger rejection of the hoax that everyone in D.C. on January 6, 2021, did the same thing and had the same intentions than ***the church choir singing God's praises and praying on the grounds of the U.S. Capitol*** under a permit issued by the U.S. Capitol Police. This video taken for NationalFile.com alternates between the church choir singing "**How Great is Our God**" just across the U.S. Capitol driveway from protestors roaring loudly in protest on the other side. See https://youtu.be/Q4B39zfaLy0?t=134 . Directly across the driveway on the West side from each other, we see a Church complying with the terms of a permit and worshipping God while on the other side of the driveway we see a raucus crowd of protestors in front of and on the steps of the U.S. Capitol chanting and jeering loudly. There was even one woman dancing on top of a U.S. Government SUV. ***To keep politics out of its courtroom, as Judge Kelly proclaimed, the Court must reject the sham that everyone did the same thing and had the same plans on January 6, 2021.***

The Government needs more than just (A) Zachary Rehl exists on the Earth, (B) someone assaulted U.S. Capitol Police, (c) therefore it's Zachary Rehl's fault.

*In all of these details, if perhaps it is not explicitly clear, Rehl asks one thing of this Court: **<u>To be judged on the facts fairly under the law.</u>** The flood of a rush to judgment requires more urgently a more careful, more detailed, more cautious, more precise analysis.*

We are asked to ignore that Donald Trump had at least 83 million followers on Twitter and that Ali Alexander takes credit for being the "National Organizer" of "Stop the Steal" while Rehl denies planning or organizing anything other than his own trip to D.C. with a few friends. Rehl did not do national television interviews. Rehl explained he was going to Washington and told some friends he would be there. Nobody does anything unless Zachary Rehl tells them to? Things do happen independently of Rehl being a proximate cause.

Therefore, the precise conversations in context are necessary.

Just this week, the U.S. House of Representatives Select Committee is blaming Steve Bannon, Mark Meadows, Dan Scavino, and Kash Patel as the primary instruments through which Donald Trump planned an insurrection via riots at the U.S. Capitol on January 6.

As the Court knows well, in a criminal prosecution, multiple, inconsistent, contradictory theories of who is responsible can result in an acquittal at trial or on appeal.

Therefore, if the quotes presented in context do not justify the interpretation of them guessed at by the Grand Jury, then the case against Rehl must fail either at trial or in appropriate pre-trial motions. If the quotes are susceptible of different interpretations in full context the case may fail similarly merely because they are equivocal and indeterminate in context.

Thus, it matters.

**B.   Specific Documents (Conversations) Requested**

4

Specifically, Rehl asks the Court to order identification and production of those particular, precise communications on which the Government relies for alleging that Rehl aided and abetted others in committing the charged crimes or conspired in pursuing a plan to commit one or more crimes.

Rehl disputes that the quotations are accurate, and/or presented in context, and/or accurate in terms of time, and/or referring to what the Government guesses about and rushing to judgment believes the quotations are referring to.

Therefore, neither the Petit Jury nor the Court should have blinders placed upon them in not being able to see the entire conversation.

But – more than that -- to prepare for trial and present a defense at trial, Rehl's counsel must be able to say ***this*** is *that specific document* (conversation) in which the Government is accusing Rehl of aiding and abetting and/or conspiring.  Otherwise, disputing the quotes would be meaningless, if they were not directly connected to the Government's allegations.  Counsel would have to struggle up hill to claim that *this document* is *that* same statement or quote.

### C.  Applicable Law

Giving credit, adopting what co-Defendant Ethan Nordean already ably argued in his own motion to compel (but the Court responded instead to his alternative motion to compel):

> Rule 16 provides that "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> 	(i) the item is material to preparing the defense;
> 	(ii) the government intends to use the item in its case-in-chief at trial; or
> 	(iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

As this District has noted on many occasions, "the government cannot take a narrow reading

5

of the term 'material' in making its decisions on what to disclose under Rule 16. Nor may it put itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *United States v. Safavian*, 223 F.R.D. 12, 15 (D.D.C. 2005). Moreover, "burdensomeness and logistical difficulty . . . cannot drive the decision whether items are 'material' to preparation of the defense. *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (materiality standard "is not a heavy burden"; evidence material if there is indication that it may play an "important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal").

The material discoverable under Rule 16(a)(1)(E) is also discoverable on a *timely* basis. As Judge Sentelle said for the D.C. Circuit in *United States v. Mashall*, 132 F.3d 63, 67 (D.C. Cir. 1998), Rule 16(a)(1)(E) covers evidence that is "material to *the preparation* of the defendant's defense" (internal quotation marks omitted) (emphasis original). This is even more true of material that tends to exculpate the defendant, i.e., *Brady* material.

Because the Grand Jury recites quotes lifted from these documents, they must have had these documents presented to them. Similarly, the quotes argued by the prosecution in ECF Dkt. #37 had to have been lifted from the actual documents. Therefore, those documents must already be readily available to the Government to produce.

### III.   SPECIFIC DOCUMENTS REQUESTED

Rehl, by counsel, asked of the Government about a month ago for a copy of the post that Zachary Rehl posted on Parler explaining exactly why he believed there should be a protest in Washington, D.C. on January 6, 2021, and why Zachary Rehl was going to Washington, D.C. The Government has produced an index of items from Parler whose start date of the index begins too late, and therefore excludes Rehl's explanation. Unfortunately, however, Parler was shut down for a couple of months and had to delete a lot of content as a condition of being restarted.

Therefore, Rehl's family is unable to retrieve any of Rehl's past posts on Parler even with access to his Parler account with his password. The Government obtained all of the content from Parler by subpoena. The Government produced later posts, but not the crucial one where Rehl announced his intentions, plans and *mens rea*.

Rehl requests an official order and official response providing any and all documents from which the Grand Jury is quoting the statements with which Rehl is alleged:

a) 12. … At different times, NORDEAN, BIGGS, REHL, DONOHOE reiterated that Proud Boys members should avoid wearing Proud Boys colors on January 6, 2021.

b) 24…. c. REHL posted a message that read, in part, "I'm proud as fuck what we accomplished yesterday, but we need to start planning and we are starting planning, for a Biden presidency."

c) 28 a. Encouraging members of the Proud Boys and others to attend the Stop protest in Washington, D.C., on January 6, 2021; …

d) 35. On November 27, 2020, REHL posted social media "Hopefully firing squads are for the traitors that are trying to steal the election from the American people."

e) 36. On December 23, 2020, REHL posted on social media describing January 6, 2021, Congress gets to argue the legitimacy of the [E]lectoral [C]ollege votes, and as "the day where yes, there will be a big rally on that day."

f) 38. On December 30, 2020, REHL posted a link to an online fundraiser with the campaign name of "Travel Expenses for upcoming Patriot Events." The campaign generated over 2021. $5,500 donations between December 30, 2020, and January 4, 2021.

g) 40. On January 4, 2021, at 7:15 p.m., DONOHOE posted a message on various encrypted messaging channels, including New MOSD, which read, "Hey have been instructed and listen to me real good! There is no planning of any sorts. I need to be put into whatever new thing is created. Everything is compromised and we can be looking at Gang charges." DONOHOE then wrote "Stop everything immediately" and then "This comes from the top."

***This communication would constitute the termination of any prior conspiracy.***

Therefore, any conspiracy that could exist had to have started after January 4, 2021, at 7:15 PM.

Although it is not a quote from Rehl, it is the dissolution of any alleged conspiracy existing prior to January 4, 2021, at 7:15 PM.[2]  Therefore, the complete conversation in context and the actual document is likely to be exculpatory and exonerate Zachary Rehl.

    h) 44. Subsequently, REHL, who travelling to Washington, D.C., January 5, 2021, person who was planning that he was bringing multiple radios with him, and that there was a stated to program the radios later that evening.

    i) 46. At 9:03 p.m., REHL notified NORDEAN, BIGGS, DONOHOE and others he had arrived in Washington, D.C. DONOHOE responded by requesting one ofthe radios that REHL had brought.

    j) 47. ...  UCC-1 also wrote "Rufio is in charge, cops are the primary threat, don't get caught by them or BLM, don't get drunk until off the street."

Although this is not Rehl speaking, it is potentially exculpatory in full context, because UCC-1 is urging Proud Boys members to *AVOID* the police -- not attack them.

Also, Rehl requests the original documents as the source of the statements the Government is relying upon for moving to revoke bail for Zachary Rehl, in the Government's Motion For Revocation Of Release Order And For Pretrial Detention at ECF Dkt. #37:

    k) On December 29, 2020, he posted, "I just want to again thank you all for your help in donating and your support, we love you all, appreciate your support and will be there in force on Jan 6th and many more!"

    l) In a Telegram message following the attack, the defendant stated, "That was NOT what I expected to happen today. All from us showing up and starting some chants and getting the normies all

---

[2] Just as Enrique Tarrio's communication that any members of the Proud Boys Club attending the demonstrations on January 6, 2021, were not to wear their Proud Boys' "colors" is also the termination of and withdrawal from any prior conspiracy, instructing that anyone going to the District of Columbia on January 5-6, 2021, events were to go as individuals in their individual capacity, not as Proud Boys.  Therefore, no one can be found liable on the sole grounds of merely being a member of the Proud Boys without more.

        riled up."

    m) The defendant celebrated the attack in a public social media post: "THIS is what patriotism looks like. Today was indeed a historical day for sure. I will never forget this for as long as I live, keep the fight up America! When government fears its people, you have freedom, when people fear government, you have tyranny."

Counsel understands that this is a photograph with a caption or message attached which shows the size of the peaceful crowd. "THIS" refers to the turnout of the peaceful demonstrators – not to any attacks on the Capitol or Capitol police or damage to any building. And:

    n) The following day, he continued to express pride in what he and others had achieved while referencing unspecified plans for the future: "I find this hard to believe now. I'm proud as fuck what we accomplished yesterday, but we need to start planning and we are starting planning, for a Biden presidency."

The last sentence shows that Rehl believed and accepted that Joe Biden had been certified as the next President. Therefore it is exculpatory of Rehl's *mens rea*.

## IV. CONCLUSION

Note that it is possible that the full conversation, within reason, surrounding the quotes that the Government relies upon may have existed in more than one document, but the Government probably has them compiled together.

Most importantly, Rehl by counsel seeks an official order, declaration and record that the documents produced are in fact the origins of the quotes used in the First Superseding Indictment and in the Government's Motion at ECF Dkt. #37.

The Defendant cannot prepare for trial without being able to authoritatively demonstrate that *this* document is the source for *that* quote relied upon by the Government.

The Government should be ordered to formally and officially provide each document linked to each of the identified quotes being used to prosecute Zachary Rehl.

9

Dated:  October 10, 2021           RESPECTFULLY SUBMITTED,
                                   ZACHARY REHL, by counsel

                                   Jonathon Alden Moseley, Esq.
                                   DCDC Bar No. VA005
                                   Virginia State Bar No. 41058
                                   5765-F Burke Centre Parkway, PMB #337
                                   Burke, Virginia 22015
                                   Telephone:  (703) 656-1230
                                   Contact@JonMoseley.com
                                   Moseley391@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s), and also mailed a copy to the following by first class U.S. mail, postage prepaid, one single copy to the prosecution for distribution internally to all counsel involved for the proseuction.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA

555 Fourth Street NW, Room 4112  
Washington, DC 20530  
(202) 252-6986  
james.nelson@usdoj.gov

_/s/ Jonathon Moseley_  
Jonathon Moseley, Esq.