UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-175-3 (TJK) |
| | : | |
| ZACHARY REHL | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S CONSOLIDATED OPPOSITION TO DEFENDANT REHL'S MOTIONS FOR A BILL OF PARTICULARS, FOR A SUBPOENA, AND TO COMPEL**

The United States respectfully submits this consolidated opposition to recent motions filed by defendant Zachary Rehl. Specifically, this filing responds to Rehl's motion for a bill of particulars (ECF 184), motion for issuance of a subpoena to U.S. Capitol Police (ECF 185, 186), and motion to compel discovery (ECF 204).

### I. Superseding Indictment and Background

On March 10, 2021, a grand jury in the District of Columbia returned a six-count superseding indictment charging defendant Rehl and three others, Ethan Nordean, Joseph Biggs, and Charles Donohoe (collectively, "the defendants"), in connection with the January 6 attack on the U.S. Capitol. Each defendant is charged with conspiracy, in violation of 18 U.S.C. § 371, obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c), 2; obstruction of law enforcement during a civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3), 2; destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2; and unlawful entry and disorderly conduct, in violation of 18 U.S.C. § 1752(a)(1) and (a)(2). *See* ECF 26.

Rehl was arrested in the Eastern District of Pennsylvania on March 17, 2021, pursuant to a warrant issued in connection with the indictment. Rehl retained an attorney, Mr. Shaka Johnson, who

represented him in this case until September 9, 2021, at which time a new attorney, Mr. Jonathon Moseley, replaced Mr. Johnson as counsel. *See* Minute Order Sept. 9, 2021 (noting that Mr. Johnson and Mr. Moseley both confirmed to Magistrate Judge Faruqui that Rehl "wanted to terminate Mr. Johnson's representation and instead retain Mr. Moseley").

During the pendency of this case, the government has produced a substantial amount of discovery materials to Rehl's counsel—first to Mr. Johnson and more recently to Mr. Moseley. *See* ECF 119, 120, 168, 180 (government filings regarding discovery). Based on communications with Mr. Moseley, the government understands that he has received discovery materials from Rehl's prior counsel and is reviewing those materials. The government has offered to re-produce discovery materials to Mr. Moseley, and the government has re-produced certain materials in response to his requests. Since Mr. Moseley's appearance, the government has also made additional discovery productions on a rolling basis and will continue to do so.

*Defendant Rehl's Discovery Requests and Motions*

The government has received several communications from Mr. Moseley regarding the case, including requests for discovery. Those relevant to the pending motions are described below, as are the pending motions.

On September 14, 2021, the government received a request from counsel for a record of a message purportedly posted by Rehl on Parler, a social media platform, at some point in December 2020. The government responded to counsel the same day indicating that the government would review the letter and respond. On September 16, 2021, the government responded to counsel's request, re-producing the Parler files from Rehl's account that were obtained through a search warrant. Those records, originally produced in discovery on April 27, 2021, included messages and postings from Rehl's account before, during, and after December of 2020. As the government indicated to counsel,

however, the content of the purported message described in the recent request was unclear and therefore difficult to identify, assuming it existed and was contained in the Parler production.

On September 14, 2021, the government also received a request from counsel for documentation of permits issued by the U.S. Capitol Police related to January 6, 2021. The government responded to counsel the same day indicating that the government would review the letter and respond. The government subsequently requested from U.S. Capitol Police records responsive to counsel's request, and, on October 4, 2021, the government produced responsive records provided to the government by U.S. Capitol Police. In the interim, however, on September 26, 2021, counsel filed a motion for a subpoena to U.S. Capitol Police for the requested records. *See* ECF 185, 186. Then, on September 28, 2021, counsel filed a supplement to the motion, suggesting the motion might be moot (because counsel had obtained records from another source) and asking the Court to delay consideration of the motion. ECF 188. Counsel has since confirmed that, with respect to the request for permit documents, the motion is now moot.

On September 23, 2021, the government received a 10-page letter from counsel requesting a bill of particulars. In counsel's cover email and letter, counsel indicated that counsel did not expect the government to provide responsive information quickly, but counsel did request that the government advise within one day whether the government would be willing to respond. On the following day, September 24, 2021, the government responded by email, stating:

> Thank you for your letter, which we will review. As an initial response, the government would direct your attention to the briefing, argument, and ruling on defendant Nordean's motion to compel and for a bill of particulars (ECF 88, 93, 99, 138, 156), as it appears many of the issues raised in your letter were addressed during the litigation of that motion. Should you wish to narrow your requests after reviewing that material (assuming you have not already reviewed it), please let us know. We would be happy to discuss any remaining requests. Should you wish to file a motion with the Court in the meantime, we will of course respond.

3

One day later, on September 25, 2021, counsel filed the pending motion for a bill of particulars. ECF 184.

On October 10, 2021, counsel filed a motion to compel, seeking evidence of statements made by Rehl and others that appear in the indictment and an earlier government filing regarding Rehl's detention. ECF 204.

## II.     Relevant Legal Principles

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires that, upon the defendant's request, the government must disclose documents, among other things, that are "within the government's possession, custody, or control" and that are "material to preparing the defense." Rule 16(a)(1)(E); *see United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006). Apart from Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny require the disclosure of evidence "favorable to an accused" that is "material" to a defense or punishment. *Id.* at 87. And the government has "an affirmative duty to disclose exculpatory evidence to the defense, even if no request has been made by the accused." *United States v. Borda*, 848 F.3d 1044, 1066 (D.C. Cir. 2017). Furthermore, Local Rule 5.1 requires the government's "good-faith efforts" to disclose *Brady* information "as soon as reasonably possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case."

Under Federal Rule of Criminal Procedure 7(f), the Court "may direct the government to file a bill of particulars." The purpose of a bill of particulars, however, is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. 1987). If an indictment "is

sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

### III. Rehl's Motion for a Bill of Particulars Should be Denied as Meritless.

Rehl's motion for a bill of particulars (ECF 184) lacks merit and should be denied. As an initial matter, to the extent the defendant's filing seeks to challenge the indictment or the sufficiency of the evidence to support conviction, those challenges are properly brought in a pre-trial motion to dismiss under Fed. R. Crim. P. 12 or a motion during or after trial. Such motions are not yet before the Court. Accordingly, the government's opposition to the instant motion is intended simply to rebut defendant's claims for relief and should not be read as limiting the scope

of the indictment or the evidence that may be relevant at trial. In addition, Rehl's filing contains various claims and rhetorical questions regarding the Proud Boys and the events of January 6, 2021, that appear entirely untethered from the relief sought in the motion. The government declines to respond to those claims and questions—not because it concedes the points raised by Rehl, but instead because the government does not believe a response is required.

As the government has previously argued (*see* ECF 93, Gov. Opp. to Def. Nordean's Mot. For a Bill of Particulars), and as this Court agreed (ECF 138, Order denying Nordean's motion), the indictment in this case sets forth the charges against the defendants in detail, identifying the conspirators' manner and means, asserting dozens of specific overt acts, and otherwise providing a clear and concise statement of the offenses charged. In addition, the government has provided defendant Rehl (and his co-defendants) with extensive discovery, consistent with its obligations, and continues to do so.[1] For these reasons, no bill of particulars is required. *See United States v. Butler*, 822 F.2d at 1193 (If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required."); *Lorenzana-Cordon*, 130 F. Supp. 3d at 179 (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

---

[1] Among other items produced to defendant Rehl in discovery are: records from the FBI's investigative files regarding Rehl, his co-defendants, and other subjects; the full extracted contents of Rehl's phone, which was seized at the time of his arrest; the full return of data from Rehl's Parler account, obtained through a search warrant; tens of thousands of pages of relevant Telegram messages; and dozens of hours of video footage, including U.S. Capitol surveillance video and video of Rehl's conduct on January 6, 2021. The government's production of additional discovery is ongoing, as is the government's broader efforts to provide discovery to all Capitol Riots defendants.

Rehl's filing is, in essence, an argument that Rehl is not guilty of the charges against him, but it does not provide any basis for relief in the form of a bill of particulars—or, as noted below, in response to a motion to compel. Rehl has not identified any specific information or materials that the government has refused to provide or has not already made available to him—either through the allegations in the indictment, discovery materials, or the extensive briefing and arguments to date in this case. And the primary legal authority cited by Rehl—a recent decision by Judge Mehta granting in part a defendant's motion for a bill of particulars—provides no support for his motion. In that case, with respect to a charge of assaulting an officer, Judge Mehta ordered the government to identify the name of the officer victim or victims allegedly assaulted by a defendant, where the indictment was not clear as to which officer or officers—among several referenced in the indictment—the defendant was alleged to have assaulted. There is simply no analogous circumstance in this case.

Citing to Judge Mehta's decision, however, Rehl appears to assert that the indictment is deficient because it fails to identify individuals whom Rehl is alleged to have aided and abetted and with whom Rehl is alleged to have conspired. The indictment identifies the conspirators charged in this case—Nordean, Biggs, Rehl, and Donohoe. ECF 26 at 3. In addition, the government has disclosed the identity of the individual referenced in the indictment as UCC-1, and the government has made clear that Dominic Pezzola, who is charged in a separate case, is a co-conspirator whose conduct—in particular, his destruction of property on January 6—is attributable to members of the conspiracy, including Rehl. *See* ECF 138 at 6-8. The extensive discovery materials provided in this case—which counsel for Rehl concedes he is continuing to review—are replete with evidence of Rehl's movements and communications before, on, and after

7

January 6, as well as video and other identifications of individuals whom the charged conspirators led on that day. As to each of the charged offenses, the indictment—especially when considered in conjunction with the discovery and other information provided by the government—far exceeds Rule 7's requirement of a "plain, concise, and definite written statement of the essential facts constituting the offense[s] charged."

As this Court recognized in denying defendant Nordean's motion for a bill of particulars, a defendant

> has no right to receive information that is "evidentiary in nature" and reveals how the Government will prove its case, rather than clarifies the charges. *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 77 (D.D.C. 2019); *see also United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 174 (D.D.C. 2015) ("A bill of particulars properly includes clarification of the indictment, not the government's proof of its case."); *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) ("[A] bill of particulars is not a discovery device or a tool for allowing the defense to preview the government's theories or the government's evidence.").

ECF 138 at 7. Indeed, in this case, the government has in fact provided, and continues to provide, ample evidence indicating how it will prove its case. Rehl's claims that such evidence (to the extent it has been reviewed) is insufficient to establish Rehl's guilt would be properly raised at trial, but they do not warrant any relief at this stage.

### IV.     Rehl's Motion for a Subpoena Should be Denied as Moot.

Even assuming Rehl's motion for a subpoena to the U.S. Capitol Police (ECF 185, 186) regarding January 6, 2021, had merit, that motion is moot in light of the government's production of records in response to Rehl's discovery request. Rehl appears to have conceded that fact, and the motion should therefore be denied.

8

**V.      Rehl's Motion to Compel Should Be Denied as Meritless.**

In his motion to compel (ECF 204), Rehl suggests (at 6) that the government is withholding a message posted by Rehl on Parler on an unspecified date that explained "why [Rehl] believed there should be a protest in Washington, D.C. on January 6, 2021, and why [he] was going to Washington, D.C." The government is not in possession of any Parler message or post by Rehl that it has not provided in discovery. As noted above, the government obtained files from Rehl's Parler account pursuant to a search warrant, and those files have been produced in their entirety to Rehl's counsel—first on April 27, 2021, and again on September 16, 2021.

In Rehl's letter requesting the purported message, Rehl indicated that the message was posted in December of 2020.. The files produced by Parler and provided to Rehl in discovery contain messages and posts before, during, and after December of 2020. This fact appears to contradict Rehl's claim (at 6) that the government's production contains "an index of items from Parler whose start date . . . begins to late, and therefore excludes Rehl's explanation." In any event, if the government were in possession of the purported record that Rehl seeks, it would produce it. Because that is not the case, there is no basis for an order to compel production.

Rehl's motion proceeds to identify paragraphs in the indictment and a detention filing (ECF 37) for which Rehl demands evidentiary support. The government did not receive a discovery request for the information sought in Rehl's motion. Had the government received such a request, it would have responded in due course. In any event, there is nothing that Rehl seeks through his motion to compel that the government has refused to produce. And, indeed, the information sought by Rehl has been provided in discovery. Thus, Rehl's motion to compel is entirely without merit and should be denied.

The government does not concede that it bears the burden of further assisting counsel in his review of materials already produced. In an effort to assist counsel's review of the discovery, however, and to resolve the motion before the Court, the government directs counsel's attention to the information below, which tracks the paragraphs in the indictment and filing cited by Rehl (as listed by letter in Rehl's motion and proposed order) and indicates at least one location where counsel can find relevant discovery.

| Allegation as Listed in Motion | Location of Evidentiary Support in Discovery (Unless otherwise noted, Serials are from Rehl's FBI File, 176-PH-3400577) |
|---|---|
| (a) | Serial 21 (1A) (pages 3-5, 53, 66) |
| (b) | Serial 21 (1A) (page 88) |
| (c) | Serial 21 (1A) (pages 28-29) |
| (d) | Serial 17 (page 1) |
| (e) | Serial 17 (page 1) |
| (f) | Serial 40 (1A) (page 1) |
| (g) | Case File 266O-SE-3380382 (Nordean), Serial 24 (page 23) |
| (h) | Serial 21 (1A) (page 42) |
| (i) | Serial 21 (1A) (page 51) |
| (j) | Serial 21 (1A) (page 53) |
| (k) | Parler Return |
| (l) | Serial 21 (1A) (page 78) |
| (m) | Parler Return |
| (n) | Serial 21 (1A) (page 88) (same as item (b) above) |

The government trusts this response more than satisfies Rehl's demands for information regarding Rehl's statements and moots his motion to compel. Accordingly, the motion should be denied.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

*/s/ Luke M. Jones*
LUKE M. JONES, VA Bar No. 75053
JASON B.A. MCCULLOUGH, DC Bar No. 998006
U.S. Attorney's Office for the District of Columbia
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7066