**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>               Complainant,<br><br>   v.<br><br>ZACHARY REHL<br><br><br>*(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)*<br><br>               Accused | Criminal Case No.<br><br>1:21-cr-00175-TJK-3 |

## <u>NOTICE BY ACCUSED ZACHARY REHL REGARDING ACCESS TO COURT HEARINGS FROM PHILADELPHIA DETENTION CENTER</u>

Comes now the Accused ZACHARY REHL, by counsel, and provides the following information and NOTICE and request for administrative / housekeeping assistance from the Court.

Katrina Harris, Courtroom Deputy to the Honorable Timothy J. Kelly, U.S. District Court for the District of Columbia notified the parties that – from a communication from the Philadelphia Detention Center where Zachary Rehl is in pre-trial detention – that the PDC could not accommodate Zachary Rehl's remote participation in the hearing scheduled for October 26, 2021, at 11:00 AM.

Ms. Harris after receiving response from the parties, rescheduled the 11:00 AM hearing to 10:00 AM on October 26, 2021. Rehl, by counsel, accepts and can work with this schedule.

However, after the last time this was a difficulty, counsel for Rehl investigated this problem and discussed it with Zachary Rehl.

The Philadelphia Detention Center appears to be applying an arbitrary and capricious

concept that it can only schedule a maximum of a 1 hour slot for an inmate's remote access to hearings.  Counsel believes their approach to be sincere, but misguided in applying generalized limitations to court hearings.

Counsel in visiting Zachary Rehl in person at least 6 times in the PDC has observed that the PDC does not seem to differentiate between family visits, attorney visits, or court hearings, except that the detention center staff have been pleasant and has allowed counsel to meet with Zachary Rehl in semi-private attorney consultation rooms.

However, the PDC does not seem to treat court hearings differently from family visits.

Zachary Rehl, as filtered through counsel under the attorney-client privilege, asserts and complains that the PDC is able to accommodate remote access to court hearings, but is somehow under the misunderstanding that it should apply an arbitrary 1 hour limit on remote access to court proceedings, without distinguishing the needs for the court from routine, regular access.

Rehl is a witness to the fact that ahead of court hearings he has participated in, the remote access technology facilities were always _not in use_ by anyone else and that after his access was terminated, and he was waiting for transport back to his cell, no one was using or preparing to use the remote-access technology after him

That is, complaints that the PDC cannot accommodate the Court's schedule are not accurate or are true only in the sense that PDC staff believes it should apply an arbitrary 1 hour limit on the use of its technological facilities without regard to the needs of this or other Courts.

For example, during this Court's last status hearing, the Court directed for completeness of consideration that Rehl's counsel and Rehl discuss matters (I believe the speedy trial exclusion request) privately over the link.  When PDC staff noticed that Rehl's counsel and Rehl were talking privately without the trial judge, the Honorable Timothy Kelly, the PDC staff

interpreted that conversation as being outside of the scope of the allowed link access, and terminated the link.  (Fortunately, by accident, Rehl and counsel were just finishing that conversation and it did not affect the Court's proceedings. But it did reveal the PDC categorizing the use of its remote access link under a narrow administrative interpretation.)

Rehl reports through counsel that there are also telephone booths that could be used for Rehl to listen in to court hearings where he is represented by counsel.

Next week, PDC staff has been very helpful in offering to allow Rehl to participate through the use of a CO office.  However, they are not sure if the Court needs to issue them a separate log in link to allow Rehl to participate.

Counsel is especially concerned about this.

As of June, reports in the news from government sources revealed that around $1 trillion of COVID-related funds had not yet been spent (which counsel interprets as not being allocated to a purpose, even if appropriated, counsel having once worked in the Executive Office of a domestic federal agency office allocating and committing appropriated funds at the direction of the Executive Officer).

While counsel does not know if any the $1 trillion in unspent COVID-related funds has been appropriated to the Bureau of Prisons, the re-programming of appropriated funds as needed to similar purposes is legally permissible.

The use of remote access video links for court hearings is a relatively novel development over the last few years, but has been explicitly expanded to limit the spread of COVID-19, especially where jails and courthouses are high-traffic areas heavily traveled by large numbers of people.  Therefore, allowing the use of remote-access participation for court hearings, especially when supervised by official personnel, is a direct benefit for avoiding the spread of COVID-19.

Therefore, counsel is particularly baffled and concerned that a relatively small amount of COVID-19 relief funds from the 2020 budget and now planned for the 2021 fiscal year and supplemental funding cannot be made available to repair the remote access facilities that was reported in another federal district during the last hearing and to make the remote access facilities work to full capacity in Philadelphia.

It would be good if the administrative staff and/or chief judge could make request that adequate funding be provided to ensure remote access to hearings while protecting against the spread of COVID-19, in keeping with the Order of the Chief Judge of this Court

The August 25, 2021, Order of this Court (the District as a whole by the Chief Judge) emphasizes that the use of video conferencing is ordered to be expanded during the threat of viral pandemic.  In the paragraph **"Extension of Videoconferencing Authorization for Certain Criminal Proceedings,"** too lengthy to quote in excerpt, the Chief Judge of this District authorized videoconferencing for another 90 days while giving considerable detail and identifying exceptions that may require in-person hearings. *Id.*

Dated:  October 21, 2021                    RESPECTFULLY SUBMITTED,
                                                            ZACHARY REHL, by counsel


Jonathon Alden Moseley, Esq.
DCDC Bar No. VA005
Virginia State Bar No. 41058
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 21, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s), and also mailed a copy to the following by first class U.S. mail, postage prepaid, one single copy to the prosecution for distribution internally to all counsel involved for the prosecution.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

Jonathon Moseley, Esq.