### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　　　Complainant,<br>　v.<br>ZACHARY REHL<br><br>*(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)*<br><br>　　　　　　　　　Accused | Criminal Case No.<br><br>1:21-cr-00175-TJK-3 |

### **ACCUSED ZACHARY REHL'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY**

Comes now the Accused ZACHARY REHL, by counsel, and provides notice of filing supplemental authority in aid of oral argument of Rehl's renewed motion for pre-trial release on bail.

If the parties were holding an in-person hearing, Rehl's counsel would hand-up the attached as an exhibit, with relevant sections highlighted in yellow. But the hearing is virtual. Therefore, counsel is filing the attached as an exhibit he would normally hand up in court.

Although also referred to by other Defendants in support of their motions for pre-trial release on bail, it will help in the oral argument and the consideration of the court to have the complete attached Memorandum Opinion of the Honorable Royce Lamberth in the parallel case of *United States of America v. Russell Taylor,* Case No. 1:21-cr-392-RCL-2, filed August 8, 11, 2021, and docketed as ECF Dkt. # 57, submitted before the Court in this case.

Counsel anticipates referring to the principles of law recited therein and it will be easier to have the Memorandum Opinion filed in full in this case.

In particular, the Court may find it useful to specifically refer to Judge Lamberth's recitations of the law that:

> The government's burden to justify pretrial detention by clear and convincing evidence is a heavy one, which the government has not met here.

Page 1

> The D.C. Circuit has also held that, for pretrial detention based on dangerousness, the government must "prove[ ] by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community." *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 751 (1987)); see id. at 1283 ("Therefore, to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community."). This inquiry is "forward-looking." *United States v. Hale-Cusanelli*, 3 F.4th 449, 456 (D.C. Cir. 2021). Notably, "[a] person [may] be deemed a danger to the community sufficient to justify detention even without posing a threat of committing violence in the future." Id

Page 8

> In sum, and in light of the government's inability to identify a future threat by clear and convincing evidence, the Court will deny the government's motion to revoke the magistrate judge's release order.

Page 17

**D. Nature and Seriousness of the Danger Posed By Taylor's Release**

Next the Court considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(4). While the same considerations that inform analysis of the nature and circumstances of the charged offenses are probative of dangerousness, the Court must also find, by clear and convincing evidence, that the defendant "presents an identified and articulable threat to an individual or the community." *Munchel*, 991 F.3d at 1282 (quoting Salerno, 481 U.S. at 751). The government has failed to make the requisite showing here. The government relies in large part on Taylor's conduct on and leading up to January 6, 2021,

Page 14

in support of its dangerousness argument. But the Circuit has indicated that merely identifying the danger that a person posed to others (or even our democratic institutions) on January 6 is not enough to justify pretrial detention. Instead, now that "the specific circumstances of January 6 have passed," id. at 1284, the Court should consider whether the defendant "pose[s] a threat of committing violence in the future," id., and make a "forward-looking determination" in its dangerousness assessment, *Hale-Cusanelli*, 3 F.4th at 456.

Page 10

However, this Court has also recognized that courts in other Circuits have "cautioned that a district court assessing the weight of the evidence must not consider the evidence of defendant's guilt, but rather must consider only the weight of the evidence of the defendant's dangerousness." *United States v. Brown*, No. 1:20-CR-27-4, 2021 WL 1736870, at *8 n.4 (D.D.C. May 3, 2021) (citations omitted).

To the extent that the government relies on *Hale-Cusanelli*, where the Circuit affirmed a Capitol riot defendant's pretrial detention order, such reliance is unavailing. It is true that the defendant there and Taylor here both made statements celebrating their participation in the Capitol riot, see ECF No. 1 at 16; *Hale-Cusanelli*, 3 F.4th at 452, or calling for violent further action, compare, e.g., ECF No. 1 at 16 ("Insurrection."), with *Hale-Cusanelli*, 3 F.4th at 452 ("civil war"). But in *Hale-Cusanelli*, the Circuit affirmed the district's court's detention decision because the district court made a "forward-looking determination about the serious risk of obstruction of justice and threats to witnesses." *Hale-Cusanelli*, 3 F.4th at 456. The district court based its determination on the defendant's knowledge of a confidential source's identity, his statements about "committing violence against those he feels are pitted against him," his "extensive history" of statements condoning violence, and his "willing[ness] to put [violent] thoughts into action in the past." Id. at 454, 457.

None of these circumstances is present here. Unlike *Hale-Cusanelli*, Taylor lacks such an "extensive history" suggesting a willingness to engage in violence. See supra pp. 11–14. Nor does the government point to the existence of a particularized threat like the district court recognized Hale-Cusanelli posed to the confidential source. *Hale-Cusanelli*, 3 F.4th at 453

Page 16-17.

3

>Nor will the Court place significant weight on any purported lack of remorse under the circumstances here. The government suggests that Taylor's lack of remorse increases the likelihood that Taylor will engage in unlawful activity again. But Taylor has had reason to suspect that he was being investigated for his participation in the Capitol riot from as early as January 27, 2021, when the FBI executed a search warrant at his house. See ECF No. 11 at 10. As defense counsel correctly pointed out at the hearing, a statement of remorse could be used against Taylor in his criminal trial as evidence of guilt.

Page 13

Dated: October 31, 2021				RESPECTFULLY SUBMITTED,
						ZACHARY REHL, by counsel

						*[signature]*

						Jonathon Alden Moseley, Esq.
						DCDC Bar No. VA005
						Virginia State Bar No. 41058
						5765-F Burke Centre Parkway, PMB #337
						Burke, Virginia 22015
						Telephone:  (703) 656-1230
						Contact@JonMoseley.com
						Moseley391@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s), and also mailed a copy to the following by first class U.S. mail, postage prepaid, one single copy to the prosecution for distribution internally to all counsel involved for the proseuction.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

> **Mr. Luke Matthew Jones, Esq.**
> U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
> 555 Fourth Street, N.W.
> Washington, DC 20530

(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

/s/ Jonathon Moseley, Esq.