IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Complainant,<br>       v.<br><br>ZACHARY REHL<br><br>                    Accused<br><br><br>*(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)* | Criminal Case No.<br><br>1:21-cr-00175-TJK-3<br><br><br><br>Assigned to the Honorable<br>Timothy J. Kelly |

**ACCUSED ZACHARY REHL'S NOTICE AND MOTION
REGARDING JOINING ETHAN NORDEAN'S MOTION TO DISMISS
FIRST SUPERSEDING INDICTMENT WITH INCLUDED MEMORANDUM OF LAW**

Comes now the Accused ZACHARY REHL, by counsel, and hereby provides notice and moves the Court, as impliedly at least inquired into by Judge Kelly, to join in Defendant Ethan Nordean's motion to dismiss the First Superseding Indictment ("indictment"), and for his grounds states as follows:

Zachary Rehl, by counsel, respectfully requests that he be permitted to adopt, join, support, and have the benefit of the previously-filed **DEFENDANT NORDEAN'S MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT** ECF Dkt. # 94 ("Nordean MTD"), and the associated briefs filed in support thereof.

However, Zachary Rehl strongly wants to avoid any reason for delay in the Court's consideration of and decision of said Nordean MTD.

Because the Nordean MTD is of course arguments of law and precedents, whether Rehl

joins or not is probably not necessary to the Court's decision whether or not to grant the Nordean MTD in whole or in part.  The Court will decide on the law and precedents.

But it does seem desirable if only to make the record clear that there is no disagreement on the requests and arguments in the Nordean MTD among the co-Defendants.  The Nordean MTD is well advanced in the Court's consideration.  The other Defendants have already had oral argument before the Honorable Timothy J. Kelly. The Nordean MTD is almost mature and ripe for decision by this Court.  The Court has ordered supplemental briefing on two issues of statutory construction and alleged unconstitutional vagueness.  After the filing of supplemental briefing by the Government and then a response by the Defendants and a Reply by the Government previously ordered and scheduled, the Nordean MTD will be ripe for decision by this Court in early December.

Therefore, Zachary Rehl would like to join in the Nordean MTD in all respects and fully support and endorse and adopt the arguments and positions of the Nordean MTD.

As a result, Zachary Rehl wishes file a brief supplemental brief as the Court invited other Defendants to do, if the Court would allow it.

However, Rehl does not intend to raise any new issue that would require a response from the Government or additional procedural steps, though the Government is scheduled to file a Reply as it wishes.  Rehl expects that that Government can file a Reply individually to the Defendants or in a consolidated fashion to allow the Government to fully respond.

Rehl waives oral argument and relies upon the oral argument already presented by counsel for Ethan Nordean and Joseph Biggs.

It may be helpful to remember that

(1) The Court ordered supplemental briefing on the element of the crime that an accused

acts "corruptly in the charge under 18 U.S.C. 1512(c)(2). This is alleged straight up in Count II.

(2) But it should not be neglected that 18 U.S.C. 1512(c)(2) is also one of two (2) bases for the conspiracy charge of 18 U.S.C. 371 under Count I, not merely in Count II. It is likely that the Court would also find that at least one of the bases of the alleged conspiracy under Count I would be affected if the Court were to dismiss Count II or perhaps phrased differently construe 18 U.S.C. 1512(c)(2) as not applying to the facts alleged or not being properly construed as necessary to apply it to the facts alleged.

(3) Therefore, both Count I and Count II are potentially at issue with regard to 18 U.S.C. 1512(c)(2) under the Nordean MTD.

(4) Zachary Rehl is charged with aiding and abetting a violation of 18 U.S.C. 1512(c)(2) but presumably if 18 U.S.C. 1512(c)(2) were found not to apply or being stretched beyond its proper interpretation and application, that the charge against Zachary Rehl in Count II of aiding and abetting of 18 U.S.C. 1512(c)(2) would similarly be dismissed.

(5) However, the Nordean MTD also challenges other aspects of the indictment as well:

(6) Application of the Rule of Lenity because the use of 18 U.S.C 1512(c)(2), 18 U.S.C. § 1752(a)(2), and 18 U.S.C. 231 are novel and would not fairly apprise persons that they might be violating the law under its new interpretation.

(7) Application of the Novel Construction Principle because the use of 18 U.S.C 1512(c)(2), 18 U.S.C. § 1752(a)(2), and 18 U.S.C. 231 are novel and would not fairly apprise persons that they might be violating the law under its new interpretation.

(8) Counts V and VI under 18 U.S.C. 1752(a)(2) and 18 U.S.C. 1752(c) are challenged

(9) Count III under 18 U.S.C. 231 is challenged.

(10) The Counts supported by allegations of civil disorder are challenged as inadequately pled.

(11) Count IV under 18 U.S.C. 1361 is challenged as inadequately pled.

WHEREFORE, ZACHARY REHL, BY COUNSEL, MOVES THIS HONORABLE COURT TO:

(1) Allow Zachary Rehl to join in the motion to dismiss filed by Ethan Nordean, supporting, adopting, and agreeing with Motion to Dismiss, including considering each of its points together or individually against the First Superseding Indictment.

(2) To dismiss the First Superseding Indictment as against him as well as the other Defendants in whole or in part, ruling Count by Count, hopefully in all respects but to the maximum extent that the Court may agree,

(3) Where the Nordean MTD is drafted as specifically referring to Ethan Nordean, Rehl asks the Court to consider the same arguments, application, and facts to be considered as applying to Rehl instead (or also), as if he Motion to Dismiss mentioned Rehl in addition to Nordean.

(4) Decide the Nordean MTD expeditiously and not construe or treat any action or position of Zachary Rehl as causing any delay in evaluating and deciding the Nordean MTD,

(5) Consider the oral argument already provided by counsel for Ethan Nordean and Joseph Biggs as fully satisfying Rehl's involvement in the Nordean MTD, and accept Rehl's waiver of oral argument or any other procedural steps that

might delay the proceedings.

(6) Allow Rehl to participate in the supplemental briefing ordered by the Court, counsel believing that the Government would be allowed to file a Reply either specific to each Defendant or in a consolidated matter, as it wishes, so that there should be no prejudice or delay and the Government will have the full opportunity to Reply.

Dated:  November 18, 2021            RESPECTFULLY SUBMITTED,
                                     ZACHARY REHL, by counsel

*/s/ Jonathon Moseley*

Jonathon Alden Moseley, Esq.
DCDC Bar No. VA005
Virginia State Bar No. 41058
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com

## CERTIFICATE OF CONSULTATION

I hereby certify that around 11:50 AM on November 18, 2021, I inquired of both of the primary prosecutors assigned specifically to this case if the Government had a position on this motion – which should include in counsel's understanding the possibility of negotiating wording and approach that might satisfy both sides by modification.

Assistant U.S. Attorney Luke Jones replied that:

> The government does not oppose your motion to join defendant Nordean's motion to dismiss, on the condition that all government filings related to the motion are also deemed as applying to defendant Rehl.  Likewise, the government does not oppose your request for leave to file a response to the government's supplemental filing today (Nov. 17, 2021), consistent with the terms of the Court's Minute Order of Nov. 3, 2021.  The government will address any additional

arguments raised in connection with the motion at the appropriate time.

Zachary Rehl, by counsel, agrees with this clarification and intends that his motion be understood as requesting and stating what AUSA Luke Jones identified immediately above.

*[signature]*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s). From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

_____
Jonathon Moseley, Esq.