## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                         Complainant,

     v.

ZACHARY REHL

                  Accused

*(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)*

Criminal Case No.

1:21-cr-00175-TJK-3

Assigned to the Honorable
Timothy J. Kelly

## <u>ACCUSED ZACHARY REHL'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO COMPEL PRODUCTION OF *BRADY V. MARYLAND* DISCLOSURES</u>

Comes now the Accused ZACHARY REHL, by counsel, and hereby moves the Court to order the Government to provide and produce disclosures under *Brady v. Maryland* and for his grounds states as follows:

### I.     PROCEDURAL POSTURE AND CONTEXT

As the Court may recall, the Court by the Honorable Timothy J. Kelly asked to be kept informed (if necessary) of any continuing problems with Zachary Rehl, through his counsel, receiving the *Brady v. Maryland* disclosure / discovery material identified to be produced to him.

Zachary Rehl, by counsel, is still waiting for the *Brady* disclosures and discovery from the time before prior counsel withdrew.

The Court specifically noted that it is primarily the prior attorney's responsibility to pass along the case file, client file, and previously produced discovery material from the prosecution.

As the Court may recall, Zachary Rehl originally hired for his legal defense a local

Philadelphia attorney.  He was arrested in the Eastern District of Virginia and represented in bail proceedings in Philadelphia.  In current counsel's observation, the prior attorney has a successful legal practice handling routine criminal charges for clients addressing frequently-charged crimes, but within his routine.

However, these cases arising from demonstrations and other events on January 6, 2021, in Washington, D.C. have turned out to be nothing like the normal criminal defense practice and have been described by most defense attorneys as all-consuming projects, often a full-time job to the exclusion of all other clients, and nothing like what they expected.

Zachary Rehl sent a letter to the presiding judge, the Honorable Timothy J. Kelly, complaining of the lack of communication with his prior attorney who did not meet with him, consult with him, etc.  This resulted in a search by his family for an alternative attorney and a motion by the prior attorney to withdraw as counsel.

When current counsel Jonathon Moseley asked for the case file and client file, including the prior *Brady* disclosures (discovery) that the Government had been providing to Zachary Rehl's legal defense attorney, current counsel Jonathon Moseley had to arrange a visit to the prior attorney's offices to get the attention to ask for and receive materials.

Upon visiting the office in Philadelphia, in early September, counsel Jonathon Moseley received a couple of file folders consisting of the transmittal leaders for discovery from the prosecution, and some digital "media" (computer disks, and external hard drives).  Current counsel did not receive a copy of Zachary Rehl's client file / case file.  In fact, Moseley also received some other documents that were not intended.

Moseley found at least one transmittal letter from the Government that did not correspond to any of the digital media that the prior attorney handed over to Moseley

Unfortunately, the copies of digital media from the Government passed along to current counsel, Moseley, were unusable for the reasons explained below.

Furthermore, Moseley had doubts about whether obtaining copies from prior counsel would be effective.  For reasons unstated and stated below, including in Zachary Rehl's own letter to the Judge, Moseley suspected that it would take more time and work to try to reconstruct the past production than to just start over.

In hindsight, we might have made more progress doing it the "hard" way.

Counsel agrees with the Court's comments that as a practical matter prior counsel shares responsibility for forwarding the previous version of discovery supplied by the Government.

Nevertheless, current counsel does not have any of this information now with which to prepare Zachary Rehl's case for trial.  And counsel is doubtful that working with prior counsel will produce the information because it was already not produced by prior counsel, current counsel is not confident that it is stored all in one place, and current counsel believes that there would be considerable work involved between the prosecution and current counsel Moseley to cross-check whether all of the information was accounted for.


II.     **CURRENT STATUS OF DISCOVERY / DISCLOSURE**

Fearing at the time (maybe not the best course of action in hindsight) that it would be more work for everyone to try to reconstruct what was sent to the prior attorney in Philadelphia, and have to cross-check whether everything was in fact received that should have been received, Moseley suggested that perhaps it would be easier and more straightforward for the Government to re-produce all of the discovery onto external hard drives.

Therefore, Moseley purchased at Zachary Rehl's (ultimate) expense three external hard

drives, notifying the prosecution that these would be brand-new and identifying the type of hard drives and where they were purchased so that the U.S. Attorney's Office could address their cyber security concerns and procedures.

Moseley has worked in a federal department (one of the so-called "domestic" program departments), including as an assistant to the Executive Officer of one organizational unit, with some responsibility and involvement in arranging from experts computer equipment and systems.

Moseley realizes that we don't know how data is stored for this case, in what format, in what structure, and that it is highly likely that data is coming from different organizational units within the U.S. Capitol Police, the Federal Bureau of Investigation, etc.  So Moseley can only guess the easiest way for the previously-produced discovery to be copied again on to digital media with the least amount of work, trouble, and delay.

Accordingly, on November 4, 2021, Moseley purchased and delivered to care of Luke Jones at the mail room of the U.S. Attorney's Office for the District of Columbia three (3) external hard drives each having the capacity of 2 terabytes.

Moseley thought that these three large-capacity hard drives might make it easier to distribute one each to different organizational units.  Each hard drive was labelled with Moseley's contact information, an explanation of what the hard drive was for, the case style and number, and a request that Moseley be contacted to physically pick up the external hard drives when ready for both certainty of delivery and security of transportation.

Moseley, as counsel for Zachary Rehl, is still waiting for this old, prior data to be disclosed since November 4, 2021.

The prosecution indicated that they would be working on it and would provide the

material.  The prosecution has never said no, but Moseley still does not have the information.

Yesterday, to be sure, Moseley checked his mail and mailing address but has not seen any evidence that any information has been sent by mail or courier or delivery service (even though Moseley recommended picking up the hard drives in person to maintain security and certainty).

## III.   DISCOVERY INFORMATION SENT AFTER MOSELEY BECAME ATTORNEY OF RECORD

After becoming counsel of record, Moseley received an unusual external hard drive with a key pad on the front requiring the entry of a code to unlock it.  After some exchanges with the technical staff, Moseley was able to open this external hard drive, and retrieve some data.

Most of it was inapplicable to Zachary Rehl's case, but a few videos taken on an IPhone by an unknown person "Nick" were readable, and actually quite important.

Though still designated sensitive, although not from any security camera system, Moseley as counsel for Rehl delivered these and other videos to Chambers of Judge Kelly and to the Clerk and to Luke Jones (to each) on a (separate) thumb drive for use in support of Zachary Rehl's motion for release from detention on bail.

These few brief videos show (a) that unlike a photograph zooming in to make it appear that Zachary Rehl was leading a group of people from the Washington Monument to the U.S. Capitol, Rehl was actually just in the middle of a long line of people side to side, and he was not leading the group, (b) that contrary to the dramatic writing that Rehl and others "stormed" the Capitol (armed only by goggles and a radio in Rehl's case) and had a preconceived plan to "attack" the Capitol, in fact the group was slowly and calmly walking along the Washington Mall, they stopped to take photographs of the Washington Memorial over their shoulders, and did a lot of standing around with their backpacks on the grass drinking from water bottles,

5

talking to each other and just apparently wondering what to do.

Moseley has requested over a month ago that the Government agree to remove the sensitive designation of these short videos recorded on an individual's iPhone.

As always, Luke Jones and Jason McCullough politely acknowledge receipt of Moseley's letters or emails and promise to reply. But they don't. The Government has not responded (other than an acknowledgement of the inquiry) to Moseley's request by email for the video designation to be relaxed.

Naturally, these videos being clearly – not just potentially – exculpatory, Zachary Rehl will need to know "Nick's" identity to be able to call as a witness. Therefore, what Zachary Rehl does not have is the identity of the person who recorded the video sufficient to subpoena him for trial. While identification may be a primary concern of confidentiality (the person is not seen in the videos), the need to subpoena a witness is going to have to take precedence.

However, there were three other folders on the locked external hard drive which actually contained data, but the files are in an unknown file format (and counsel Moseley is familiar with most standard data formats). It is possible that the large files are recorded by SONY's proprietary software from a SONY video camera 6500 and can only be viewed with the SONY software. Counsel has spent time searching for how to download such software from SONY but has not yet been successful. It is also possible that the files are in a format readable by software used by the Government.

But in any event, counsel cannot view these files (believing them to be video recordings). Counsel is not suggesting that the Government must obtain for counsel the software, but identifying the software used by the Government to view the folders and where it can be obtained would be necessary for counsel to go find it. Counsel assumes that the folders would

not have been selected and loaded upon the disk if the Government had not already viewed the videos.

## IV.     DATA TRANSFERRED BY USAfx

Although it took a couple of weeks from when Moseley noted his appearance replacing prior counsel, the technical staff from the U.S. Attorney's Office for the District of Columbia finally got the Government's large file transfer system, USAfx, working for current counsel Moseley. [1]

Unfortunately, however, prior to the prior attorney withdrawing from the case, there is no data available through USAfx.  The system contains folders with names that are clearly important and relevant.  But the folders are empty.

New information supplied by the Government is accessible, although mostly not relevant.

The prosecution has confirmed that USAfx is meant to be a data _transfer_ system in which files or folders too large to be sent by email and can be _transferred_.

That is, USAfx is not supposed to be used to _store_ data according to the prosecution, certainly not long-term.

Therefore,

(1) Defense counsel were urged to immediately transfer data off of USAfx onto local computers

(2) If used as instructed, the USAfx system would become _empty_ folder by folder as counsel would (should) copy files off to their law office computers.

---

[1]     Whether the instructions could be improved or Moseley misunderstood them, Moseley created a new account on the underlying platform www.Box.com and apparently attempts to access the Government's USAfx transfers got misdirected to this new (empty) account instead of to the correct prosecution account used by the prosecution to transfer large volumes of data.

(3) Folders on USAfx expire after a period of time, I believe 60 days.

(4) Therefore, USAfx under the account for Moseley shows folder names that are highly

relevant, but those folders are empty (now).

Therefore, the data sent to prior attorney were either copied off of USAfx to his office

computers as they were supposed to be and/or the folders have expired and are no longer

accessible.

Therefore, current counsel Moseley hoped that by providing the three purchased external

hard drives purchased at Rehl's expense would facilitate re-delivery of those folders to Zachary

Rehl.  Not knowing how the data is transferred or maintained, Moseley assumed it would be

easier to just copy the data onto the external hard drives instead of trying to figure out how to

reload them onto USAfx (that is reconstruct what had been done).

## V.    EMPTY DISKS AND EXTERNAL HARD DRIVES

Probably for the same reasons,  some of the disks and drives forwarded (picked up from)

prior counsel were also empty.

The prosecution confirms that the Government had requested that all counsel copy the

information off of the media and return the disks and external hard drives to the U.S. Attorney's

Office for recycling.

Thus, the best guess of current counsel Moseley is that the prior attorney's office did as

suggested and copied the data off of the disks and hard drives, leaving them empty.

If the Government is able to just re-copy everything onto the three external hard drives

provided by Rehl at Rehl's expense, this should eliminate or supersede all of those issues.

Counsel will return the media to the Government but just has not had time to write up a

list to confirm what is being delivered to the U.S. Attorney's office.

Again, there is at least one transmittal letter from the Government to prior counsel for which current counsel cannot find the corresponding media, that was presumably in fact delivered to the prior counsel's office.

However, there were two problems that need attention.

In one case, an external hard drive containing specialty software for viewing which insists that it requires a password.  (Note there is also, separately, a code issue which the Government has instructed counsel to bypass.  But even apart from that procedure for skipping the code, the file itself still says it has a password required.)

In another case, the main file viewable by the proprietary software says that the file returns an error that it is corrupted as a data file or somehow unreadable.

Therefore, these two problems need attention, but presumably a fresh copy onto the three (3) external hard drives should hopefully step over the problem of the corrupted data file at least. The Government may also need to help with the password on the other file.

WHEREFORE, while prior counsel could possibly need a reminder to cooperate, Zachary Rehl requests the Court to ensure by appropriate order that the Government provides the *Brady* disclosures and discovery material for Zachary Rehl's ability to prepare and participate in his own defense.

Dated:  November 25, 2021          RESPECTFULLY SUBMITTED,
                                   ZACHARY REHL, by counsel

Jonathon Alden Moseley, Esq.
DCDC Bar No. VA005
Virginia State Bar No. 41058
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s).  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

Jonathon Moseley, Esq.