# JONATHON A. MOSELEY, ATTORNEY AT LAW

November 4, 2021

Mr. Luke M. Jones, Esq.
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Mr. Jason B. A. McCullough, Esq.
Assistant United States Attorney
U.S. Attorney's Office
    for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Re:    Re-Production of *Brady* Materials
       *USA v. Nordean (Zachary Rehl)*

Dear Mr. Jones and Mr. McCullough:

    I am writing as attorney for Mr. Zachary Rehl in the combined group criminal case of <u>USA v. NORDEAN</u>, Case No., in the U.S. District Court for the District of Columbia. Criminal Case No. 1:21-cr-00175-TJK-3.

    Enclosed please find three (3) blank external hard drives with storage capacity 2 terabytes each brand name WD Elements, purchased from the MicroCenter store in Merrifield, Virginia.

    I am asking the U.S. Attorney's Office to copy any and all *Brady* disclosure materials, including videos, photographs, documents, and screenshots or print-outs (such as PDF) of any and all *Brady* disclosure provided to Zachary Rehl's legal counsel from the start of this case until today.

    Please note that I especially want to make sure that we address the items identified in your Opposition memorandum, which I attach for ease of reference. Please recall your table presented on page 10 of your Opposition memorandum, attached.

Judge Timothy Kelly is correct that Zachary Rehl's prior counsel is responsible to forward the client file and/or case file of Zachary and any discovery provided by the Government to him to Zachary Rehl's new counsel.

However, I am not confident that I will get full cooperation given the nature of Zachary Rehl's complaint about this prior counsel.

I also envision questions and uncertainty that would be time-consuming for you and me as to whether or not a complete copy of all *Brady* materials were forwarded to present counsel.

Even though it may be a burden to your office that I tried to avoid by going first to prior counsel, I can envision that trusting in the prior production being forwarded would end up being more of a burden, more confusing, and more time-consuming in terms of trying to go back and forth and see if everything was provided or not.

So it just seems to me that the short-term burden of re-copying all of this would actually end up being less work than trying to cross-check what did or did not get forwarded from prior counsel.

Obviously, I am trying to find a solution that will make this as easy as possible for all.

I do not know what format or structure the *Brady* material is stored in within your offices, the FBI, etc.

I do not know what the organizational sources may be for various parts of the *Brady* material.

Therefore, I do not know if it will make sense or be easy to copy it all onto these external hard drives.

For each hard drive to have 2 terabytes is a lot of storage. I am providing 3 of them because I suspect that the Government may be copying from different sources or formats or from different organizational sections.

Obviously, I am guessing whether or not this will solve the problem.

If you find that you would rather have more individual external hard drives to accommodate different formats or structures perhaps coming from different organizational units, please let me know.

Also, I am not returning the "Fortress" external hard drive provided in September that has the code key lock on the front because this _does_ work and it does contain data. My problem with that is that the drive contains 5 folders, and 3 of them contain actual, accessible data in a data format that I don't know how to access.

But the data is actually there and readable on the "Fortress" external hard drive, so I will just hold on to it while we work out what software is needed to read those data files (in 3 of the 5 folders, the other 2 are fine).

Also, I have not yet started to wade through the data provided on Evidence.com.  I am familiar with Evidence.com and I expect that there will not be any difficult with that data, although my paralegal identified around 3,000 different items to review.

Therefore, unless it is easier for you to just dump everything on all at once, you do not need to copy the Evidence.com items or the "Fortress" hard drive items.

I will also be returning the old media that I received from Shaka Johnson, but instead of first writing a letter to inventory what I will be delivering I thought I should get these blank hard drives to you as soon as possible.

Sincerely,


JONATHON MOSELEY, Esq.
 (703) 656-1230  Fax: (703) 997-0937
Email:  Contact@jonmoseley.com