# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                  Complainant,

    v.

ZACHARY REHL

                  Accused

*(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)*

Criminal Case No.

1:21-cr-00175-TJK-3

Assigned to the Honorable
Timothy J. Kelly

### ACCUSED ZACHARY REHL'S OPPOSITION TO GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO COMPEL

### AND MOTION TO DISMISS THE CASE

Comes now the Accused ZACHARY REHL, by counsel, and hereby opposes the Government's Motion for Extension of the Time to Respond to Defendant's Motion to Compel, and for his grounds states as follows:

Upon the prosecution's inquiry and consultation, Zachary Rehl's attorney responded that he might consider a brief extension *except for* Rehl's Motion to Compel the discovery information and *Brady* materials which Rehl has not received from before Jonathon Moseley signed on as Rehl's counsel and Mr. Shaka Johnson was relieved as counsel.

.The Government agreed to re-load the discovery that had been sent on various forms of digital media and the expired content on USAfx.  On the Government's instructions, apparently,

Mr. Shaka Johnson's office had apparently copied the information off of the disks and external

hard drives that the Government had sent to him.  In any event, the disks and external hard drives

were empty (or unworkable) when Zachary Rehl's new counsel Jonathon Moseley obtained them

from Mr. Shaka Johnson.

On November 4, 2021, Rehl's attorney Jonathon Moseley provided three (3) brand-new,

empty external hard drives each with a 2 terabyte capacity.

The Government agreed to re-load all of the missing discovery onto one or more of the

external hard drives, rather than try to figure out what discovery counsel could get from prior

counsel, trying to cross-check it meticulously, etc.  Moseley proposed it as less work to just

reload the discovery data.

The government agreed.  See emails attached.

That was November 4, 2021, when Moseley personally walked the package of 3 external

hard drives into the mail room of the U.S. Attorney's office in Washington, D.C., near the

courthouse, which isn't so easy in trying to find parking.

Now the Government proposes to wait until December 16, 2021, to even respond to the

Court in words, not deeds, about why Zachary Rehl still does not have discovery information to

review.

Rehl is actually getting quite concerned and impatient sitting in detention and not being

able to review any information (other than print-outs of pleadings from PACER Moseley has

handed or mailed to him) to be able to participate in his own defense.

In fact, the Government's failure to re-produce the discovery information and allow Rehl

to start reviewing it is one of the primary reasons why Rehl is dissatisfied and considering

changing attorneys.

Thus, this cannot be a reason for further delay.

One must start to think that the Government does not know what information it gave to Mr. Shaka Johnson as discovery.

We are talking about information that the Government already provided (allegedly) to Zachary Rehl through his previous attorney.

Therefore, this is information that has already been screened, processed, and prepared for delivery.  This is information that does not need to be processed.

Therefore, six (6) weeks before merely telling the Court in an opposition why it has not merely re-copied the same information is not acceptable nor is there any reason for it.

If the Government cannot document what disclosures it made to Zachary Rhel's prior attorney, then the Government cannot carry its *Brady v. Maryland* burden.

Accordingly, the case against Zachary Rehl should be dismissed.

If Zachary Rehl changes attorneys – largely because of frustration with the Government's failure to cooperate – current counsel is still responsible, required, and authorized to cover Zachary Rehl's interests until such time as the Court enters an order of substitution.

Therefore, there is no excuse for the delay this far much less until December 16, 2021, when the Government would only write its position to the Court, not act to fulfill its responsibilities.

Dated:  December 7, 2021              RESPECTFULLY SUBMITTED,
                                      ZACHARY REHL, by counsel

Jonathon Alden Moseley, Esq.

3

DCDC Bar No. VA005
Virginia State Bar No. 41058
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s), and also mailed a copy to the following by first class U.S. mail, postage prepaid, one single copy to the prosecution for distribution internally to all counsel involved for the proseuction.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

Jonathon Moseley, Esq.

5