# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>               Complainant,<br>v.<br><br>ZACHARY REHL<br><br>               Accused<br><br>*(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)* | Criminal Case No.<br><br>1:21-cr-00175-TJK-3<br><br><br>Assigned to the Honorable<br>Timothy J. Kelly |

### ZACHARY REHL'S MOTION FOR RECONSIDERATION
### WITH INCLUDED MEMORANDUM OF LAW
### ON GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME
### TO RESPOND TO DEFENDANT'S MOTIONS TO COMPEL

      Comes now the Accused ZACHARY REHL, by counsel, and hereby asks the Court to reconsider its Minute Order of December 8, 2021, at 10:13 AM, concerning the Government's Motion for an Extension of Time to Respond to Defendant's Motions to Compel ECF Dkt. #239, and for his grounds states as follows:

      The Government asked for a delay in merely explaining why – after promising to re-copy discovery prior to November 4, 2021, onto the three (3) external hard drives each having 2 terabytes of capacity delivered to the U.S. Attorney's Office for the District of Columbia by hand on November 4, 2021 – the Government has failed and refused to provide the promised discovery.

      The only reason given for this further delay – not for actually providing the material required under *Brady v. Maryland* but just to offer up more excuses for not doing so is Zachary

Rehl's Motion For Instructions For Evaluation For Qualifying For Public Defender And Alternative Motion To Withdraw raising the possibility of a change of counsel.

However, the Court has not ruled upon that Motion.

Since the Court has not yet ruled upon Zachary Rehl's Motion For Instructions For Evaluation For Qualifying For Public Defender And Alternative Motion To Withdraw, it is improper for an undecided motion to be the reasons for granting Government's Motion for an Extension of Time to Respond to Defendant's Motions to Compel ECF Dkt. #239.

If the Court is going to consider a motion as the reason , it should rule on that motion first.

Furthermore, the Court seems to have misunderstood:

Prior to November 4, the Government promised to re-copy onto the external hard drives already provided *data already produced previously* to Zachary Rehl's prior attorney.

***That means that the Government is UNABLE to reproduce the Brady materials and discovery materials provided to Rehl's prior attorney.***

It is clear that the Government ***DOES NOT KNOW*** what information it gave to prior counsel.

It would be far simpler for the U.S. Attorney's Office to merely re-copy the same information on to the three (3) external hard drives each with a 2 terabyte capacity provided at Zachary Rehl's expense.

It becomes clear that the Government cannot do that because it does not have adequate records to identify what to copy onto the hard drives.

Again, there can be no excuse for the Government to delay because it should not need to re-process and re-screen information already previously provided.  The preparation and

screening of the data has already been complete.

Evidently, the Government cannot carry its *Brady v. Maryland* responsibilities.

Not being able to show what it previously produced – and current counsel Jonathon Moseley has no idea – dismissal of the case is required. The Court will need to dismiss all of the charges against Zachary Rehl because it cannot meet its *Brady v. Maryland. See generally, USA v Theodore F. Stevens*, No. 1:08-CR-00231-EGS, U.S. District Court for the District of Columbia, Memorandum and Opinion by Judge Emett Sullivan, (Docket No. 257, December 22, 2008); Anna Stolley Persky, "A Cautionary Tale: The Ted Stevens Prosecution," Washington Lawyer *[publication of the D.C. Bar.]*, October 2009.[1]

Furthermore, it is obvious that the Government has not merely re-copied the data again because is is unable to reproduce what it sent to Shaka Johnson previously.

> **Rules of Professional Conduct of the D.C. Bar**
>
> **Rule 3.4: Fairness to Opposing Party and Counsel**
>
> A lawyer shall not:
>
> (a) Obstruct another party's access to evidence or alter, destroy, or conceal evidence, or counsel or assist another person to do so, if the lawyer reasonably should know that the evidence is or may be the subject of discovery or subpoena in any pending or imminent proceeding.
>
> * * *

[1] **https://www.dcbar.org/bar-resources/publications/washington-lawyer/articles/october-2009-ted-stevens.cfm** According to the Internet archive service "The Way Back Machine," the D.C. Bar deleted this article in June 2020, and therefore a copy (retrieved from the Way Back Machine) is hereby attached. Counsel had personally reviewed this article years ago at the D.C. Bar's website, before it was deleted by the D.C. Bar.

Recall that Jonathon Moseley received from previous counsel Shaka Johnson blank blu ray disks, blank external hard drives, and external hard drives with errors and passwords that the Government never supplied.

Since the digital media was either blank or corrupted before it reached current counsel Jonathon Moseley, there is no way that Moseley can confirm whether or not the Government fulfilled its *Brady v. Maryland* obligations.

Obviously, the Government must provide this information regardless of who is Zachary Rehl's attorney.

THEREFORE, the Court should not consider as a reason for delay a motion that the Court has not ruled upon, and should not allow delay that prejudices the Defendant.

Dated:  December 8, 2021            RESPECTFULLY SUBMITTED,
                                    ZACHARY REHL, by counsel

                                    Jonathon Alden Moseley, Esq.
                                    DCDC Bar No. VA005
                                    Virginia State Bar No. 41058
                                    5765-F Burke Centre Parkway, PMB #337
                                    Burke, Virginia 22015
                                    Telephone:  (703) 656-1230
                                    Contact@JonMoseley.com
                                    Moseley391@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s).  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

4

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

_____
Jonathon Moseley, Esq.