#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Complainant,<br>v.<br><br>ZACHARY REHL<br><br>                    Accused<br><br>*(Styled as USA v. NORDEAN incorporating cases against four Defendants collectively)* | Criminal Case No.<br><br>1:21-cr-00175-TJK-3<br><br>Assigned to the Honorable<br>Timothy J. Kelly |

#### MEMORANDUM OF LAW IN SUPPORT OF
#### JONATHON MOSELEY'S CONDITIONAL MOTION TO WITHDRAW

Comes now Jonathon Moseley as counsel for ZACHARY REHL, and – conditional upon confirmation by the federal defender's office of alternative counsel being available and that Zachary Rehl has not been manipulated and has a full understanding of the circumstances of a change – moves to withdraw as counsel for Zachary Rehl, effective upon the availability of alternative counsel, and for his grounds states as follows:

Initially, as previously stated, Moseley has spent considerable time getting Zachary Rehl financial assistance for his legal defense.

The Patriot Freedom Project has committed to donate $20,000 toward Zachary Rehl's legal defense, but because their goal (not putting words in Jonathon Moseley's mouth) is to avoid having January 6 Defendants have to rely upon the government for supplying an attorney funded by the government for the government prosecuting them.  As a result, the second installment of $10,000 might not actually be donated to Zachary Rehl's legal bills and the initial installment of

$10,000 could possibly need to be returned.  It might be a misrepresentation to accept a donation whose purpose is to help January 6 Defendants avoid reliance on public defenders if Rehl is represented by a public defender outside the foundation's criteria for donations.

It is possible that the Patriot Freedom Project might provide additional donations in the future.

Their donations are not linked to whether Zachary Rehl chooses a different retained lawyer, except perhaps to relieve the Rehl family of past legal bills otherwise owed.

Partly through Jonathon Moseley's considerable efforts, Zachary Rehl's donation page has raised $40,323 for "legal fees and expenses."  However, Zachary Rehl's family refuses to withdrawing those funds to pay legal bills, even after Jonathon Moseley's investigation with the donation platform company how to do that. [1]  However, if the government is paying for Zachary Rehl's "legal fees and expenses" going forward this would be a problem.  The donation platform should have asked contributors for all expenses to the family, but explicitly asked for donations about legal bills and expenses.

Counsel formally applied for financial assistance and coverage for Zachary Rehl's legal fees and expenses from Defending the Republic on December 2, 2021, after weeks of discussing the availability of such assistance with DTR and Zachary Rehl through his wife.  Unable to get a better, more complete biography from Zachary Rehl for the application after many weeks of asking, Jonathon Moseley and his paralegal finally did their best to create a biography and apply for funding.

On Monday, Defending the Republic approved Zachary Rehl for financial assistance

---

[1]   However, Moseley has just learned this morning that one of the people who set up the donation page, and whose contact actually controls it, is currently incarcerated related to demonstrations from December 2020 to January 2021, and therefore the Rehl family has limited access or control to the crowd-funding donation platform.

2

(donations) to cover his legal fees and expenses through trial in May to June 2022. (Going forward, this will not be a supplement toward legal bills, but the complete satisfaction of future legal bills leaving no balance owed, even under the extremely, shockingly discounted "low bono" rates being charged by Moseley.)

However, obviously, if the government is paying for Rehl's legal representation and Rehl does not need the financial assistance from donations, DTR would not be in a position to provide donations to cover legal bills and expenses that are already being paid for by the government.

Moseley has advised that Rehl would need to know his options before asking for a public defender.

Of course, such financial assistance as donations are ***not*** conditional upon what attorney Zachary Rehl chooses to retain. Changing attorneys cannot be a way of evading past legal bills. However, Rehl could hire a different attorney and reapply and would almost certainly be approved for funding of his legal bills and expenses through trial by DTR.

Also, relevant rules should be recalled:

> **Rules of Professional Conduct**
> **Rule 4.2: Communication Between Lawyer and Person Represented by Counsel**
>
>   (a) During the course of representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a person known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other person or is authorized by law or a court order to do so.
>              * * *
>
>
> **Rules of Professional Conduct**
> **Rule 3.5: Impartiality and Decorum of the Tribunal**
> A lawyer shall not:
>    (a) Seek to influence a judge, juror, prospective juror, or other official by means prohibited by law;

3

> (b) Communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order;

* * *

Jonathon Moseley disbelieves that a retained attorney must withdraw first, leaving a criminal defendant with a looming trial undefended, in order to find out whether or not he can locate alternative counsel.

In fact, Michelle Peterson of the Federal Public Defender's Office does not believe that either.

On September 7, 2021, upon entering the case as criminal defense counsel on behalf of Zachary Rehl, Jonathon Moseley inquired of Michelle Peterson of what her role would be in the *USA v. Nordean* case.

In the email attached as **EXHIBIT A**, Shelly Peterson replied that she was no longer involved in the case, but had merely sponsored *pro hac vice* Zachary Rehl's out-of-state prior counsel Mr. Shaka Johnson from Pennsylvania.

Shelli Peterson responded on September 7, 2021:

> **No, I was only on the case to assist his prior lawyer who was not a member of the bar. If he [2] wants court appointed counsel, he (or someone on his behalf) needs to fill out the attached financial affidavit and I will submit it to the Court. If you are representing him, you are good to go.**

Therefore, clearly a Federal Public Defender can assist on a case alongside private retained counsel, because Shelli Peterson actually did it in this case for this Defendant.

Although Zachary Rehl had private, retained counsel (Mr. Shaka Johnson) the Federal Public Defender's office was also counsel on the same case at the same time.

Therefore, it is clearly possible for both a public defender and a private, retained attorney

---

[2] "he" obviously meaning the client Zachary Rehl

4

to enter a case at the same time.  Shelli Peterson and Shaka Johnson actually did that in this case.

There is clearly no reason for private retained counsel to withdraw on the mere speculation that an alternative attorney might or might not be available.  That would be professionally irresponsible and impractical.

Also, clearly the Federal Public Defenders' office never qualified Zachary Rehl for a full court-appointed counsel provision of an attorney, because on September 7, 2021, closer in time to these events, Shelli Peterson wrote:

> **If he [3] wants court appointed counsel, he (or someone on his behalf) needs to fill out the attached financial affidavit and I will submit it to the Court.**

Shelli Peterson sent the blank Financial Affidavit form to private counsel Jonathon Moseley as an attachment to that email.

Clearly, the Federal Public Defender's Office had not as of September 7, 2021, received any application from Zachary Rehl to qualify for a government-funded attorney.

Now, Jonathon Moseley is hearing unofficial comments – which he cannot rely upon – that Zachary Rehl was qualified for an attorney paid for by the government *__in August__* – which Shelli Peterson's email proves to be untrue.

Therefore, it is abundantly clear that the Federal Public Defender's office does not believe that private retained counsel must withdraw *before* a defendant is evaluated with, assigned, and provided with a public defender, because Shelli Peterson in fact appeared with retained counsel in this very case.

Yet someone has convinced Zachary Rehl of that – how his counsel does not know. Someone has informed and convinced Zachary Rehl that he cannot be considered for a public

---

[3]     "he" obviously meaning the client Zachary Rehl

defender or court-appointed counsel without his current counsel withdrawing.

This sounds like a gambit to Zachary Rehl's disadvantage.

Some conservation has occurred to which his counsel was not included.

As a colleague attorney has summarized, in this case "*The narrative is all.*"  Sustaining the unsustainable false narrative of January 6 means that there are very high partisan political stakes.

Jonathon Moseley disbelieves that a government-provided attorney is approved, ready, willing, and capable of defending a criminal defendant against federal charges yet does not know how to use a telephone.

If an attorney were capable and qualified, he or she would know to contact current counsel by telephone or at least email and arrange a substitution of counsel and ensure that the client has legal representation at all times.

As Jonathon Moseley has repeatedly responded to comments through third and fourth persons, if there is an alternative counsel available, all that attorney needs to do is dial the telephone and arrange for a substitution of counsel.

If that unnamed alternative lawyer does not reach out and contact current counsel, there are significant doubts that the alternative lawyer is as ready (time-wise) and able to take-over as some might suppose, or in reality actually assigned.

The fact that no such public defender has contacted Jonathon Moseley underscores that there is no public defender capable, qualified, with sufficient time available to handle the workload, assigned to take over the case for Zachary Rehl's defense.

If an attorney or law firm or office has the experience and capability to handle a case – but no time in their schedule to do it – then effectively they are not able to handle the case.

6

Moseley previously moved the Court to authorize and direct the pre-trial services office and/or federal public defender's office to interview Zachary Rehl and determine if he is eligible for a government-appointed attorney.

Instead of giving those directions on that motion, the Court has merely used that as an excuse to further delay the prosecution's fulfillment of its duties under *Brady v. Maryland.*

On Wednesday, December 8, 2021, responding to Jonathon Moseley's inquiry sent to the same email address as the September 7, 2021, email in EXHIBIT A, Jonathon Moseley received a phone call back as invited by Jonathon Moseley from Michelle Peterson, who was busy seeing clients at the D.C. Jail.

Michelle Peterson of the Federal Public Defender's Office informed Jonathon Moseley (in response to his email earlier this morning) that the Court had made an *ex parte* inquiry to the Federal Public Defender's Office as to whether or not Zachary Rehl would qualify for a court-appointed C.J.A. Attorney or public defender.

Jonathon Moseley was never copied on any such inquiry from the Court, nor the results of that inquiry shared with attorney Jonathon Moseley.

Wednesday morning Michelle Peterson told Jonathon Moseley that the Federal Public Defender's Office had also responded to the Court *ex parte* about eligibility for a court-appointed attorney or public defender, but again Zachary Rehl's current counsel Jonathon Moseley was not copied on that *ex parte* communication with the Court.

Not only was Jonathon Moseley not copied on such communications (if Shelli Peterson's recollection from seeing clients in the D.C. Jail are accurate) but Jonathon Moseley was not notified in any way of such communications occurring.

Jonathon Moseley asked if he could get some confirmation of Zachary Rehl's

qualification for government-funded counsel for his records, before seeming to abandon a client without an alternative.

Initially, Shelli Peterson refused and terminated the phone call (though she indicated she was between seeing clients in the D.C. jail at the time she called back from Moseley's email.)

Shortly thereafter, Peterson sent a brief email stating that Zachary Rehl was qualified but that the office would not assign an attorney until current counsel withdrew.

Again, this contradicts Shelli Peterson's own actions in being co-counsel with Mr. Shaka Johnson previously. Prior conduct shows that Zachary Rehl can be "assigned" a government-funded lawyer. Whether or not a new attorney can enter an appearance, he or she could certainly be chosen and confirm this with current counsel and sign a substitution of counsel order or any other proper documentation.

Unfortunately, there are indications of a widespread effort to interfere in the legal representation of January 6 Defendants, including by scaring Defendants with communications with represented parties and false and deceptive implications that Defendants might get a better deal with a government-funded attorney working with the prosecution.

Jonathon Moseley's client Kelly Meggs of the Oath Keepers locked up in the special housing unit C2B dubbed the "January 6 wing" of the D.C. jail reports that January 6 Defendant Jessica Watkins incarcerated in the same wing of the D.C. Jail from charges relating to demonstrations on January 6, 2021, has told all or most of the January 6 Defendants that Shelli Peterson disparaged Jonathon Moseley as Kelly Meggs' attorney and Brad Geyer as Kenneth Harrelson's attorney and claimed that January 6 Defendants need to fire these and other attorneys and use the Federal Public Defenders' office instead. Obviously, this would require investigation to get a direct account from Jessica Watkins.

Under this confusing mess of possible miscommunications and contradictions, Jonathon Moseley as current counsel cannot responsibly or ethically withdraw without obtaining confirmation, perhaps by a colloquy with the judge at the next status conference of the following:

1) Solid documentation that Zachary Rehl would qualify for a government-funded attorney and an alternative attorney with sufficient time in his or her workload is available to not just theoretically but in reality provide effective legal representation for Zachary Rehl, such as enough time to contact current counsel.

2) Confirmation that an alternative attorney is available who shares Zachary Rehl's view of the case and is not hostile to Rehl's legal positions.

3) Identification of how long Zachary Rehl would be without an attorney if Jonathon Moseley were to withdraw, thereby disrupting the business of this Court and the established timetable of this case set by this Court.

4) That current counsel has for his records that he is not abandoning the client without alternative counsel being available.

5) Whether Zachary Rehl understands in this confusion that he has been approved for funding of his future legal bills and expenses through a private foundation's donations from Defending the Republic.

6) Whether Zachary Rehl understands that he could lose the financial support to pay his legal bills and expenses including having a government-funded attorney being inconsistent with *needing* the donation for on-going, future legal bills.

7) Whether Zachary Rehl understands in this confusion that he has been approved for a $20,000 donation toward his legal bills and expenses through another private foundation's donations.

8) Whether Zachary Rehl understands that he might possibly lose the $20,000 donation towards his existing legal bills if outside of the Patriot Freedom Project's criteria and preferences he switched over to public defender (which would be inconsistent with *needing* the donation other than for past legal bills).

9) Whether Zachary Rehl understands that as to future legal bills and expenses, these donations are ***not*** conditional upon ***whom*** Zachary Rehl hires as a private, retained attorney, but would be inconsistent with the government paying for his legal defense.

10) Whether Zachary Rehl understands that changing attorneys is not related to handling past legal bills.

11) Whether Zachary Rehl understands that the Federal Public Defender's office cannot ethically or lawfully provide him with any better legal representation or plea deal with the prosecution, which would be improper influence. The law does not allow decisions based on personalities or favoritism.

12) Whether anyone has tried to interfere or pressure or persuade Zachary Rehl to change attorneys.

13) Whether any attorney has contacted Zachary Rehl without the involvement of his attorney or notifying his attorney of such contact.

WHEREFORE, Jonathon Moseley asks that the Court enter an order for Jonathon Moseley to withdraw, but only after assuring itself (probably through the Magistrate) that an alternative government-funded attorney is in reality, not just theoretically, available to take Jonathon Moseley's place in the case, that Zachary Rehl has full information as to his decision, and that he has not been manipulated or interfered with as to his decision.

Dated: December 9, 2021        RESPECTFULLY SUBMITTED,
                               ZACHARY REHL, by counsel

Jonathon Alden Moseley, Esq.
DCDC Bar No. VA005
Virginia State Bar No. 41058
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com

**CERTIFICATE OF CONSULTATION**

Counsel for Zachary Rehl inquired of the prosecution's position on this motion on December 3, 2021, and the prosecution takes no opinion or position on this motion.

.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s).  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

>**Mr. Luke Matthew Jones, Esq.**
>U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
>555 Fourth Street, N.W.
>Washington, DC 20530
>(202) 252-7066
>(202) 616-8470 (fax)
>ahmed.baset@usdoj.gov

>**Mr. Jason Bradley Adam McCullough, Esq.**

11

U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

_Jonathon Moseley, Esq._