## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                        Complainant,

    v.

ZACHARY REHL

                        Accused

*(Styled as <u>USA v. NORDEAN</u> incorporating cases against four Defendants collectively)*

Criminal Case No.

1:21-cr-00175-TJK-3

Assigned to the Honorable
Timothy J. Kelly

## SUPPLEMENT TO
## MEMORANDUM OF LAW IN SUPPORT OF
## JONATHON MOSELEY'S CONDITIONAL MOTION TO WITHDRAW

Comes now Jonathon Moseley as counsel for ZACHARY REHL, and provides the following supplement to his Memorandum of Law:

First, clearly, the unnecessarily, overly-complicated question of whether or not Zachary Rehl has or will have an alternative attorney available to replace Jonathon Moseley, includes the following:

The Federal Public Defenders' Office would need to represent (either as to *whether* or alternatively *when* Jonathon Moseley withdraws) that they have a government-funded attorney selected and ready, willing, and able to represent Zachary Rehl, *including* being able to drive 6 hours round-trip from the Washington, D.C. area (assuming that as an attorney admitted in this Court in the District of Columbia he or she resides in or near D.C.) not counting frequent traffic jams along I-95 from D.C. to the Philadelphia Detention Center, not counting stops for gas, food,

or rest necessary for safe driving, and depending on scheduling issues perhaps breaking up the trip with hotel stays part-way to be able to arrive early in the morning or return after a visit late in the day.  Merely having the availability of an attorney is not the same as an attorney able to and willing to make trips to Philadelphia that may require 8 hour or longer round trips in bad traffic.

Secondly, it occurs to counsel that some of the confusion is here is the misconception that Zachary Rehl qualified for a public defender, because Shelli Peterson from the Federal Public Defender's Office sponsored Philadelphia attorney Mr. Shaka Johnson as a paid, retained attorney, who was not admitted in this Court.

This arrangement may have confused a lot of people including Zachary Rehl's wife into thinking that pre-trial services had qualified Rehl for a public defender.

Again, Shelli Peterson answered my email on September 7, 2021, asking for clarification of her role by saying that she was only in the case to sponsor Mr. Shaka Johnson *pro hac vice*, but that if Zachary Rehl wanted to apply for a government-funded attorney, he would need to fill out the paperwork that on September 7, 2021, Shelli Peterson attached to her reply email.

Therefore, Shelli Peterson's accommodation of out-of-state counsel has confused people into thinking that the Federal Public Defender's office had already qualified Zachary Rehl in August, when that does not appear to be the case.

What counsel cannot understand is the origins of the idea that current counsel needs to withdraw before the Federal Public Defender's office can evaluate him for a public defender. Since both retained counsel and a public defender were both on this case at the same time, it is clearly possible for a public defender to enter his or her appearance in this case and then have private counsel withdraw, to avoid a break in coverage.

Finally, unfortunately, many lay persons are confused about the withdrawal of counsel.  I have had many clients who misunderstand that an attorney cannot simply declare "I withdraw!"

In fact more than one legal professional friend warned me, Jonathon Moseley, not to take this case or others without a minimum $50,000 retainer ***because*** a gigantic amount of work will be needed through what has now been identified as a four-week trial and the Court would be unlikely to allow me to withdraw.  I have been scolded over and over by friends for getting in to a case that I may not be able to withdraw from.

The fact that it is up to the judge, and not the attorney, to withdraw has often caused confusion with clients over the years.

Dated:  December 12, 2021                RESPECTFULLY SUBMITTED,

Jonathon Alden Moseley, Esq.
DCDC Bar No. VA005
Virginia State Bar No. 41058
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com

### CERTIFICATE OF CONSULTATION

Counsel for Zachary Rehl inquired of the prosecution's position on this motion on December 3, 2021, and the prosecution takes no opinion or position on this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s).  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Mr. Luke Matthew Jones, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7066
(202) 616-8470 (fax)
ahmed.baset@usdoj.gov

**Mr. Jason Bradley Adam McCullough, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
(202) 252-7233
jason.mccullough2@usdoj.gov

**Mr. James B. Nelson, Esq.**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street NW, Room 4112
Washington, DC 20530
(202) 252-6986
james.nelson@usdoj.gov

Jonathon Moseley, Esq.