UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN et al.,<br><br>*Defendants*. | Criminal Action No. 21-175 (TJK) |

## ORDER

Before the Court is the Government's motion to vacate the May 18, 2022, trial date. ECF No. 314. Enrique Tarrio and Dominic Pezzola do not oppose the motion, but Ethan Nordean, Joseph Biggs, Zachary Rehl,[1] and Charles Donohoe do.[2] *See* ECF Nos. 318, 319, 320 & 325. For the reasons explained below, the Court will grant the motion.

\*   \*   \*

"It is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). At the same time, "[t]he timeline for a criminal prosecution is controlled by both the strict tabulation of days under the Speedy Trial Act and the broad, flexible standards under the Sixth Amendment Speedy Trial Clause." *United States v. Homaune*, 898 F. Supp. 2d 153, 165 (D.D.C. 2012). Here, there is good cause to vacate the May trial date and doing so would not violate Defendants' statutory or constitutional right to a speedy trial.

---

[1] In his opposition, Rehl also "incorporates by reference the memoranda filed by codefendants Nordean (ECF 320) and Donohoe (ECF 318)." ECF No. 325 at 4 (footnote omitted).

[2] Donohoe filed his opposition to the Government's motion before he entered a guilty plea. *See* ECF No. 335.

First, the Grand Jury recently returned the Second Superseding Indictment, which added two new defendants to the case—Tarrio and Pezzola—and the law prefers that they be tried with the original four defendants. *See* ECF No. 305 ¶¶ 25–107 (charging all six defendants with, among other things, conspiring to obstruct an official proceeding); *see also United States v. Simmons*, 431 F. Supp. 2d 38, 65 (D.D.C. 2006) ("joinder is preferred in conspiracy cases"). The Government's delay in joining Tarrio, at least, was reasonable.[3] The Government explains that the Second Superseding Indictment "is based on important, newly discovered evidence recovered from Tarrio's phone," which the investigative team could not access until mid-January 2022.[4] ECF No. 327 at 7. Neither of the newly added defendants will be ready for trial in May. *See* Mar. 22, 2022 Tr. 10:5–11 (Tarrio), 22–23 (Pezzola). And the Speedy Trial Act excludes from its trial deadline calculation a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the trial has not run and no motion for severance has been granted."[5] 18 U.S.C. § 3161(h)(6). That

---

[3] The Government "agrees that the evidence with respect to Pezzola is not new." ECF No. 327 at 8 n.3. But that does not change the reasonableness of the time it took to join Tarrio.

[4] The Government represented at the April 5, 2022, status conference that, after obtaining a search warrant, it took personnel at the FBI's crime lab in Quantico, Virginia, to "crack[]" the phone in December 2021 to enable the Government to access its contents. Apr. 5, 2022 Tr. 9. Nordean and Rehl argue that at least some evidence against Tarrio was in the Government's possession before January 2022. ECF No. 320 at 4; ECF No. 328 at 8. But that does not undermine the Government's representation that the Second Superseding Indictment is based on important, newly discovered evidence. The Government points out that the "recently recovered evidence includes Tarrio's statement, made in the context of a discussion of revolution and a plan to occupy government buildings on January 6, 'That's what every waking moment consists of . . . I'm not playing games.'" ECF No. 327 at 7 (quoting ECF No. 305 ¶ 41). The Government also says that "[t]he newly recovered evidence . . . includes another exchange . . . during which a leader of [the Ministry of Self Defense] told other leaders that the operating theater should be in front of the House of Representatives . . . to which Tarrio responded, 'I didn't hear this voice note until now. You want to storm the Capitol.'" *Id.* 7–8 (quoting ECF No. 305 ¶ 49–50). Neither Nordean nor Rehl show that the Government had this evidence in its possession before gaining access to Tarrio's phone.

[5] Nordean argues that severance is required because Tarrio and Pezzola's joinder "prejudices" his

2

reasonable period—whatever the full extent of it may turn out to be—supports vacating the May trial date.

Second, the Government represents that despite its diligent efforts, discovery will not be complete in time for the May trial date. The Government has represented that "[t]he investigation and prosecution of the Capitol Breach will be the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence." ECF No. 120-1 at 2. And another court has agreed that the "volume of potentially discoverable information arising from the January 6 cases is staggering." *United States v. Cudd*, 534 F. Supp. 3d 48, 51 (D.D.C. 2021). Moreover, given the nature of this particular case—in which six defendants are charged with leading a conspiracy at the heart of that day's events—it stands to reason that the discoverable material is at least as voluminous as for any January 6 case. That material, the Government has represented, includes thousands of hours of "closed circuit video" from law enforcement; thousands of hours "of body worn camera" footage; radio transmissions; hundreds of thousands of tips; cell tower data; "over one million Parler posts, replies, and related data"; "over one million Parler videos and images"; and more. ECF No. 120-1 at 2–3.

The Government has regularly provided the Court with updates on the status of discovery for January 6 cases broadly, *see* ECF Nos. 120, 168, 214, 218, 290, as well as the status in this

---

"Sixth Amendment right to a speedy trial," and because Pezzola's joinder "will necessarily raise Confrontation Clause issues." ECF No. 320 at 9–10. Thus, he separately moves to sever those two defendants. ECF No. 321. But as the Court explains in a separate order denying Nordean's motion to sever without prejudice, severing Tarrio and Pezzola is unnecessary, at least at this point.

case specifically, *see* ECF Nos. 119, 180, 216, 285.  The Government has provided "multiple terabytes" of "case-specific" and "cross-discovery"[6] material "through dozens of productions."  ECF No. 314 at 5.  In fact, the Government is putting this case at the front of the line in some respects; it expects that its efforts to produce cross-discovery will allow it "to proceed to trial even if the [Government's] 'global discovery' plan [for January 6 cases generally] is not fully executed."  ECF No. 327 at 10.  The Government also represents that as for the material recovered in connection with Tarrio's arrest, it is working "expeditiously to assess that information and examine th[e] devices" recovered.  ECF No. 314 at 5–6.  Still, despite these efforts, it represents that discovery will not be complete in time for a trial on May 18.  *Id.*

The Speedy Trial Act also excludes delay from continuances granted because "the ends of justice served by" the continuance "outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  And Section 3161(h)(7) explicitly instructs courts to consider whether the case "is so unusual or complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Act.  *Id.* § 3161(h)(7)(B)(ii); *see also id.* § 3161(h)(7)(B)(iv).  Given all the above, the Court finds that some time beyond May 18 should be excluded to allow the Government to complete its discovery obligations, because the ends of justice that are served by such action outweigh the best interests of the public and the defendants in a speedy trial.[7]

---

[6] Cross-discovery is "material obtained in other cases that is potentially relevant to the defendants in this case."  ECF No. 314 at 5.

[7] The Court has ordered the Government to complete discovery by June 17.  Both Nordean and Rehl argue that the Government cannot meet its discovery obligations, particularly under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), simply by giving them an "open file" of the above materials to sift through.  *See* ECF No. 328 at 12; ECF No 325 at 4.  And indeed, the "Government cannot hide *Brady* material as an exculpatory needle in a haystack of discovery materials."  *United States v.*

Vacating the May 18 trial date is also consistent with Defendants' Sixth Amendment speedy trial right. "The absence of a Speedy Trial Act violation does not *ipso facto* defeat a Sixth Amendment speedy trial claim. But as several courts have noted, it will be an 'unusual case' in which the Act is followed but the Constitution violated." *United States v. Rice*, 746 F.3d 1074, 1081 (D.C. Cir. 2014) (internal citation omitted). This is not such a case, at least at this point.

Courts evaluating Sixth Amendment speedy trial claims consider the four factors identified in *Barker v. Wingo*: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. 514, 530 (1972). Courts generally find "postaccusation" delay of more than a year "presumptively prejudicial." *Doggett v. United States*, 505 U.S. 647, 653 n.1 (1992) (cleaned up). And the original four defendants were indicted a little over a year ago. But "presumptive prejudice cannot alone carry a Sixth Amendment claim." *United States v. Taylor*, 497 F.3d 673, 677 (D.C. Cir. 2007). Even assuming the four original defendants asserted their constitutional speedy trial rights before now as they argue, the Court is unconvinced that the remaining factors weigh against vacating the May trial date.

To start, as described above, given the highly "complex nature of this [now six]-defendant conspiracy prosecution, the Court cannot say that the delay here is 'uncommonly long.'" *United States v. Taylor*, No. 18-cr-198 (JEB), 2020 WL 7264070, at *8 (D.D.C. Dec. 10, 2020) (discussing

---

*Saffarinia*, 424 F. Supp. 3d 46, 85 (D.D.C. 2020) (cleaned up). In a footnote, Rehl also asks the Court to order the Government "to identify to the defense 'those items it intends to offer in its case-in-chief at trial,'" which is required under Federal Rule of Criminal Procedure 16(a)(1)(E)(ii). ECF No. 325 at 4 n.4 (quoting *United States v. Anderson*, 416 F. Supp. 2d 110, 116 (D.D.C. 2006)). And at a recent status conference, Rehl suggested that he would be filing a motion along these lines shortly. Apr. 5, 2022 Tr. 29. The Court agrees that the Government must comply with its discovery obligations in full. But no Defendant has moved to raise these (apparent) disputes with the Court and to seek relief, which further necessitates the need to toll some time past the May 18 trial date under the Speedy Trial Act.

delay of 2.5 years); *see also United States v. Ford*, 155 F. Supp. 3d 60, 69 (D.D.C. 2016). As far as the Court is aware, no similarly complex, multi-defendant January 6 conspiracy case—including those in which a defendant is incarcerated—is set for trial *before* May 18.

Next, trying all the current defendants together and allowing the Government to fulfill its discovery obligations under these circumstances are the sort of "valid reasons" that justify some delay past May 18. *United States v. Yunis*, 705 F. Supp. 33, 35 (D.D.C. 1989) ("[a]lthough more than 16 months ha[d] passed since [the defendant's] arrest," the defendant's constitutional speedy trial rights were not violated because the case "moved as expeditiously as possible given the circumstances"); *see also United States v. Fernandes*, 618 F. Supp. 2d 62, 68 (D.D.C. 2009) ("[E]ven when there is a delay between indictment and arrest, as here, the government is not at fault when it shows that it pursued defendant with reasonable diligence.").

Nordean argues otherwise, claiming that any further delay past May 18 should weigh against the Government for Sixth Amendment purposes. The Court disagrees. In *Barker*, the Supreme Court explained that "different weights should be assigned to different reasons" for delay. 407 U.S. at 531. "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily" but still "should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* (footnote omitted). Meanwhile, "a valid reason, such as a missing witness, should serve to justify appropriate delay." *Id.* Here, there is no suggestion that the Government has deliberately tried to delay the trial. And on both Tarrio's joinder and the production of the unprecedented

6

amount of discovery related to this case, to this point the record reflects that the Government has proceeded with reasonable diligence.[8]  *Doggett*, 505 U.S. at 656.

Finally, although *Barker* listed "oppressive pretrial incarceration" as an example of prejudice—and in arguing against the motion, the original defendants stress their continued pretrial incarceration of a little less than a year, which is of course prejudicial to them—the "most serious" prejudice courts consider is "the possibility that the defense will be impaired." *Homaune*, 898 F. Supp. 2d at 170 (cleaned up).  And no defendant "suggests that the delay in this case has impaired his defense in any manner whatsoever." *Taylor*, 2020 WL 7264070, at *9; *see also United States v. Taplet*, 776 F.3d 875, 881 (D.C. Cir. 2015) (rejecting Sixth Amendment speedy trial claim when the defendant "failed to offer a concrete explanation on how the delays prejudiced his defense").

All this is surely cold comfort to the original defendants, who oppose the motion and justifiably want their day in Court as expeditiously as possible.  But how long past May 18 the trial can wait before their statutory or constitutional speedy trial rights are violated is a question the Court need not resolve to grant the Government's motion.  The Court has requested that the parties confer as to when they will be ready and able to try the case.  The Court anticipates setting a new trial date promptly upon hearing from all the parties.

\*     \*     \*

For all these reasons, it is hereby **ORDERED** that the Government's motion, ECF No. 314, is **GRANTED.**  It is **ORDERED** that the May 18, 2022, trial date is **VACATED,** along with all related dates reflected in the Scheduling Order, ECF No. 282.  It is **FURTHER ORDERED,**

---

[8] Nordean accuses the Government of trying to avoid its *Brady*-identification obligations through "gratuitous 'open file' discovery." ECF No. 328 at 12; *see*, *supra* p.4 n.7.  The Court declines to weigh this and similar claims very strongly against the Government for Sixth Amendment speedy trial purposes, at least at this point, when no defendant, including Nordean, has moved to raise these issues with the Court and to seek relief.

as the Court already determined at the status conference on April 5, that the Speedy Trial Act is tolled through April 21, 2022, because (1) that is part of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the trial has not run and no motion for severance has been granted," 18 U.S.C. § 3161(h)(6), and (2) the Court finds that "the ends of justice that are served by taking such action outweigh the best interests of the public and the defendants in a speedy trial," to allow the Government to complete its discovery obligations in this case, which "is so unusual or complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Act, 18 U.S.C. § 3161(h)(7).

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 12, 2022