UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CASE NO: 1:21-cr-0175-3 (TJK) |
| | * |
| ZACHARY REHL, | * |
| Defendant | * |

********

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO COMPEL GOVERNMENT TO PROVIDE NOTICE OF INTENT TO USE
SPECIFIED EVIDENCE IN ITS CASE-IN-CHIEF AT TRIAL**

In the course of the Grand Jury investigation of Mr. Rehl and the codefendants, the government has produced and continues to produce "unprecedented" quantities of discovery in what it has described one of the largest investigation ever conducted by the Department of Justice.[1]

> "Case-specific" discovery principally has included materials obtained from the FBI's case files regarding the investigation of each defendant – for example, materials obtained through the execution of search warrants, the issuance of grand jury subpoenas, and documentation of the FBI's review and analysis of that information. Given the overlap in evidence relating to other individuals and those charged in this case, the government has made a concerted effort to produce "cross discovery" – that is, material obtained in other cases that is potentially relevant to the defendants in this case. The volume of case-specific and cross discovery provided by the government to date includes multiple terabytes of material that has been provided through dozens of productions.

Gov' Motion to Vacate Trial Date and To Exclude Time under the Speedy Trial Act (ECF 314 at 5).

---

[1] United States' Memorandum Regarding Status of Discovery as of February 9, 2022 (ECF 290 at 16-17 (noting "challenges arising from organizing and producing unprecedented amounts of data that are frequently complex in nature")

It has also produced voluminous additional discovery, which it terms "global discovery."[2] *Id.* at 6-7. The review of this material is a burdensome undertaking.

At previous status conferences and in papers filed with the Court, defense counsel have informed the Court that the volume of discovery dictates that the government should be required to designate and identify the materials the government intends to use at trial from the voluminous materials it continues to produce. In particular, the government should be required to provide scanned exhibits sooner rather than later and not just in the days before trial as it does in ordinary cases. Despite discussions with the government around this topic, the parties have not been able to resolve the issue. This motion now follows.

## ARGUMENT

**I. THE GOVERNMENT MUST IDENTIFY, FROM THE MATERIALS PRODUCED DIRECTLY TO THE DEFENDANT, THE ITEMS THAT IT "INTENDS TO USE" IN ITS CASE-IN-CHIEF AT TRIAL**

Federal Rule of Criminal Procedure 16(b)(1)(A) provides:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph [certain specified items] if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

---

[2] Global discovery includes "tens of thousands of hours of surveillance video, bodyworn camera footage, and public source video; information and data from tens of thousands of tips provided to the Federal Bureau of Investigation ("FBI") and local police departments; hundreds of internal investigation reports into the conduct of law enforcement on January 6, 2021; hundreds of thousands of FBI reports documenting the investigation of all subjects identified as playing a role in the breach of the Capitol; and data seized pursuant to legal process or consent from thousands of digital devices and other digital accounts of those who participated in the Capitol Breach." Motion to Vacate Trial Date and To Exclude Time under the Speedy Trial Act (ECF 314 at 6-7).

The effect of the Rule is clear: The government will be given access to only those items in Mr. Rehl's possession, custody, or control that he intends to use in his case-in-chief at trial. The government thus can have no concern that among the items Mr. Rehl makes available will be materials that he does *not* intend to use in his case-in-chief.

But Mr. Rehl enjoys no similar certainty with respect to the government's disclosures. Rule 16(a)(1)(E) requires the government to make available those items within its possession, custody, or control that are "material to preparing the defense," that the government "intends to use . . . in its case-in-chief at trial," *or* that were "obtained from or belong[] to the defendant." The text of the Rule contains no explicit requirement that the government identify – from among all the items made available – the items that it intends to use in its case-in-chief.

Mr. Rehl is thus left to guess which items are intended for use in the government's case-in-chief and which, for example, were disclosed only because they were obtained from him or the other defendants. Mr. Rehl should not be required to speculate in this fashion, especially when his own disclosures under Rule 16(b)(1)(A) will serve as a *de facto* identification to the government of the particular items he intends to use in his case-in-chief. Indeed, this Court has made clear that the Rules contemplate "reciprocity," and their purpose is to "avoid surprise and gamesmanship." *United States v. Hsia*, 2000 WL 195067, at *1 (D. D.C. Jan. 21, 2000) (Friedman, J.) (citations and internal quotation marks omitted).

Numerous courts have required the government to identify with specificity the particular items that it intends to use in its case-in-chief at trial.[3] *See United States v. Anderson*, 416 F. Supp. 2d 110,

---

[3] It is clear that "use . . . in . . . case-in-chief at trial" includes "not only documents which will be marked and offered in evidence by the government, but also documents which will be relied on or referred to in any way by any witness called by the government during its case in chief." *United States*

3

112, 116 (D. D.C. 2006) (requiring government to identify which grand jury materials it intended to use in its case-in-chief); *United States v. Poindexter*, 727 F. Supp. 1470, 1484 (D. D.C. (1989) (government may not take a "broad brush approach" to discovery, identifying "several thousand pages, any of which it 'may' rely on at trial"); *United States v. Upton*, 856 F. Supp. 727, 746-48 (E.D. N.Y. 1994) (requiring the government to specify, from the thousands of documents produced, those documents upon which it planned to rely at trial); *United States v. Turkish,* 458 F. Supp. 874, 882 (S.D. N.Y. 1978) (government may not "'bury[] the defendant in paper' by merely . . . making all of the documents available"); *see also United States v. McDonald*, No. 01-CR-1168, 2002 WL 2022215, at *3 (E.D. N.Y. Aug. 6, 2002) (citing "with approval" the decision in *Upton*, and ordering the government to identify those documents it intended to use in its case-in-chief).

The results in these cases make good sense; they ensure both reciprocity and fairness. As Judge Harold Greene stated in *Poindexter*:

> While the government's case or strategy may change in advance of trial or even during trial, there is no reason why it cannot be more specific as to which documents it currently intends to use, and there are many reasons, grounded in fairness to the defendant, the protection of his rights, and not least Rule 16(a)(1)(C), why it should be.[4]

727 F. Supp. at 1484. The government thus cannot use its own uncertainty regarding trial strategy as an excuse to circumvent its disclosure obligations. *See id.* ("This notification will not prevent the government from later introducing other documents from these materials on a limited scale, but it will

---

*v. Turkish*, 458 F. Supp. 874, 882 (S.D. N.Y. 1978) (citation and internal quotation marks omitted); *see also United States v. Poindexter*, 727 F. Supp. 1470, 1484 (D. D.C. 1989) (ordering government to identify, among other things, all documents on which a witness will rely or to which he will refer at trial); *accord United States v. Upton*, 856 F. Supp. 727, 748 (E.D. N.Y. 1994).

[4] Pursuant to the 2002 amendments, former Rule 16(a)(1)(C) is now Rule 16(a)(1)(E).

give the defendant some notice as to which among the thousands of documents are likely to be part of the government's case-in-chief.") (citing *Turkish*).[5]

Accordingly, the government should be ordered to identify, from within the terabyte volume of materials produced to defendants, the items it intends to offer in evidence in its case-in-chief at trial,[6] or that will be relied on or referred to by any witness called by the government to testify in its case-in-chief. In addition, the government should be required "promptly to identify any other [items] when and if a decision is made between now and trial to offer or to use or to refer to such [items]." *Turkish*, 458 F. Supp. at 882 (footnote omitted). This should happen forthwith to avoid any further delays in the start of the trial and to provide fundamental fairness to Mr. Rehl and his codefendants in case where the government has at its disposals hundreds of staff including multiple prosecutors, paralegals, computer and technical staff, federal and local law enforcement entities and untold others at its disposal.

Lastly, there is no dispute that the Court has discretion to grant this relief. *See Anderson*, 416 F. Supp.2d at 113 ("the government does not contest that the Court has such discretion"); FED. R. CRIM. P. 16 Advisory Committee Note to 1974 Amendment ("The rule is intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the

---

[5] Nor is it a response for the government to direct Mr. Rehl to his own knowledge of the documents or to suggest that this motion should be denied because the government intends to provide scanned exhibits before trial. Such arguments "do not adequately explain why defendants should be kept in the dark until trial." *Upton*, 856 F. Supp. at 748.

[6] Because "[a] 'case-in-chief' is defined as '[t]he part of a trial in which a party presents evidence to support its claim or defense,'" the notice requirement applies with respect to any item the government intends to introduce – on direct or cross-examination – that "buttresses [its] theory of the case." *Hsia*, 2000 WL 195067, at *2 (quoting *Black's Law Dictionary* 207 (7th ed. 1999)).

judge's discretion to order broader discovery in appropriate cases.").

## II. THE GOVERNMENT MUST ALSO MAKE A SIMILAR IDENTIFICATION WITH RESPECT TO MATERIALS IN THE POSSESSION OF THE CAPITOL POLICE AND OTHER GOVERNMENT ENTITIES AND THOSE SEIZED FROM MR. REHL AND HIS CODEFENDANTS

The foregoing discussion of Rule 16, *Anderson, Poindexter*, *Hsia*, and related cases also applies to materials stored at the United States Capitol and other government entities. Such materials as well as materials seized from Mr. Rehl and his codefendants, are subject to the further requirements of Federal Rule of Criminal Procedure 12(b)(4)(B). That Rule requires the government, upon defendant's request, to provide "notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16," so that the defendant may "have an opportunity to move to suppress evidence under Rule 12(b)(3)(C)." The Advisory Committee Notes explain the purpose of the Rule:

> In cases in which defendant wishes to know what types of evidence the government intends to use so that he can make his motion to suppress prior to trial, he can request the government to give notice of its intention to use specified evidence which the defendant is entitled to discover under rule 16. Although the defendant is already entitled to discovery of such evidence prior to trial under rule 16, *rule 12 makes it possible for him to avoid the necessity of moving to suppress evidence which the government does not intend to use.*

Fed. R. Crim. P. 12(d) advisory committee's note to 1974 amendment (emphasis added).[7]

Accordingly, Mr. Rehl requests that the government identify pursuant to Rule 12(b)(4) items in the possession of the United States Capitol Police, the Metropolitan Police Department, and other federal entities and items seized from Mr. Rehl and his codefendants that it intends to use in its evidence-in-chief at trial. The Advisory Committee Notes make clear that the Rule "provides a

---

[7] Pursuant to the 2002 amendments, former Rule 12(d) is now Rule 12(b)(4).

mechanism for *insuring* that a defendant knows of the government's intention to use evidence to which the defendant may want to object," and that "[a] failure to comply with the *duty* of giving notice could lead to the suppression of evidence." *Id.* (emphases added); *see also* Fed. R. Crim. P. 12(b)(4) advisory committee's note to 2002 amendments (stating that Rule 12(b)(4) "addresses the government's *requirement* to disclose discoverable information for the purpose of facilitating timely defense objections and motions") (emphasis added); *Anderson,* 416 F. Supp. 2d at 112 ("Defendant's entitlement under Rule 12(b)(4)(B), then, is clear: of the material seized from [the defendant's] home and office, the government must notify defendant of the evidence that it intends to use in its case-in-chief-that is, the evidence that will appear on the government's exhibit list for trial."); *United States v. Norman*, No. 04-CR-30015-DRH-4, 2005 WL 2739082, slip op. at *2 (S.D. Ill. Oct. 24, 2005) ("[T]he government is *obligated* to comply with . . . Rule 12(b)(4)(B).") (emphasis added).

Moreover, the government's response must identify "*exactly* what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial." *United States v. Kelley*, 120 F. R. D. 103, 107 (E.D. Wis. 1988) (emphasis added); *see also United States v. Bernard*, Crim. A. No. 92-558, 1993 WL 121258, at *2 (E.D. La. Apr. 14, 1993) ("[T]he government has not *specifically identified* which . . . documents it intends to use at trial.") (emphasis added). The government cannot avoid this obligation on the grounds that (1) voluminous discovery has been provided to the defendant, or (2) the defendant is sufficiently familiar with the evidence to make a knowledgeable decision regarding a motion to suppress. *See Kelley*, 120 F.R.D. at 107 (holding that an "open-file policy" is not responsive to a motion under the Rule); *United States v. Bernard*, Crim. A. No. 92-558, 1993 WL 92507, at *1 (E.D. La. Mar. 19, 1993) (holding that the purpose of the Rule is to provide *notice* to the defendant of Rule 16 evidence the government plans to use in its case-

in-chief; "[d]efendant's familiarity with any such evidence is irrelevant") (emphasis added).

The need for a Rule 12(b)(4)(B) notice in this case is clear. An identification by the government of the specific materials in the possession of other government entities and those seized from Mr. Rehl, his home, and his electronic devices that it intends to use at trial will avoid the risk of an unnecessary motion to suppress. Indeed, because here Mr. Rehl may, for example, have an argument that *some* of the materials seized from him may have exceeded the scope of the search warrant, it is in the interest of the parties and the Court to know whether the government even intends to use the subset of materials that may be subject to suppression.

## CONCLUSION

For the foregoing reasons, this Motion to Compel should be granted.

Respectfully submitted,

/s/
**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 21st day of April, 2022.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**