**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 21-CR-175-3 (TJK)** |
| | : | |
| **ZACHARY REHL,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT REHL'S MOTION TO COMPEL GOVERNMENT TO PROVIDE NOTICE OF INTENT TO USE SPECIFIED EVIDENCE IN ITS CASE-IN-CHIEF AT TRIAL

The United States respectfully submits this opposition to defendant Zachary Rehl's Motion to Compel the Government to Provide Notice of Intent to Use Specified Evidence in its Case-in-Chief at Trial.  ECF 344-1.  For the reasons set forth below, Rehl's motion should be denied.

### BACKGROUND

Rehl and three co-defendants, Ethan Nordean, Joseph Biggs, and Charles Donohoe, were first charged by indictment in this case on March 10, 2021, in connection with the events of January 6, 2021, at the U.S. Capitol.  ECF 26.  On March 7, 2022, a grand jury returned a second superseding indictment charging the four defendants, as well as Enrique Tarrio, who was not previously charged, and Dominic Pezzola, who was previously charged in a related case.

The current indictment charges all six defendants with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k); obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2; obstruction of law enforcement during civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3), 2; destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2; and assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1).  The indictment also

charges defendant Pezzola with robbery of personal property of the United States, in violation of 18 U.S.C. § 2112.  Defendant Donohoe has pleaded guilty and is detained pending sentencing.  All other defendants are detained pending trial.

*Discovery to Date*

As the government explained in its motion to vacate the May 18, 2022, trial date (ECF 314), the government has made significant efforts throughout the pendency of this case to provide defendants with the materials relevant to the charges against them and to the preparation of their defense.  ECF 314 at 5-7.  That has included case-specific discovery of materials obtained from the FBI's case files regarding the investigation of each defendant—for example, materials obtained through the execution of search warrants, the issuance of grand jury subpoenas, and documentation of the FBI's review and analysis of that information—as well as cross discovery—that is, material from other cases that is potentially relevant to the defendants in this case.  *Id.*; *see also* ECF 327 (Reply in Support of Motion to Vacate) at 8-11.  The government has identified those materials as it has produced them, as reflected in discovery correspondence filed with the Court.  *See* ECF 119 (July 14, 2021, Notice Regarding Discovery Correspondence); ECF 180 (Sept. 20, 2021, Notice); ECF 216 (Nov. 2, 2021, Notice); ECF 285 (Feb. 7, 2022, Notice); ECF 348 (April 29, 2022, Notice).

The government has also apprised defense counsel and the Court throughout this case as to its extensive efforts to provide "global" discovery.  *See, e.g.*, ECF 290 (Feb. 10, 2022, Status Report Regarding Discovery).  Through global discovery, the government is endeavoring to make available potentially relevant data from other cases in a searchable format, a valuable resource for all defense counsel in preparing their defenses.  ECF 327 at 9.  As the government has explained, however, it has undertaken the process in *this* case of providing "cross discovery" to achieve the

primary purposes of global discovery.  ECF 327 at 9-10.  And, as promised in correspondence to defense counsel and in filings with the Court, as the government continues to produce discovery, it is making case-specific and cross-discovery productions through the FPD Relativity Database, which provides significant advantages in searching and reviewing materials.  Furthermore, even as certain additional materials (e.g., scoped search warrant returns) are obtained from the FBI and processed for inclusion in the FPD Relativity Database, the government has offered to produce preliminary copies of that material via hard drives.[1]

In vacating the initial trial date in this case, the Court acknowledged the government's efforts to produce discovery in this case and the need for the government to complete that process in advance of trial.  ECF 338 at 3-4.  Accordingly, the Court set a June 17, 2022, deadline for the government to compete discovery.  In the meantime, the government has turned over information and materials that provide a clear roadmap regarding the government's anticipated case-in-chief. Specifically, following the return of the Second Superseding indictment, the government turned over to defense counsel a 160-page grand jury transcript, with exhibits, and a detailed 96-slide PowerPoint presentation containing the evidence supporting the charges against the defendants.[2] Furthermore, the government has already turned over a lengthy report of interviews of co-defendant Charles Donohoe, who pled guilty pursuant to a cooperation agreement, and the

---

[1]     To facilitate the further production of materials via hard drives, the government has repeatedly requested that defense counsel return hard drives previously provided by the government, after counsel have copied the materials produced on those drives.  *See e.g.*, ECF 348 (April 29, 2022, Notice Regarding Discovery Correspondence, attaching letters with repeated requests).  The drives provided by the government include a 16TB and 4TB hard drive provided to counsel for defendants Nordean, Biggs, and Rehl, that have not been returned.  The government again requests that counsel return the drives—in particular, the 16TB and 4TB drives—to facilitate further productions.

[2]     Should the Court wish to review these materials, the Government will submit them under seal.

government will continue to produce and identify discoverable material, including Jencks material of potential government witnesses, consistent with its obligations and the deadlines established by the Court.

Finally, throughout this case, the government has endeavored to respond to defense counsel's requests for information regarding discovery materials, including most recently by providing, in response to inquiries by Rehl's counsel, guidance on reviewing key Telegram message threads that were recovered from various devices in this case, as well as providing continued explanations regarding its productions, including its recent productions of case-specific and cross discovery through Relativity.  *See* ECF 348-10 (4/13/2022 Discovery Letter regarding Telegram Chats); ECF 348-12 (4/21/2022 Discovery Letter regarding ongoing cross discovery and productions via the FPD Relativity Database).

*Rehl's Motion and the Court's Scheduling Order*

Rehl filed the instant motion on the morning of April 21, 2022, arguing (at 2) that:

> the volume of discovery dictates that the government should be required to designate and identify the materials the government intends to use at trial from the voluminous materials it continues to produce.  In particular, the government should be required to provide scanned exhibits sooner rather than later and not just in the days before trial as it does in ordinary cases.

At that time, the Court had vacated the previously scheduled May 18, 2022, trial date, but it had not yet set a new trial date.  ECF 338.  At a status hearing on the afternoon of April 21, 2022, however, and with the agreement of the parties, the Court re-scheduled trial for August 8, 2022. The Court then entered a scheduling order requiring, among other things, that the government file "a list of exhibits that the government intends to offer at trial, with a brief description of each exhibit," by July 6, 2022.  ECF 346.

**ARGUMENT**

The government has complied and will continue to comply with its discovery obligations in this case, including by complying with Local Criminal Rule 5.1 (Disclosure of Information), the Court-imposed June 17, 2022, discovery deadline, and the pre-trial deadlines set forth in the Scheduling Order (ECF 346), to include the submission of a list of exhibits the government intends to offer at trial, with descriptions of those exhibits. In the meantime, the government will also continue to work with defense counsel to resolve issues short of Court intervention. The arguments presented in the instant motion do not call for such intervention, and defendant's motion should therefore be denied.

**1. Rehl is Not Entitled to the Relief He Seeks Pursuant to Rule 16.**

Defendant Rehl first seeks relief pursuant to Fed. R. Crim. P. 16, asking the Court (at 5) to order the government to identify "the items it intends to offer in evidence in its case-in-chief at trial, or that will be relied on or referred to by any witness called by the government to testify in its case-in-chief." As even Rehl acknowledges (at 3), however, Rule 16 contains no such requirement.[3] In any event, pursuant to the Court's Scheduling Order, which was issued after Rehl filed his motion, Rehl will be provided a list of exhibits that the government intends to offer at trial, with a brief description of each exhibit. That will occur, as Rehl's motion requests (at 2), "sooner rather than later and not just in the days before trial as it does in ordinary cases."

---

[3] Rule 16 describes the materials that both the government and defendant must disclose after a criminal case is commenced. Rule 16(a)–(b). When a party fails to comply with its disclosure obligations, "the court may," *inter alia*, "order that party to permit the discovery" requested. Rule 16(d)(2). Even then, the district court is not required to do so, and is afforded "wide discretion" in determining whether to take action under Rule 16(d). *United States v. Gray-Burriss*, 791 F.3d 50, 55 (D.C. Cir. 2015).

Even in advance of that submission, however, the government has provided defense counsel a clear road map regarding its case-in-chief in the form of a 160-page grand jury transcript, with exhibits, and a detailed 96-slide PowerPoint presentation of the evidence supporting the charges against the defendants.  This disclosure followed extensive litigation regarding the government's theory of its case, particularly in the context of detention.  And it is therefore not the case that, as Rehl contends, he has been or will be "left to guess" or "speculate" as to what evidence the government will rely upon at trial, even in advance of the submission of an exhibit list. Contrary to Rehl's suggestion (at 4), the government is not attempting to "use its own uncertainty regarding trial strategy as an excuse to circumvent its disclosure obligations."  The roadmap for a trial in this case is, at least at this point, well established.

Seeking relief under Rule 16 that the rule itself does not contemplate, Rehl (at 2-3) points to the limited obligations of *defendants* under Rule 16(b)(1)(A) and contends, in essence, that the rules are not fair.  This argument is unavailing.  Rule 16(b)(1)(A) requires that, once the government complies with its substantial Rule 16(a)(1)(E) obligations (producing all items material to preparing the defense, intended for use in its case-in-chief, or obtained from or belonging to defendants), a defendant must produce only the limited universe of materials the defendant intends to use in its case-in-chief.  The government's discovery obligations—under Rule 16 and otherwise—are far more onerous than those of a defendant in a criminal case, and for good reason.  But Rehl attempts to turn this notion on its head, suggesting the requirements of Rule 16 unfairly leave him "to guess" or "speculate" as to what evidence the government will use at trial. For the reasons stated above, Rehl is not and will not be left to guess or speculate regarding the government's evidence at trial.

In any event, there is no authority that expands the government's obligations under Rule 16 to include the relief Rehl seeks here.  In *U.S. v. Anderson*, 416 F. Supp. 2d 110 (D.D.C. 2006), upon which Rehl chiefly relies, the court exercised its broad discretion over discovery matters to order the government to identify those items it intended to offer in its case-in-chief from among "approximately 100 boxes" of grand jury materials that had been produced to the defendant, apparently in paper form.  *Id.* at 112, 116.  The government submits, however, that the Court in this case has, in effect, already done this with respect to all evidence the government will rely upon at trial, by setting an early deadline by which the government must submit its exhibit list (ECF 346).  And, as noted above, the detention litigation in this case and the government's disclosures (including the grand jury transcript, PowerPoint presentation, and additional material) all serve the legitimate purpose, identified by Rehl (at 3), of avoiding "surprise and gamesmanship." Accordingly, the government submits, the rationale underlying the ruling in *Anderson* does not compel further Court intervention.

Notably, even *Anderson* acknowledges that Rule 16 does not obligate the government to provide a defendant with the relief Rehl seeks.  416 F. Supp. 2d at 113.  And, although Rehl (at 4) points to additional, older cases in which courts have ordered the relief he seeks—*United States v. Poindexter*, 727 F. Supp. 1470 (D.D.C. 1989), *United States v. McDonald*, 2002 WL 2022215 (E.D.N.Y. Aug 6, 2002), *United States v. Upton*, 856 F. Supp. 727 (E.D.N.Y. 1994), and *United States v. Turkish*, 458 F. Supp. 874 (S.D.N.Y. 1978)—he fails to mention that this line of cases has more recently been rejected and criticized as being unmoored from the explicit requirements of Rule 16.  *See United States v. Nachamie*, 91 F.Supp.2d 565, 568-70 (S.D.N.Y. 2000) (denying defendant's motion to designate and criticizing *Turkish*, *Poindexter*, and *Upton* as failing to ground its requirements in the language of Rule 16(a)(1) or binding case law; *United States v. Kaplan*,

2003 WL 22880914, *20-21 (S.D.N.Y. Dec. 5, 2003) (denying defendant's motion to designate and criticizing *Upton* and *McDonald* as failing to ground its requirements in the language of Fed. R. Crim. P. 16(a)(1)(E)).  For these reasons, Rehl's claim for relief under Rule 16 should be denied.

### 2.  Rehl is not Entitled to the Relief He Seeks Pursuant to Rule 12.

Citing Fed. R. Crim. P. 12(b)(4)(B), Rehl (at 6-8) seeks an order requiring the government to provide "notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."  But Rehl has failed to trigger the notice requirements of Rule 12(b)(4)(B), and his motion should therefore be denied.

Rule 12(b)(4)(B) provides that:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Rule 12(b)(4)(B) does require the government to "respond to a defendant's request for notice whether the government intends to offer *specific evidence* that the request identifies." *United States v. Ishak*, 277 F.R.D. 156, 159 (E.D.VA. 2011) (emphasis added).  However, "[i]n order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity." *Id.*  Although "Rule 12 requires that the government disclose certain evidence to a defendant . . . the task of identifying what evidence discoverable under Rule 16 might be the rightful object of a suppression motion belongs to that defendant." *Id.*  Of course, to avoid the filing of a motion to suppress evidence the government does not intend to use, if the defendant flags potentially suppressible evidence, the rule requires the government to disclose whether it intends to offer the "specified evidence" during its case-in-chief.  *Id.*; *see also United States v. Smith*, 277 Fed. Appx. 187, 191 (3d Cir. 2008).  But the onus is on the defendant to identify such evidence and make the specific request of the government.

8

In *United States v. Gonzales*, Chief Judge Howell relied on *Ishak* in denying a motion similar to Rehl's, ruling that the defendant must identify potentially suppressive evidence with specificity before the government is required to provide notice.  No. 20-cr-40, 2020 WL 6158246 at *5 (D.D.C. Oct. 21, 2020).  As the Chief Judge explained:

> The Advisory Committee's note to Rule 12 states that the purpose of the rule is to ensure that a defendant can "make his motion to suppress prior to trial" by "request[ing] the government to give notice of its intention to use *specified evidence* which the defendant is entitled to discover under rule 16." FED. R. CRIM. P. 12, advisory committee's note (emphasis added).
>
> ***
>
> While Rule 12(b)(4) plainly triggers an earlier disclosure of the government's intended use at trial of certain evidence than may otherwise be required, defendant's first request highlights a disagreement over whether this rule merely allows a defendant to require the government to disclose whether it intends to use specific evidence identified by the defendant at trial or has broader scope to require, in effect, the government to produce its exhibit and witness lists. *Compare, e.g.*, *United States v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011) (denying motions for unspecified Rule 12 disclosure; holding that "[i]n order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity"), and *United States v. DeLeon*, 428 F. Supp. 3d 698, 715 (D.N.M. 2019) (same, citing *Ishak*), with *United States v. Anderson*, 416 F. Supp. 2d 110, 112 (D.D.C. 2006) (granting motion for Rule 12 disclosure and requiring government to notify defendant of evidence to be offered in its case-in-chief from broad categories of evidence identified by defendant).  Given the language of the Rule 12(b)(4)(B) and the Advisory Committee's emphasis on requests for "specified evidence," this Court agrees with *Ishtak* that the Rule "is a procedural and timing rule that allows a defendant who is aware that the government is in possession of certain specific evidence—probably by virtue of Rule 16—to require that the government disclose whether it intends to present that evidence in its case-in-chief." *Ishak*, 277 F.R.D. at 160 (citing *United States v. Western Titanium*, No. 08–CR–4229, 2010 WL 4117294, at *3 (S.D. Cal. Oct. 18, 2010) ("Rule 12(b)(4)(B) does not appear to be intended as a means to enable defendants to pinpoint particular pieces of evidence subject to suppression, but as a means to identify evidence for which a motion to suppress is not required," leaving the evaluation to defense counsel of whether a suppression motion is necessary)); *see also* 1A Wright & Leipold, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 196 ("Courts have required a defendant requesting notice under Rule 12(b)(4) to specifically identify the information it seeks, and the defense must make its request at arraignment, or as soon thereafter as is practicable." (citations and internal quotation marks omitted)).  In other words, defendant must specify the evidence with some precision before the government is required to provide notice.

*Id.* at *5.  As the Chief Judge further explained: "Defendant cannot shift [his] burden onto the government.  Rule 12(b)(4)(B) only allows the defendant to obtain notice from the government after the defendant has identified the evidence that it may want to move to suppress."  *Id.*  Unless and until the defendant satisfies this initial requirement, there is no basis for the Court to order the government to provide notice under Rule 12(b)(4)(B).

## CONCLUSION

For the foregoing reasons, defendant Rehl's motion should be denied.


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     */s/ Luke M. Jones*
LUKE M. JONES, VA Bar No. 75053
ERIK M. KENERSON, OH Bar No. 82960
JASON B.A. MCCULLOUGH
D.C. Bar No. 998006; NY Bar No. 4544953
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7066
Luke.Jones@usdoj.gov