**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 21-CR-175-1 (TJK)** |
| | : | |
| **ETHAN NORDEAN** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION FOR LEAVE TO FILE SUR-REPLY IN CONNECTION WITH
DEFENDANT NORDEAN'S MOTION FOR AN ORDER DIRECTING THE GOVERNMENT
TO IDENTIFY BRADY MATERIAL IN PRODUCED DISCOVERY**

The United States hereby respectfully moves for leave to file a sur-reply to defendant Ethan Nordean's reply (ECF 379) to his Motion for an Order Directing the Government to Identify *Brady* Material in Produced Discovery (ECF 365). In support of this motion, the government states the following:

1.     On May 19, 2022, Defendant Nordean filed his motion.

2.     On June 2, 2022, the government filed its opposition.

3.     After the government filed its opposition, Defendant Nordean presented the Court with facts and argument surrounding an "example" of a purported issue with the government's discovery productions. Defendant Nordean introduced this issue first at the hearing on June 2 and then provided further description in his reply on June 7.

4.     In order to address the allegations raised in the first instance after the government had filed its opposition, the government seeks leave to file a brief sur-reply.

5.     "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Groobert v. President and Dirs. of Georgetown Coll.*, 219 F. Supp. 2d. 1, 13 (D.D.C.

2002) (internal citation and quotation omitted) (permitting party to file a sur-reply because it addressed a new matter presented by the defendant's reply). Whether to allow a sur-reply brief is within the sound discretion of the district court. *Id.* (citing *American Forest & Paper Ass'n v. U.S. Envtl. Prot. Agency*, 1996 WL 509601, at \*3 (D.D.C.1996) (permitting party to file a proposed sur-reply because it "is helpful to the adjudication of the . . . motions in this case, and is not unduly prejudicial" to opposing party."))

6.      The government asserts that, without leave to file a sur-reply, the government would lack the opportunity to respond to the new arguments and allegations raised in the defendant's reply.

WHEREFORE, the government requests that the Court grant the government's motion and permit the filing of the sur-reply attached to this motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:      */s/ Jason McCullough*
JASON B.A. MCCULLOUGH
D.C. Bar No. 998006; NY Bar No. 4544953
ERIK M. KENERSON
Ohio Bar No. 82960
NADIA E. MOORE, NY Bar No. 4826566
     On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7233 //
jason.mccullough2@usdoj.gov

2

By:      /s/ Conor Mulroe
         CONOR MULROE, NY Bar No. 5289640
         Trial Attorney
         U.S. Department of Justice, Criminal
         Division
         1301 New York Ave. NW, Suite 700
         Washington, D.C. 20530
         (202) 330-1788
         Conor.Mulroe@usdoj.gov