UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No.  21-cr-00175-TJK-3 |
| | * | |
| **ZACHARY REHL** | * | |

**MOTION TO REQUIRE GOVERNMENT TO DESIGNATE AND PRODUCE
ANY IMAGES, VIDEO AND AUDIO RECORDINGS, OUT-OF-COURT STATEMENTS,
TRANSCRIPTS AND SUMMARY CHARTS IT WILL USE IN TRIAL BEFORE THE
DEADLINE FOR FILING PRETRIAL MOTIONS**

Zachary Rehl, by his undersigned counsel, hereby respectfully moves the Court, pursuant to the Federal Rules of Evidence and Criminal Procedure to Order the government to designate and produce in advance of any deadline for filing pretrial motions any images; video and audio recordings; out-of-court statements; transcripts; summary charts and materials that will be summarized in summary charts that the government may seek to introduce at trial as evidence or use at trial as an aid to the jury.

Were the Court to deny this request, Mr. Rehl respectfully requests that the Court bar the government from introducing or using any such materials at trial to the extent any delay in designation and production of such materials prejudices Mr. Rehl.

**INTRODUCTION**

As the Court is aware, the volume of discovery produced by the government is unprecedented. To date, the Government has not designated which, if any, of the materials listed above it will seek to introduce or use at trial.  It has also not designated any summary charts, or transcripts it will seek to introduce or use at trial.  Before any of these materials may be introduced as evidence or used at trial, preliminary rulings of authenticity and admissibility by the Court will be required either by way of rulings on motions in limine or upon objection at trial.  In light of the

volume of materials, a deadline for designation and production of such materials is necessary to allow for the filing of pretrial motions and an orderly and just resolution of issues without undue delay before trial.

I.     **GOVERNMENT SHOULD IDENTIFY OUT-OF-COURT STATEMENTS IT PLANS TO INTRODUCE**

     A.     **Federal Rule of Evidence 801(d)(2)(e)**

In its case in chief, the Government is likely to seek to introduce a number of out-of-court statements. Each of those statements is subject to various evidentiary objections. For example, in order to introduce out-of-court statements, the government will need to show that the statement is not inadmissible hearsay.

Under Rule 801(d)(2)(E), an out-of-court statement is not hearsay if it is "offered against an opposing party and ... was made the party's coconspirator during and in furtherance of the conspiracy." FED. R. EVID. 801(d)(2)(E). To admit such a statement, the Court must find by the preponderance of the evidence that: (1) a conspiracy existed; (2) the defendant and the out-of-court declarant were involved in the conspiracy; and (3) the statement to be introduced was made in furtherance of that conspiracy. The "in furtherance of" requirement is a limitation on what statements by co-conspirators may be admitted; mere narratives of past successes and failures, for example, are not admissible. *United States v. Haldeman*, 559 F.2d 31, 110 (D. C. Cir.1976) (en banc), *cert. denied*, 431 U.S. 933 (1977). A "conspirator's casual comments to people outside or inside the conspiracy" are also not admissible under this rule. *United States v. Tarantino*, 846 F.2d 1384, 1411-12 (D.C. Cir. 1988). Given the nature of the allegations in this case, it is anticipated that a number of the statements the government will seek to introduce are statements made by persons other than

2

Mr. Rehl and will not be "in furtherance" of the conspiracy and thus inadmissible. Thus it is anticipated that the government will seek to introduce a substantial number of inadmissible statements or ones subject to evidentiary disputes.

The D.C. Circuit has stated that "the better practice is for the court to determine before the hearsay evidence is admitted that the evidence independent of the hearsay testimony proves the existence of the conspiracy sufficiently to justify admission of the hearsay declarations." *United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980). *Jackson* did recognize that the Court has discretion not to make such decisions pretrial and admit the evidence conditionally. If at the end, the government has not met its burden under 801(d)(2)(E), then the Court must strike the inadmissible statements or declare a mistrial. *Id.*

In a case such as this where it is anticipated that the Government will seek to introduce a large number of out-of-court statements, many of which will not meet the "in furtherance" requirement, the "better practice" would be for these issues to be resolved pretrial. To wait until the end of the government's evidence runs the risk that the prejudicial effect of the inadmissible evidence would be insurmountable and require a mistrial. Given the volume of out-of-court statements the government is likely to seek to introduce, waiting until the middle of trial to resolve these issues is also likely to unduly delay the trial while a jury sits and waits for the court to make disputed evidentiary rulings. *See, e.g., United States v. Bazezew,* 783 F.Supp.2d 160, 166 (D. D.C. 2011):

> [T]his may be one of those unusual cases where it would be prudent to follow the "better practice" of deciding before trial whether a conspiracy existed, whether these defendants were a part of it, and thus whether the proffered statements allegedly made in furtherance of the conspiracy should be admitted in evidence. Because such a pretrial determination of conspiracy and the admissibility of the alleged co-conspirator statements may be time-consuming, the Court

will first direct the government promptly to produce to the Court and to the defendants all such co-conspirator statements that it intends to use as evidence at trial. Only after reviewing these statements will the Court be able to determine whether it is necessary or appropriate to conduct what will undoubtedly be a lengthy pretrial hearing or, possibly, to employ some other recognized pretrial procedure.

### B.  Federal Rule of Evidence 106 - Rule of Completeness

Federal Rule of Evidence 106 permits the contemporaneous admission of portions of writings or recorded statements when the already introduced portions might be misleading unless properly placed in context.[1] Again, in a case such as this, where intent will be a significant issue and the government will seek to present its case in substantial part based on out-of-court statements by others, it is anticipated that the rule of completeness will come up repeatedly. Rule 106 issues must necessarily be resolved pretrial. It would be unworkable and cause undue delay if in the middle of trial, the Court were required to resolve whether additional materials such as video segments or written messages must be introduced under the rule of completeness at the same time as the government moves to introduce an out-of-court statement. It would be difficult if not impossible for defendant to locate and present video segments or messages as a witness sits and the jury waits. Such a procedure would defeat the primary function of Rule 106, which is to preserve fairness and avoid "the specter of distorted and misleading trials." *United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986).

---

[1] Rule 106 provides:

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Rule 106 explicity changes the normal order of proof in requiring that such evidence must be "considered contemporaneously" with the evidence already admitted. Whether Rule 106 concerns the substance of evidence, however, is a more difficult matter. The structure of the Federal Rules of Evidence indicates that Rule 106 is concerned with more than merely the order of proof. Rule 106 is found not in Rule 611, which governs the "Mode and Order of Interrogation and Presentation," but in Article I, which contains rules that generally restrict the manner of applying the exclusionary rules. Moreover, every major rule of exclusion in the Federal Rules of Evidence contains the proviso, "except as otherwise provided by these rules,"16 which indicates "that the draftsmen knew of the need to provide for relationships between rules and were familiar with a technique for doing this." There is no such proviso in Rule 106, which indicates that Rule 106 should not be so restrictively construed.

Rule 106 can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously. A contrary construction raises the specter of distorted and misleading trials, and creates difficulties for both litigants and the trial court.

The most sensible course is to allow the prosecution to introduce the inculpatory statements. The defense can then argue to the court that the statements are misleading because of a lack of context, after which the court can, in its discretion, permit such limited portions to be contemporaneously introduced as will remove the distortion that otherwise would accompany the prosecution's evidence. Such a result is more efficient and comprehensible, and is consonant with the requirement that the "rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of the law of evidence to the end that the truth may be ascertained and proceedings justly determined."

Moreover, under this approach the trial court can focus solely on issues of distortion and timing as mandated by Rule 106. The trial court has a wide range of discretion to expeditiously structure the inquiry, as the judge did in this case by requiring Sucher's attorney to point to specific passages of the transcript that ought to have been admitted to avert the distorting effect of the portions already introduced by the government. In addition, the provision of Rule 106 grounding admission on "fairness" reasonably should be interpreted to

> incorporate the common-law requirements that the evidence be relevant, and be necessary to qualify or explain the already introduced evidence allegedly taken out of context.
>
> . . .
>
> The excluded statements would have partially rebutted the government's use of the recordings, and were relevant to Sucher's defense. Since this was a criminal case Sucher had a constitutional right not to testify, and it was thus necessary for Sucher to rebut the government's inference with the excluded portions of these recordings. Under our analysis of Federal Rule of Evidence 106, Sucher should have been permitted to introduce these four portions of the recorded conversation with Peacock if considerations of "fairness" justified contemporaneous admission and consideration.

*Sutton*, 801 F.2d at 1368-70.

In this case, each of the out-of-court statements the government may seek to introduce may refer or relate to multiple other statements, conversations and video segments, which Mr. Rehl would be entitled to introduce pursuant to FED. R. EVID. 106. The process of asserting Rule 106 rights in a case such as this will not be workable if such objections can only be made in the midst of trial.

    **C.**    **Recordings and Transcripts**

Recorded conversations create special admissibility problems that are best resolved pretrial. To be admissible, a recording must be "audible and comprehensive enough for the jury to consider the contents." *United States v. Slade*, 627 F.2d 293, 301 (D.C. Cir. 1980). Tape recordings are inadmissible where the "unintelligible portions are so substantial as to render the recording as a whole untrustworthy." *United States v. Monroe*, 234 F.2d 49, 55 (D.C. Cir. 1956). Recordings also must be "authentic, accurate, and trustworthy." *Slade, supra*. Given the volume of recordings the government may seek to introduce, it makes no sense for Mr. Rehl to spend CJA funds to cull through all the thousands of recordings and file anticipatory objections to those which may be

unintelligible, irrelevant or otherwise inadmissible when the Government will not seek to introduce them.

The practice the D.C. Circuit has approved when the government seeks to use a transcript of a recording in a criminal trial is workable only if the government produces any transcript it intends to use in advance of trial to allow the defense to review and prepare an alternative transcript if necessary:

> We believe that the best practice remains for the parties to devise a stipulated transcript. On many occasions a defendant may object to the accuracy of a transcript and argue that the underlying tape recording is too unintelligible to be effectively challenged. If there is a general objection to the accuracy of the transcript, but no alternative transcript is offered, then the judge may review the transcript against the tape and whatever other evidence is presented and certify the transcript's accuracy, but the jury must be informed that the transcript is only one party's version. If a party makes specific objections to the transcript, or offers an alternative transcript, then "the jury is entitled to consider the divergence in two transcripts of the same conversation, with the recording of it, as a problem of fact to be resolved in the traditional manner." The jury may be given one transcript containing both versions of the disputed portions or two separate transcripts. The parties should each be given an opportunity to put on evidence supporting the accuracy of its version or challenging the accuracy of the other side's version. No matter which of these procedures is utilized, the jury should be instructed that the tape recording constitutes evidence of the recorded conversations and the transcript is an interpretation of the tape. The jury must be instructed that they should disregard anything in the transcript that they do not hear on the recording itself. Moreover, the court must ensure that the transcript is used only in conjunction with the tape recording.

*United States v. Holton*, 116 F.3d 1536, 1542-43 (D.C. Cir. 1997).

At this stage, the government has not designated which if any recordings it will seek to introduce nor produced any transcripts of such recordings.

Moreover, again under Rule 106, the defense may move to introduce contemporaneously other segments of any recording once the government seeks to introduce a segment rather than the entire recording. Accordingly, as to any recordings and transcripts the Government intends to introduce or use at trial, it should be required to produce a transcript of the entire recording and not merely those segments it may seek to introduce.

### D. The Government Should Designate the Recordings It Will Use

At a minimun, the Government should be required to designate which recordings it plans to use at trial so that the Defense can begin to determine whether there are any evidentiary, audibility or completeness issues. This will also allow the Defendants to transcribe any recordings they may deem necessary to confront the recordings the government may seek to introuduce.

### E. Summary Charts

Similar logistical and fairness problems arise if the government intends to introduce any summary charts, which it does not produce until after the defendants' deadline for filing motions has passed. Federal Rule of Evidence 106 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Rule 1006 entitles a defendant to review the charts for accuracy and completeness and requires the proponent of the chart to provide the underlying information at a "reasonable time and place." The government should therefore produce any charts it may seek to introduce in time for Mr. Rehl to be able to litigate any issues related thereto by the motions deadline.

## CONCLUSION

The Court has plenary authority to Order the government to produce transcripts and summary charts or designate recordings and the subject matter of the charts in time for such issues to be litigated in an orderly fashion and to prevent unfairness and undue delay at trial. Accordingly, Mr. Rehl respectfully requests that this Honorable Court Order the government to designate and produce in advance of any deadline for filing pretrial motions any images; video and audio recordings; out-of-court statements; transcripts; summary charts and materials that will be summarized in summary charts that the government may seek to introduce at trial as evidence or use at trial as an aid to the jury.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Trial Bar No. 03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was served on all counsel of record via ECF this 11th day of June, 2022.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**