UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-175-3 (TJK) |
| | : | |
| ZACHARY REHL, | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT REHL'S "MOTION" FOR LEAVE TO RESPOND TO THE PRESS RELEASE ISSUED BY THE DEPARTMENT OF JUSTICE**

On June 6, 2022, Counsel for Defendant Rehl moved this Court for "leave to respond to the press release issued by the Department of Justice." ECF 377 at 1. The Court should deny the motion because the relief sought is neither necessary nor appropriate. When the government issued its press release on June 6, 2022, the government complied by the Local Criminal Rules[1] and the D.C. Rules of Professional Conduct[2] with respect to extrajudicial statements. Defendant Rehl must follow the same rules. This Honorable Court need not issue what would amount to an advisory opinion in response to Defendant Rehl's motion.

---

[1] *See* Local Criminal Rule 57.7(b) ("The foregoing shall not be construed to preclude the lawyer or law firm during this period, in the proper discharge of official or professional obligations, from announcing the fact and circumstances of arrest . . . from disclosing the nature, substance, or text of the charge, including a brief description of the offense charged; from quoting or referring without comment to public records of the court in the case; from announcing the scheduling or result of any stage in the judicial process; from requesting assistance in obtaining evidence; or from announcing without further comment that the accused denies the charges.")

[2] *See* D.C. Rules of Professional Conduct 3.6 ("A lawyer . . . shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of mass public communication and will create a serious and imminent threat of material prejudice to the proceeding.") and 3.8(f) ("Except for statements which are necessary to inform the public of the nature and extent of the prosecutor's action and which serve a legitimate law enforcement purpose, make extrajudicial comments which serve to heighten condemnation of the accused[.]")

1

**ARGUMENT**

Following the return of the Second Superseding Indictment in this case, the Department of Justice issued a brief press release. *See* Leader of Proud Boys Indicted in Federal Court for Conspiracy and Other Offenses Related to U.S. Capitol Breach (Mar. 8, 2022) *available at https://www.justice.gov/usao-dc/pr/leader-proud-boys-indicted-federal-court-conspiracy-and-other-offenses-related-us-capitol*. The press release set forth the "nature, substance, [and] text of the charge" and included a "brief description of the offense charged" and it "quot[ed] or refer[ed] without comment" to the indictment. *See* LCrR 57.7(b)(3). At the time, DOJ's press release drew no criticism from the defendants.

Three months later, following the return of the Third Superseding Indictment in this case, DOJ issued another brief press release. *See* Leader of Proud Boys and Four Other Members Indicted in Federal Court For Seditious Conspiracy and Other Offenses Related to U.S. Capitol Breach (June 6, 2022) *available at https://www.justice.gov/opa/pr/leader-proud-boys-and-four-other-members-indicted-federal-court-seditious-conspiracy-and*. As with the press release issued on March 8, 2022, the June 6 press release set forth the "nature, substance, [and] text of the charge" and included a "brief description of the offense charged" and it "quot[ed] or refer[ed] without comment" to the Third Superseding Indictment. The press release was unremarkable in every sense of the word. In fact, the press release issued on June 6, 2022, repeated—verbatim—large sections of the previous press release.

Citing the need to "respond to the press release," Defendant Rehl responded with a four-page document (styled as a "Motion") that complained, exclusively, about the government's *decision* to charge seditious conspiracy. Defendant's "Motion" is devoid of any allegation that DOJ's press release had ventured into any improper territory. In truth, Defendant Rehl's "Motion"

was nothing more than a vehicle for Defendant Rehl to publish a statement in response to the Third Superseding Indictment—the purported relief sought in the "Motion." It thus appears that the only person seeking to "get[] around the Local Rule" with an inflammatory filing is Defendant Rehl. *Compare* ECF 377 at 3-4 *with* Spencer S. Hsu, et al., Proud Boys Leader and Lieutenants Charged with Seditious Conspiracy, Washington Post (June 6, 2022) *available at* *https://www.washingtonpost.com/dc-md-va/2022/06/06/tarrio-proud-boys-seditious-conpiracy/* ("Rehl attorney Carmen Hernandez called the action by prosecutors ahead of an August trial date exceedingly heavy-handed against her client[.]" … "'To bring such a serious charges against Mr. Rehl at this late date without alleging a single new fact against him is simply wrong and deserves a response.'"). Worse still, Defendant Rehl's filing mischaracterized the elements of the offense charged in the Third Superseding Indictment. The Third Superseding Indictment does not require that the government prove that Defendant Rehl "conspire[d] to overthrow, put down, or to destroy by force the Government of the United States." *See* ECF 377 at 1. Indeed, as is clear from the face of the Third Superseding Indictment, that is a prong of the Seditious Conspiracy statute with which Defendant Rehl is not charged.

DOJ's press release does nothing more than inform the public of the nature and extent of the superseding indictment. There are no statements in the June 6 press release that heighten condemnation of the accused. DOJ's press release was thus firmly within the bounds of Local Criminal Rule 57.7 and D.C. Rules of Professional Conduct 3.6 and 3.8(f).

Defendant Rehl is bound by the same rules as the government. To the extent Defendant Rehl wishes to make an extrajudicial statement, that statement must comply with those strictures. Defendant Rehl should not endeavor to co-opt this Court's docket to announce his displeasure with the government's charging decisions.

3

With respect to instant motion (ECF 377), the rules that govern extrajudicial statements provide clear guidance to Defendant Rehl and his co-defendants. Wherefore, the government requests that this Court deny Defendant Rehl's Motion outright or at least to the extent it seeks relief from the Local Criminal Rules or Rules of Professional Conduct.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:      */s/ Jason McCullough*
JASON B.A. MCCULLOUGH
D.C. Bar No. 998006; NY Bar No. 4544953
ERIK M. KENERSON
Ohio Bar No. 82960
NADIA E. MOORE, NY Bar No. 4826566
    On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7233 //
jason.mccullough2@usdoj.gov

By:      */s/ Conor Mulroe*
CONOR MULROE, NY Bar No. 5289640
Trial Attorney
U.S. Department of Justice, Criminal Division
1301 New York Ave. NW, Suite 700
Washington, D.C. 20530
(202) 330-1788
Conor.Mulroe@usdoj.gov

4