UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO: 21-CR-0175-3 (TJK) |
| | * | |
| ZACHARY REHL, | * | |
| Defendant | * | |

********

**MOTION TO PRECLUDE DISCLOSURE AND USE OF
PRIVILEGED MARITAL COMMUNICATIONS**

Zachary Rehl, by his undersigned counsel, hereby respectfully moves this Honorable Court to preclude the government from disclosing publicly privileged marital communications or using such communications against Mr. Rehl.

**A.     Factual Background**

1. During the course of its investigation in this case, the government has obtained and reviewed electronic devices, which contain communications between Mr. Rehl and his wife.[1]

2. At the time that the communications were made, Mr. and Mrs. Rehl were married.

3. The communications between Mr. and Mrs. Rehl were private communications between spouses made with the expectation of privacy.

4. Counsel for Mr. Rehl first noted the government's possession of privileged marital communications at a recent hearing held in the instant case.

5. Such marital conversations are covered by the confidential marital communications privilege, which shields communications made in confidence during a valid marriage. *See Pereira v. United States,* 347 U.S. 1, 6 (1954).

---

[1] It is not clear whether the government in addition to inspecting the contents of Mr. Rehl's devices has also seized and inspected the contents of Mrs. Rehl's communications devices.

**B.      The Law on Marital Privileges**

> The federal common law recognizes two types of marital privileges: the privilege against adverse spousal testimony and the confidential marital communications privilege. The former allows a spouse called as a witness against his or her spouse in a criminal proceeding to refuse to testify, and the latter protects from disclosure private communications between the spouses in the confidence of the marital relationship. Noting the evolutionary development of testimonial privileges, the Supreme Court in *Trammel* 445 U.S. 40, 53 (1980) expressed doubt about the continued vitality of the justifications for the privilege against adverse spousal testimony and limited the circumstances under which it may be invoked. *Trammel v. United States,* 445 U.S. 40, 47–53 (1980). By contrast, the Court reaffirmed the significance of the confidential marital communications privilege and its important role in protecting the marital relationship, " 'the best solace of human existence.' " As the Supreme Court observed on an earlier occasion, "[t]he basis of the immunity given to communications between husband and wife is the protection of marital confidences, regarded as so essential to the preservation of the marriage relationship as to outweigh the disadvantages to the administration of the justice which the privilege entails."

*S.E.C. v. Lavin,* 111 F.3d 921, 925 (D.C. Cir. 1997) (internal citations omitted).

The confidential communications privilege:

> bars the admission of: (1) any words or actions which are intended by one spouse to be a communication to the other; (2) when the communications occurred during the time of a valid marriage; and (3) where the spouse intended for the communication to be confidential.

*United States v. Duran*, 884 F.Supp. 537, 540 (D. D.C. 1995)

Here, there is no doubt that the communications between Mr. and Mrs. Rehl meet the requirements for application of the confidential martial communications privilege.

WHEREFORE, Mr. Rehl respectfully moves this Honorable Court to preclude the government from publicly disclosing any communications made between him and his wife during the course of their marriage and to preclude the government from using any such communications in any other fashion.

Respectfully submitted,

/s/
**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 14th day of October, 2022.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**