**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO: 1:21-cr-0175-3 (TJK)** |
| | * | |
| **ZACHARY REHL,** | * | |
| **Defendant** | * | |

********

**ZACHARY REHL'S MOTION TO DISMISS**
**THE INDICTMENT AND FOR EXPEDITED REVIEW**

Mr. Rehl, through undersigned counsel, respectfully moves that this Honorable Court dismiss the indictment in this case and impose such other sanctions as are just and proper on the grounds that the government has violated Mr. Rehl's rights to a fair trial and to the due process of law by failing to produce until this past week information "favorable to" Mr. Rehl that is "material either to guilt or to punishment" under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and as required by the Due Process Protections Act. *See* Order, entered 3/4/21:

> Pursuant to the Due Process Protections Act, the Court hereby ORDERS that all government counsel shall review their disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as set forth in Local Criminal Rule 5.1, and comply with those provisions. The failure to comply could result in dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses, continuances, Bar discipline, or any other remedy that is just under the circumstances.[1]

The motion is being filed now because it is based upon information disclosed to the defense

---

[1] The Due Process Protections Act, enacted in October 2020, amended Federal Rule of Criminal Procedure 5 to require district courts to issue, at the first court appearance in every criminal case, an order confirming the prosecutor's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order.

for the first time during the last week. Counsel for the other defendants have authorized undersigned counsel to state that they join in this request.

## FACTUAL BACKGROUND

[redacted] [redacted]

[redacted]

[redacted]

The government's conduct in failing to disclose this information which has been in its possession in some instances since late 2020, will severely prejudice Mr. Rehl's ability to prepare a

[2] [redacted]

defense. Or, it may derail the trial schedule in this case. The Court should not countenance the government's conduct.



**B.**

[redacted]

[redacted]

[redacted]

[3] On November 1, 2022, the parties had a conference call in the instant case relating to the jury instructions and questionnaire. On November 2, 2022, the government provided its edits to said documents and counsel spent the rest of the day reviewing and editing the jury instructions and questionnaires for submission to the Court.

[redacted]

Local Criminal Rule 5.1(g), which was adopted by this Court in the aftermath of the prosecution of former Senator Ted Stevens, Case No. 08-231 (EGS), which was ultimately dismissed after trial once the *Brady* violations came to light states in pertinent part:

> **(g) If the government fails to comply with this rule, the Court, in addition to ordering production of the information, may:**
>
> (1) specify the terms and conditions of such production;
> (2) grant a continuance;
> (3) impose evidentiary sanctions; or
> (4) enter any other order that is just under the circumstances.

[redacted]





**D. The Court Must Resolve these Issues on An Expedited Basis**

Given that trial is to commence in one month, Defendants cannot wait for the ordinary motions practice procedures to run their course. By the time the government's response and reply would be due, it will be too late for the defense to make adequate use of this *Brady* information. Accordingly, Mr. Rehl respectfully requests that the Court consider this motion on an expedited basis at the upcoming pretrial hearing or as soon thereafter as the Court is able to fit into its schedule.

---

[4] https://www.history.com/this-day-in-history/occupy-wall-street-begins-zuccotti-park:

On September 17, 2011, hundreds of activists gather around Zuccotti Park in lower Manhattan for the first day of the Occupy Wall Street Movement a weeks-long sit-in in New York City's Financial District protesting income inequality and corporate corruption. While the movement failed to see any of its goals or policy proposals come to fruition, years later, Occupy Wall Street is still considered a blueprint for decentralized activism.

WHEREFORE, for the reasons set forth above, Mr. Rehl respectfully requests that this Honorable Court dismiss the Indictment and impose such other sanctions as will preserve his rights to a fair trial and to the due process of law. He also respectfully requests that the Court take up this matter on an expedited basis at the scheduled Pretrial Conference or as soon thereafter as possible.

Counsel for the other defendants join in this motion.

Respectfully submitted,

/s/

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 10th day November, 2022.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**