**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.                                                                Criminal Action No. 21-175 (TJK)

ETHAN NORDEAN et al.,

*Defendants*.

## <u>TRIAL PROCEDURES ORDER</u>

In order to administer the trial of the above-captioned criminal case in a manner that is fair and just to the parties and is consistent with the goal of completing the trial in the most efficient manner, it is hereby **ORDERED** that counsel shall comply with the following procedures and requirements, in addition to those described in prior orders:

1.      <u>TRIAL AND PUNCTUALITY.</u>  Unless counsel are notified otherwise, the jury portion of the trial will be conducted each trial day from 9:30 a.m. to 12:30 p.m. and from 1:45 p.m. to 5:00 p.m. on Mondays through Fridays in Courtroom 24.  Unless otherwise instructed by the Court, counsel shall be present in the courtroom each morning promptly at 9:00 a.m. to address preliminary matters.  Trial will convene promptly at the designated time on each trial day and the jury will not be kept waiting.  Counsel shall be available in the courtroom at least five minutes before Court is scheduled to begin or resume after a recess.

2.      <u>EXHIBITS</u>.  All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from the Courtroom Deputy.  The exhibit form must contain a brief description of each exhibit.  On or before **December 27, 2022**, counsel for the Government shall furnish the Court with two sets of binders containing the Government's exhibit lists and

copies of their pre-marked exhibits.  On or before **January 3, 2023**, Defendants shall furnish the Court with two sets of binders containing Defendants' exhibit lists and copies of their pre-marked exhibits.

3. <u>WITNESSES</u>.  **Each Friday before and during trial**, the Government shall provide to the defense an "order of call" of witnesses for the following week.  It must also provide a list of witnesses the Government anticipates calling on a particular trial day **no less than 36 hours in advance (if not earlier)**.  Counsel will not be absolutely bound by these witness lists or order of call if, on occasion and in good faith, they must change an intended order of proof or find it necessary to call a witness out of turn.   In some cases, security concerns may justify non-identification of a witness by the Government until shortly before the witness is actually called.  These situations, if any, shall be brought to the Court's attention *in camera* when the witness list excluding those names is provided to defense counsel.

4. <u>ELECTRONIC EQUIPMENT</u>.   Representatives of either side who intend to use electronic equipment during the course of this trial shall promptly meet with John Cramer, Courtroom Technology Administrator of the Clerk's Office (202-354-3019), to arrange for the necessary equipment.   Representatives of both sides shall meet with Mr. Cramer to become fully conversant with the procedures for use of the equipment in the courtroom.

5. <u>TAPES</u>.   For all video or audio tapes to be used in this case, counsel for both sides shall resolve any dispute regarding any alleged inaccuracy in the transcripts and/or discrepancies between the transcripts and the tapes.   If it proves impossible for counsel to resolve the dispute, they shall so advise the Court **at least three days before the tape is to be offered** so that the Court may resolve the dispute efficiently and avoid any delay to the parties, the jury, and the Court.

6.    <u>GENERAL COURTROOM RULES</u>.    The Court expects counsel to exercise civility at all times toward each other and toward everyone involved in the case or working with the Court.

    a.  Unless leave is otherwise given, counsel shall question witnesses and make opening statements and closing arguments from the lectern and shall speak into the microphone.

    b.  Counsel shall obtain permission from the Court before approaching a witness.

    c.  One counsel for the Government and one counsel for each Defendant shall be designated as lead counsel for each and every witness for purposes of direct examination, cross-examination, redirect examination, and raising objections.

    d.  The Court will strictly apply the rules on rebuttal evidence.  *See* Black's Law Dictionary (9th ed. 2009) (defining "rebuttal evidence" as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party").

    e.  Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the Court.

    f.  All statements by counsel should be directed to the Court and not to opposing counsel.

    g.  Counsel are reminded that their own opinions regarding facts or issues in a case are irrelevant and should not be communicated to the jury (*e.g.*, "I think . . . , we believe . . .").

    h.  Counsel are reminded to secure clearance from the Court before posing questions or engaging in procedures in the presence of the jury that carry a risk of undue prejudice or that by law or customary procedures require judicial pre-approval.

      i.   Unless otherwise permitted by the Court, counsel shall refer to all witnesses over the age of 18, including Defendants, as "Mr." or "Ms." or by their official title (*e.g.*, "Captain" or "Dr."). The use of first names or nicknames is prohibited. All witnesses are to be addressed in a respectful and polite manner.

7.    <u>DIRECT AND CROSS-EXAMINATION</u>. On direct and cross-examination of a witness, counsel shall not:

      a.   Testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received in evidence;

      b.   Use an objection as an opportunity to argue or make a speech in the presence of the jury;

      c.   Show the jury a document or anything else that has not yet been received in evidence without leave of the Court. If counsel is using electronic equipment to display documents to the jury and the Court, counsel shall make sure that the document has been admitted in evidence before it is shown to the jury; or

      d.   Except in extraordinary circumstances, counsel will not be permitted to recross-examine any witness.

8.    <u>OBJECTIONS AND EVIDENTIARY MATTERS</u>. Any legal matters or evidentiary issues that arise during the course of the trial—including those on which, in light of the Court's rulings on the parties' motions in limine, there is doubt whether testimony or other evidence will be admitted or the use of a chart, summary, or other demonstrative permitted—should be discussed between counsel no later than the night before the testimony or evidence is to be offered or the demonstrative is to be used. If there is no resolution, the proponent of the objection or evidence shall email to Chambers and to opposing counsel that evening or, in any

case, no later than **7:00 a.m. the next morning**, in succinct terms, a statement of the

evidentiary issue or objection and their position, with legal authority.  The opposing party shall

email, by no later than **8:00 a.m.**, the contrary position with legal authority.  The Court will

discuss and rule during the time for preliminary matters each morning.  In this way, the jury

will not be kept waiting while legal issues are discussed and resolved.

9.     <u>OBJECTIONS AT TRIAL</u>.  Bench conferences are discouraged.[1]  Counsel who

make objections during trial must state the legal basis for their objections without elaboration or

argument (unless invited)—*e.g.*, "objection, hearsay," "objection, lack of foundation."  The

Court will generally rule on the objection without additional discussion except in the most

critical areas.  For purposes of "protecting the record" and assisting appellate review, counsel

may explain or amplify their objections on the record after the jury has been excused for a

break, for lunch, or for the day.

10.     <u>RULE ON WITNESSES</u>.   Except for the parties or their authorized

representatives permitted under Rule 615 of the Federal Rules of Evidence and any expert

witnesses, all witnesses shall remain outside the courtroom except while testifying.   Unless

permission for a witness to remain in the courtroom is expressly sought and granted, the rule on

witnesses is always in effect, even during *voir dire* and opening statements.   Counsel shall

instruct witnesses not to discuss their testimony with others after they leave the stand.   Except

for a Defendant-witness (because of Sixth Amendment implications), neither counsel calling a

witness to testify nor counsel's agents should have any further discussions with that witness

concerning any aspect of the testimony already given or anticipated until such time as the

---

[1] Counsel may seek to convene a bench conference if counsel is about to engage in a line of inquiry on direct or cross-examination that reasonably necessitates preclearance, *e.g.*, potentially inflammatory areas of interrogation.

witness has completed his or her testimony.   As to a Defendant-witness, counsel and their

agents are directed to the D.C. Circuit's opinion in *United States v. McLaughlin*, 164 F.3d 1, 4–

7 (D.C. Cir. 1998).  At all other times, within the bounds of governing ethics rules and the law,

counsel may pursue their discussions with witnesses during the trial.

11.   <u>WITNESSES ON CALL</u>.  Once the trial begins, witnesses shall be put on call at

the peril of the calling party.   The trial will not be recessed because a witness on call is

unavailable, except in extraordinary circumstances.   The Court will endeavor to accommodate

out-of-town witnesses if counsel alerts the Court.   The party calling a witness shall arrange for

that witness's presence until cross-examination is completed, including the following trial day if

need be.  The failure to have a witness present for cross-examination following direct

examination is grounds to strike the witness's testimony.

12.   <u>PRESENCE OF COUNSEL</u>.   Once court is in session, lead counsel shall not

leave the courtroom without the Court's express permission.   Failure of counsel to be present

and on time may result in sanctions.

13.   <u>SUA SPONTE JURY INSTRUCTIONS</u>.   Any necessary *sua sponte* jury

instructions shall be written out by counsel requesting them and shall be given to the Court in a

form in which the Court might read the instructions to the jury.   Failure to do so shall be

deemed a waiver of any such request.   In the event that the instructions are given, it shall be

counsel's responsibility to remind the Court of the necessity for inclusion of any *sua sponte*

instructions in its final charge by **4:00 p.m. on the day *before* the date on which** the final

charge is to be given by the Court to the jury.

14.   <u>VERBAL OR FACIAL CONTACT WITH THE JURY</u>.   Counsel, Defendants,

and law-enforcement personnel shall not make any verbal comments, facial expression, laughter

or other contact with the jury that could be interpreted as conveying a comment one way or the

other with respect to any testimony, argument, or event that may occur during trial.   Nor shall

any such persons offer gratuitous comments or asides about witnesses' testimony or opposing

counsel.

15.   <u>CLOSING ARGUMENTS AND INSTRUCTIONS</u>.   The courtroom will be

locked during jury instructions and no one will be permitted to enter or leave.   In making

closing arguments, counsel shall be limited by the evidence presented during trial and are

reminded of the prohibition against appealing to the jurors' prejudices.   Moreover, during

closing argument and throughout the trial, counsel shall not:

    a.   Comment adversely on the failure of Defendants to testify on their own behalf;

    b.   Make statements of personal belief to the jury;

    c.   Make personal attacks on other counsel in the case;

    d.   Appeal to the self-interest of the jurors; or

    e.   Make potentially inflammatory racial, ethnic, political, or religious comments.

With regard to both opening statements and closing arguments, counsel are admonished

not to make statements or arguments that will engender objections.   The Court will intervene

*sua sponte* and not wait for objections if it detects a failure to adhere to basic legal principles

and standards of civility.   Failure to abide by these rules may result in sanctions.

16.   <u>USE OF EXHIBITS, CHARTS, AND SUMMARIES FOR OPENING

STATEMENTS AND CLOSING ARGUMENTS.</u>   Any exhibits, charts, summaries, or

demonstratives, including PowerPoint presentations, to be used in opening statements or

closing arguments must be cleared by all counsel and, if any party objects, the objection

presented to the Court in advance.  The parties shall provide any such exhibits, charts,

summaries, or demonstratives intended for use in connection with their opening statements to all counsel no later than **December 28, 2022 at 1:00 p.m**.  Any objection to any party's proposed use of an exhibit, chart, summary, or demonstrative in their opening statement must be submitted to the Court for resolution by **December 29, 2022.**

      **SO ORDERED.**

/s/ Timothy J. Kelly_____
TIMOTHY J. KELLY
United States District Judge

Date: December 19, 2022