UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CASE NO: 21-CR-0175-3 (TJK) |
| | * | |
| **ZACHARY REHL,** | * | |
| **Defendant** | * | |

********

### NOTICE OF FILING CASE LAW AND OTHER MATERIALS
### IN SUPPORT OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BY A
### PANEL OF IMPARTIAL, 'INDIFFERENT' JURORS

Zachary Rehl, by his undersigned counsel, hereby submits the following precedents and other materials in support of his assertion of his right to Due Process of law and a fair trial by a panel of impartial, 'indifferent' jurors. In particular, Mr. Rehl objects to the continued qualification of jurors who have expressed prejudiced views toward the Proud Boys and the allegations underlying the charges, including preconceived beliefs that the Proud Boys are a "dangerous armed group," a "hate filled group," "racists" and other clearly biased views followed by assertions that they nonetheless can be fair. As the Supreme Court has noted in reversing a conviction:

> No doubt each juror was sincere when he said that he would be fair
> and impartial to petitioner, but psychological impact requiring such
> a declaration before one's fellows is often its father. Where so many,
> so many times, admitted prejudice, such a statement of impartiality
> can be given little weight. so many times, admitted prejudice, such a
> statement of impartiality can be given little weight.

*Irvin v. Dowd*, 366 U.S. 717, 728 (1961). Moreover, were a jury panel seated with so many persons who have expressed preconceived unduly prejudicial views of the defendants, even if singly they could abide by their intent to remain impartial, once placed together in one jury it is difficult to see how their prejudices will not resurface and reinforce each other resulting in an unfair, partial jury.

## I. THE DUE PROCESS CLAUSE GUARANTEES MR. REHL AND THE OTHER DEFENDANTS THE RIGHT TO A FAIR TRIAL BY A PANEL OF IMPARTIAL, 'INDIFFERENT' JURORS

England, from whom the Western World has largely taken its concepts of individual liberty and of the dignity and worth of every man, has bequeathed to us safeguards for their preservation, the most priceless of which is that of trial by jury. This right has become as much American as it was once the most English. . . . In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors. The failure to accord an accused a fair hearing violates even the minimal standards of due process. 'A fair trial in a fair tribunal is a basic requirement of due process.' In the ultimate analysis, only the jury can strip a man of his liberty or his life. In the language of Lord Coke, a juror must be as 'indifferent as he stands unsworne.' His verdict must be based upon the evidence developed at the trial. This is true, regardless of the heinousness of the crime charged, the apparent guilt of the offender or the station in life which he occupies. It was so written into our law as early as 1807 by Chief Justice Marshall in 1 Burr's Trial 416(1807). 'The theory of the law is that a juror who has formed an opinion cannot be impartial.'

It is not required, however, that the jurors be totally ignorant of the facts and issues involved. In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.
. . .
Here the 'pattern of deep and bitter prejudice' shown to be present throughout the community, was clearly reflected in the sum total of the voir dire examination of a majority of the jurors finally placed in the jury box. Eight out of the 12 thought petitioner was guilty. With such an opinion permeating their minds, it would be difficult to say that each could exclude this preconception of guilt from his

deliberations. The influence that lurks in an opinion once formed is so persistent that it unconsciously fights detachment from the mental processes of the average man. Where one's life is at stake – and accounting for the frailties of human nature – we can only say that in the light of the circumstances here the finding of impartiality does not meet constitutional standards. Two-thirds of the jurors had an opinion that petitioner was guilty and were familiar with the material facts and circumstances involved . . .

No doubt each juror was sincere when he said that he would be fair and impartial to petitioner, but psychological impact requiring such a declaration before one's fellows is often its father. Where so many, so many times, admitted prejudice, such a statement of impartiality can be given little weight. As one of the jurors put it, 'You can't forget what you hear and see.' With his life at stake, it is not requiring too much that petitioner be tried in an atmosphere undisturbed by so huge a wave of public passion and by a jury other than one in which two-thirds of the members admit, before hearing any testimony, to possessing a belief in his guilt.

*Irvin v. Dowd*, 366 U.S. 717, 728 (1961).

## II. Materials Related to Juror #0735 Show That She Does Not Meet the Constitutional Requirement for an Impartial Juror

As noted in Court on December 20, 2022, the defense whereby submits for the record the "statement on violence in the U.S. Capitol" posted on her employer's website on January 7, 2021. Attached as Exh. 1. The sentiments expressed in the Statement are consistent with the answers she provided to the Court and in her questionnaire.

Respectfully submitted,

/s/
_____

**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 21st day of December, 2022.

                                              /s/ *Carmen D. Hernandez*

                                              **Carmen D. Hernandez**