UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CASE NO: 21-CR-0175-3 (TJK) |
| | * |
| ZACHARY REHL, | * |
| Defendant | * |

********

**REPLY IN OPPOSITION TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST THAT THE GOVERNMENT BE REQUIRED TO CREATE BINDERS FOR THE DEFENSE**

Zachary Rehl, by his undersigned counsel, replies to the government's opposition to the Court's Order that it provide binders with hard copy of its exhibits claiming that it is "time consuming" and disputing that it is the usual practice in this district to provide hard copies of exhibits. *See* Gov Opp at 2-3 (ECF 607). Both arguments are unavailing. Moreover, as the government is producing copies of its exhibits to the Court, it therefore should be required to produce a copy of the same materials to the defendants. To do otherwise would amount to an ex parte production of materials to the Court.

The government's claim that it is not the usual practice in this district for the government to provide a binder with paper copies is not accurate. In *United States v. Moore*, No. 18-cr-198 (JEB), a case involving kidnapping and first degree murder charges tried on September 19, 2022, the government produced paper copies of its exhibits to each of the four defense teams. The extensive exhibits were contained in four thick binders, which included DNA, ballistics, phone records, video and other images from electronic media and other forensic evidence.

Similarly, in *United States v. Fields*, 18-cr-0267 (APM), the government produced binders with hard copies of its exhibits for the defense on the first day of trial. *See* Gov Exhibit List (ECF

154, filed 2/20/19). In both the *Moore* and *Fields* cases, the government also produced electronic copies of exhibits.

The government's claim that it would be time consuming carries little weight, particularly when balanced against the defendants' fair trial rights. For example, producing hard copies of its exhibits is no more burdensome in this case than it was in the *Moore* case, where the exhibit list was 58 pages long; the *Nordean* exhibit list is 33 pages long. The number of exhibits in *Moore* was 2504; in the instant case, the number is 1010. A number of the *Moore* exhibits contained multi-page documents and sub-parts. Select pages of the Government's exhibit list in *Moore* case is attached as Ex. 1.

The only case the government cites in support of its claim that it is not the usual practice in this district for the government to produce hard copies of exhibits is the recent Oath Keepers prosecution. The fact that the government can only cite to another January 6 prosecution is the exception that proves the rule. It also exemplifies the government practice of seeking to treat the January 6 prosecutions differently from other prosecutions. These different practices have included the scheduling of trials and imposition of motions deadlines before all the discovery is produced.

Moreover, the need for hard copies of the exhibits in this case is particularly necessary because of the extensive amount of discovery in the case and the fact that the government continues to produce discovery, long after the Court's discovery deadline. Just on Decembre 29, 2022, the government produced several reports of investigations (FBI 302s) of interviews that it conducted in the fall of 2020 and early 2021. The government also produced multiple video tapes of Mr. Tarrio. This late production was made without explanation of why they are being produced so late. The late-productions have continued throughout the last several months.

Such disparate procedures and late production of discovery create ethical problems for defense counsel who are required to investigate cases and review discovery with their clients who have a constitutional right to assist in their own defense. Such disparate procedures and late production of discovery may also create deficiencies in the proper defense of the case that are sure to be raised on appeal and in post-conviction proceedings. Indeed, such disparate procedures violate basic notions of due process, which requires that legal matters be resolved according to established rules and principles, and prohibits disparate and unfair treatment of defendants.

The burden on the government with its extensive resources, multiple trial and appellate counsel, paralegal and other support staff, the FBI and other investigative resources is minor when compared to the burden on the much more limited resources of the defense to review and make copies of the documents and other exhibits.

In any event, there is no good and just reason why Mr. Rehl and the other defendants should be treated disparately and provided fewer considerations than that provided to other defendants prosecuted in this district, considerations that directly impact and make it more difficult to prepare and present an adequate defense.

Respectfully submitted,

/s/
**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 30th day of December, 2022.

                                                /s/ *Carmen D. Hernandez*
                                                **Carmen D. Hernandez**