UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO: 21-CR-0175-3 (TJK) |
| | * | |
| ZACHARY REHL, | * | |
|        Defendant | * | |

********

## NOTICE OF FILING MATERIALS RELATED TO GOVERNMENT DISCOVERY PRODUCTIONS

In advance of the hearing the Court has scheduled for January 3, 2023 to discuss [the government's production of hard copy binders of its exhibits to defense counsel] and other outstanding matters" Minute Order, 12/30/22, Mr. Rehl submits copies of communications from the government describing discovery productions it has made in recent months.

| Date | Description of materials |
|---|---|
| 8/26/22 | Communications between Mr. Tarrio and MPD |
| 9/6/22 | MPD radio runs relating to rallies on 7/4, 11/14; and 12/12/2020 |
| 9/25/22 | FBI files; FBI evidence items; MPD's Joint Operations Command Center (JOCC) materials re DC demonstrations; Tarrio MPD reports; US Secret Service records; GJ subpoena returns; multiple videos. |
| 10/11/22 | FBI files and FBI evidence items. |
| 11/15/22 | Select materials covered by the modified Protective Order. |
| 11/16/22 | FBI files; FBI evidence items (phone extractions; videos); GJ transcripts; recorded interviews and other records. |
| 12/7/22 | MPD records; FBI files; FBI evidence items (search warrant returns; extractions from hard drive); sealed transcripts. |
| 12/8/22 | 16 interview/deposition transcripts from the House J6 Committee. |
| 12/16/22 | FBI files; FBI evidence items (open source videos). |
| 12/29/22 | Tarrio video interviews; FBI 302s of witness interviews from 2020/2021. |

The correspondence, listed above, will be filed as under seal exhibits as the government has designated the correspondence itself to be "highly sensitive."

In addition to the above noted productions, the government has continued to make "Global Discovery" productions, the most recent such production, No. 23, was made on December 11, 2022 (copy attached). As noted in the cover letter for Global Production No. 23:

> As of December 8, 2022, over 3.89 million files (over 7.06 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 724 digital devices and 402 Stored Communications Act accounts; 2,841 FBI FD-302s and related attachments (FD-302s generally consist of memoranda of interviews and other investigative steps); 340 digital recordings of subject interviews; and 129,021 (redacted or anonymous) tips. Over 30,000 files consisting of body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies and the Hilton Garden Inn, have been shared to the defense evidence.com video repositories. For context, the files provided amount to over nine terabytes of information and would take at least 361 days to view continuously.

One terabyte is equal to "1,300 physical filing cabinets of paper." It also stores roughly:

- 250,000 photos taken with a 12MP camera;
- 250 movies or 500 hours of HD video; or
- 6.5 million document pages, commonly stored as Office files, PDFs, and presentations.

https://experience.dropbox.com/resources/how-much-is-1tb

**The Continuing Late Production of Discovery and Other Trial Preparation Materials Create Difficulties of a Constitutional Magnitude**

In sum, the government continues to dump extensive discovery materials on defendants past the deadline for filing motions and at a time when their effective use by the defense is limited because of time constraints. The continuing production of substantial amounts of discovery even after jury

selection has begun and while defense counsel are attempting to prepare for trial is an extraordinary situation, not previously experienced by any of the defense counsel.  Moreover, as noted in Mr. Nordean's Motion to Exclude Government Exhibits  (ECF 609) the government has continued to modify its exhibit and witness list, without clearly identifying for defense counsel what has been added, thus making the task of accessing and reviewing trial materials even more difficult for the defense.  Even inadvertent errors create serious problems.  For example, on December 30, the government produced replacement materials for items, which through technical glitches had not been properly produced.[1]  The 43-page document produced on December 30 is a purported transcript of the US Capitol Police Main Ops channel.  The Court had ordered that any transcripts to be used by the government during trial be produced by September 30, 2022 to allow for the advance review that the D.C. Circuit requires for the use of transcripts.[2]  Comparison of the transcript against the radio communications at this late date is impossible given the other trial preparation tasks that defense counsel are undertaking at present.

These problems are exacerbated by the recent public disclosure of materials by the House Select Committee relating to January 6, which has in past days released multiple transcripts and an 845-page report with multiple links to videos and other materials.  A number of these materials relate directly to the defendants or to government trial witnesses.

---

[1]  "Exhibit 353 should be a 43 page document, only the first page uploaded to the Series 350 zip file.  Today, I've uploaded the full 43 page exhibit.  Also, we noticed that exhibit 458 may be corrupted.  I have uploaded another copy of that exhibit.".

[2]  *See* Scheduling Order, Doc 426, 07/06/22 at 2.

Moreover, in this case the government seeks to introduce hundreds of images and videos of varying duration that may not include any of the defendants or that may include one or another of the defendants in a single frame within a sea of people. This strategy or theory of prosecution is unlike any encountered by any of the very experienced defense counsel in this case. It thus makes trial preparation particularly burdensome even were discovery to have been completed months ago.

Moreover, as the Court will note from the government's exhibit list which has been produced to the Court, none of the videos and images identify who or what is captured therein. Many if not most of these videos will not include any of the defendants but only include persons (referred to as "tools"), none of whom have been identified by the government and who may or may not be known to the defendants.[3]

From the defense perspective, this practice of continuing to produce voluminous materials simply seeks to absolve the prosecution of its discovery obligations while burdening the defense and defendant themselves. Thus, if some deficiency arises during the trial or is found after trial, the government can simply point to the fact that it produced the materials and claim that the fault, if any, lies with the defense. This practice simply transfers the burden to defense counsel, who have an ethical obligation to review materials, investigate the case and consult with the clients so they may exercise their constitutional rights to assist in their own defense but who cannot properly carry out those obligations when the discovery is produced in this fashion. The late production of materials is even more burdensome because the government has claimed that it satisfies its discovery obligations simply by producing materials without even having to identify when any of the materials

---

[3] Even those videos and images that purportedly were recovered from a particular defendant's smart phone do not identify who or what is captured within the videos and images.

are favorable to the defense under *Brady*, the Due Process Protections Act, and LCrR5.

Respectfully submitted,

/s/
**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 31st day of December, 2022.

*/s/ Carmen D. Hernandez*
**Carmen D. Hernandez**