UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Case No. 1:21-cr-175-TJK<br>) |
| v. | )<br>) |
| ETHAN NORDEAN, et al., | )<br>) |
| Defendants. | )<br>) |

**NORDEAN'S EXPEDITED MOTION FOR TEMPORARY RELEASE DUE TO HIS
INABILITY TO REVIEW TRIAL EVIDENCE**

Nordean, through his counsel, moves the Court for temporary release so he may review evidence before and during the upcoming trial and adequately confer with counsel regarding fundamental decisions. 18 U.S.C. § 3142(i). He provides the follow supporting reasons.

Nordean has a Sixth Amendment right to participate in—and, indeed, conduct—his own defense. *McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984) ("The [Sixth Amendment] . . . implies a right in the defendant to conduct his own defense, with assistance at what, after all, is his, not counsel's trial."); *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983) ("[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case, such as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal . . . ."); *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1974) (stating that the Sixth Amendment "does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense"). Thus, a defendant's complete inability to access trial materials constitutes a Sixth Amendment violation. *E.g.*, *United States v. Darden*, 2017 U.S. Dist. LEXIS

137942, *6 (M.D. Tenn. Aug. 28, 2017) (holding that defendant's inability to access discovery in jail, if uncorrected, would create Sixth Amendment problem).

Section 3142 provides,

> The judicial officer may, by subsequent order, permit the temporary release of [a detained] person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).

A defendant's inability to review discovery or trial evidence in jail is the locus classicus for temporary release under § 3142(i). *E.g.*, *United States v. Persico*, No. 84-cr-809 (JFK), 1986 U.S. Dist. LEXIS 27586, 1986 WL 3793, at *1 (S.D.N.Y. Mar. 27, 1986) (reviewing cases in which "temporary releases of defendants therein were granted prior to trial in order to facilitate the defendants' expeditious preparation for trial and thus to promote the prompt disposition of the charges against each defendant" where "[t]he concern in each case was that, given the admittedly limited access to telephones and attorney conference rooms at the detention facilities, the effective preparation of a defense might have been impossible in the short time available before the commencement of trial"). These cases involve two commonalities: (1) the defendant's total or near-total inability to access discovery, trial evidence, or otherwise prepare for trial, and (2) a short period of time before trial, usually a matter of days). *See*, *e.g.*, *United States* v. *Angiulo*, Cr. No. 83-235-N, slip op. (D. Mass. Feb. 25, 1985); *United States* v. *Franzese*, No. 85 Cr. 755, slip op. (E.D.N.Y. Feb. 19, 1986).

Nordean's case features all the usual release factors. First, he has no access to trial exhibits whatsoever. As the Court knows, Nordean was transported to the Alexandria Jail on November 30, approximately two weeks before the onset of trial. As counsel for Defendant Pezzola attempted to explain to the Court the week of January 2, the Alexandria Jail will not

2

permit the Defendants in this case to review trial exhibits and evidence on hard drives provided by their counsel. Pezzola's counsel described the access issue this way:

> Every single paper, [piece of] discovery, I've given [to the defendant] has vanished overnight with his transfer [to the Alexandria Jail]. I have this hard drive [of discovery] I want to give to Mr. Pezzola. I understand the process there, that he needs to get a laptop. Now, we have financial constraints and promises, actual promises from the Marshals office for me not to worry about it . . . I cannot even get Mr. Pezzola a hard drive because I spent the whole week of the 19th up until Christmas being told, if I get him the hard drive, they will figure something out in order for him to actually review it. They said it may be an hour a day [of discovery review], but they'll get the computer. . . .
>
> Then on, I believe, December 29th, I spoke to Chief Deputy Williams at Alexandria [Jail]. Chief Deputy Williams then tells me he can – he can approve my hard drive, and my hard drive has been authorized, but he cannot over[ride] any procedure at all, and now I have to get him a computer. So for the 10 days during the holiday, up until the new year, I'm being told one thing [and now I'm told another thing].

Tr. 2061.

Also during the week of January 2, Nordean's counsel made inquiries with the Marshals team handling the Defendants concerning their inability to access discovery and trial exhibits at the Alexandria Jail. Nordean noted that Defendant Biggs, who has been held at the Alexandria Jail for months, had ultimately managed to secure a laptop which he could use to review trial evidence in the jail's library. Nordean's counsel asked whether the Marshals would give permission to the other Defendants at the Alexandria Jail to use the same laptop, as it merely contains the set of discovery and trial evidence to which all Defendants have access. One Marshals officer informed counsel that he would check on the issue. The next day he advised counsel that the Marshals would not approve Nordean's request.

Early in the morning on January 7, counsel attempted to provide to Nordean a USB flash drive containing the government's final set of trial exhibits and his own set of exhibits. Nordean specifically requested the final set of trial exhibits. A correctional officer at the jail informed counsel that Nordean could not use the drive to review evidence. The officer explained that

3

although inmates had access to a computer or computers in the library that have USB ports, Nordean could not use the USB drive provided by counsel because that could potentially allow other inmates to see the evidence. Counsel replied that if the drive were simply removed from the computer after Nordean leaves the library, other inmates would not have access to the exhibits. The officer declined to give Nordean access to the drive.

At that point, a sergeant in charge appeared. Nordean's counsel repeated his request that the Defendant be given access to trial evidence on the USB flash drive. The sergeant indicated that she would have to speak to the Marshals to determine whether the request would be granted. After a brief absence, the sergeant returned and said that the Marshals did not concur with Nordean's request. Counsel then inquired whether the apparent security concern relating to the evidence drive was a matter of Alexandria Jail policy or coming independently from the Marshals. The sergeant appeared not to follow the question and/or declined to respond. She added that the only means by which Nordean may review the trial exhibits is with his counsel present and on a laptop brought to the facility by counsel.

These restrictions do not constitute access to the trial evidence. As the Court knows, Nordean and his counsel must appear in court during the workday. In the evening and on the weekends, Nordean's counsel cannot be present with the defendant, as counsel must respond to and file trial motions, prepare cross-examination of government witnesses, prepare defense witnesses, and everything else that must be done during a trial. In what few snatches of time remain, Nordean could not possibly keep track of the enormous volume of trial evidence. In addition, Nordean is a CJA defendant who cannot be expected to simply buy a new computer.

Second, a very short period of time remains before trial—perhaps two business days. Whatever the risks may have been in releasing Nordean in April 2021, they are plainly

4

diminished given that trial will commence imminently. And those risks never included the risk of flight, a detention ground never argued by the government. ECF Nos. 30, 32, 45, 57. Nordean does not own a valid passport and the government has never claimed otherwise.

Nordean would be released to a residence in Washington, D.C., rented by his family, who would serve as his third-party custodians. There, he would have access to the government's and the Defendants' trial exhibits without counsel having to be physically present. Upon release, Nordean would also be able to adequately confer with counsel about fundamental decisions he must make alone, including whether to testify in his own behalf. *Barnes*, 463 U.S. at 751.

For all these reasons, Nordean requests that he be temporarily released before and during trial, at which time he will remain within the district under the supervision of third-party custodians. *Persico*, 1986 WL 3793, at *1.

Dated: January 7, 2023                               Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

**Certificate of Service**

I hereby certify that on the 7th day of January, 2023, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Jim Nelson
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530
>(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, D.C. Bar No. 403068
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com