UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CASE NO: 21-CR-0175-3 (TJK) |
| | * |
| ZACHARY REHL, | * |
| Defendant | * |

********

## NOTICE REGARDING OPENING STATEMENTS

Before counsel for Zachary Rehl began opening statements, at the government's demand, the Court required counsel to preview her PowerPoint presentation and chastised counsel for disregarding the Court's Order regarding opening statements. Undersigned counsel told the Court that she believed she had complied with the Court's Order. The fact of the Court's pointed rebuke of undersigned counsel was reported by the media and discussed on social media.

In fact, undersigned counsel has reviewed the Court's Minute Order on the subject:

> 12/28/2022    MINUTE ORDER as to ETHAN NORDEAN (1), JOSEPH R. BIGGS (2), ZACHARY REHL (3), ENRIQUE TARRIO (5), and DOMINIC J. PEZZOLA (6): In light of the pace of jury selection, it is hereby ORDERED that the Court's 595 Trial Procedures Order is amended as follows: the parties shall provide any *exhibits, charts, summaries, or demonstratives* intended for use in connection with their opening statements to all counsel no later than January 2, 2023 at 1:00 p.m. Any objection to any party's proposed use of an exhibit, chart, summary, or demonstrative in their opening statement must be submitted to the Court for resolution by January 3, 2023. Signed by Judge Timothy J. Kelly on 12/28/2022. (lctjk1) (Entered: 12/28/2022)

Minute Order, 12/28/22 (emphasis added).

As undersigned counsel explained to the Court, she believed she had complied with the Court's Order. Counsel had informed the Government of each of the items that fell within the

category of items described by the Court. Counsel did not understand that the Government required a copy of the slide that would quote the First or the Sixth Amendment. Moreover, each of the items in counsel's PowerPoint that fit the category of items set out by the Court were either actual or partial segments of materials produced by the United States in discovery, of which they were well aware. In its response to undersigned counsel's submission of her opening statement materials, the government appeared to agree with Mr. Rehl's interpretation. *See* email dated 1/5/23 from AUSA McCullough ("In particular, you will need to provide the **specific photographs and portions of the videos** that you plan to introduce. We are not able to register meaningful objections to your email description."). Undersigned counsel complied with that request, sending specific photographs and portions of the videos.

Other items were only added to the PowerPoint presentation after the government's opening statement. For example, the slides regarding Donahoe's assault was added from counsel's memory of the Donahoe discovery. Moreover, the slide was not impeachment as there is no contrary recitation of Donahoe's explanation in the discovery that counsel is aware of the events and reason why Donahoe threw two water bottles at law enforcement officers. Similarly, the slide referencing Mr. Pezzola was added in response to the government's opening statement that argued that the other defendants were responsible for his conduct. Similarly, the slide regarding the Philadelphia Proud Boys' misdemeanor status based on the non-violent misdemeanor charges brought by the government was added after the government's opening statement in response to its repeated arguments that Mr. Rehl and other defendants had brought a fighting force to DC:

> Ethan Nordean, circled in red; Joe Biggs, circled in blue; and Zachary Rehl, circled in yellow, led a march to the Capitol **with a force of nearly 200 under their command**.

> . . .
>
> These defendants took aim at that process and they prepared a *fighting force* to disrupt that process and stop the transfer of power from Donald Trump to Joe Biden.

McCullough opening statement, Tr. (1/12/23) at 3221, 3233 (emphasis added). In counsel professional opinion, the sentence which the Court required counsel to delete from her opening statement presentation was a proper response to show that the Philadelphia Proud Boys, with whom Mr. Rehl came to DC were not a "fighting force."

Notably those arguments presented by Mr. McCullough were not included in any of the slides that the government shared with the defense, presumably because no counsel believed that we were required to share the words we would be using in our opening statements, which was what was contained in undersigned counsel's slides. Counsel understood that in fact the government would be amplifying its demonstrative PowerPoint slides with oral argument. Moreover, while undersigned counsel believes that the government's arguments are not supported by the evidence and its demonstrative exhibits were misleading, unduly prejudicial and inconsistent with the Court's prior rulings on the admissibility of "motive" evidence that preceded the date of the conspiracy, the Court rejected those arguments. Nonetheless, counsel did not interrupt the government's arguments to raise such an objection but waited until it was completed to object.

Indeed, counsel was taken aback when the Court required a review of each of counsel's slides before her opening statement, which followed the Court's sua sponte questioning of counsel on at least two or three separate occasions seeking assurances from counsel that she understood the Court's First Amendment ruling. Counsel does not believe she has given the Court any reason to believe that she will not abide by the Court's rulings. Unlike the Government, she has never argued

in papers that she is exempt from the Local Criminal Rules of this Court or that she can ignore the Court's rulings because the President or the Attorney General had given her authority to do so.

Counsel submits this notice to clarify for the Court why she believes she had complied with the Court's Order. She apologizes for any misunderstanding.

Respectfully submitted,

/s/

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via email on the Court and all counsel of record this 13th day of January, 2023.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**