IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 21-CR-175 (TJK) |
| : | |
| **ETHAN NORDEAN,** : | |
| **JOSEPH R. BIGGS,** : | |
| **ZACHARY REHL,** : | |
| **ENRIQUE TARRIO, and** : | |
| **DOMINIC J. PEZZOLA,** : | |
| : | |
| **Defendants.** : | |

## GOVERNMENT'S MOTION FOR ADDITIONAL TRIAL PROCEDURES

The government currently anticipates that is has fewer than five remaining witnesses in its case-in-chief. While the government cannot predict the length of the defendants' cross examination of these witnesses, the government proffers that its direct examination of these remaining witnesses will take approximately two trial days. As we head into the defendants' cases, the government respectfully moves this Court to impose additional procedures, in order to further ensure that the trial of the above-captioned criminal case is administered in a manner that is fair and just to the parties, and that is consistent with the goal of completing the trial in the most efficient manner.

1. Defendants' Individual Cases. Each defendant has indicated an intent to call multiple witnesses. In this district it is typical for defendants to present their cases seriatim where practicable. To the extent, however, that multiple defendants intend to call the same witness, the government will not object to having those witnesses presented out of order. For example, if during Mr. Nordean's case he calls Witness X, and Mr. Pezzola also intends to call Witness X, the government would not object to Mr. Pezzola conducting a direct examination of this witness during Mr. Nordean's case. The government asserts that proceeding in this fashion will promote

efficiency. Federal Rule of Evidence 611(a) states that the Court should exercise "reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; and (2) avoid wasting time. Permitting witnesses to be called out of order in the defense cases would promote such efficiency.

2. Notification of Witnesses and Witness Order. The Court has previously required the government to notify counsel in advance of its witness "order of call." ECF 595 at 2. The government respectfully requests that the Court order the defense to comply with the same procedures, as follows:

> Each Friday before and during trial, the defendants shall provide to the government an "order of call" of witnesses for the following week. It must also provide a list of witnesses the defendants anticipate calling on a particular trial day no less than 36 hours in advance (if not earlier). Counsel will not be absolutely bound by these witness lists or order of call if, on occasion and in good faith, they must change an intended order of proof or find it necessary to call a witness out of turn.

*See also United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996) (upholding trial court requiring parties to exchange witness lists in advance, relying on Federal Rule of Criminal Procedure 2, which provides that the rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.").

3. Identification of Exhibits to be used with Specific Witnesses. The government suggests that it would be appropriate for the Court to require a party sponsoring a witness to designate the specific exhibits it intends to use during that witness's testimony no later than 36 hours prior to the time it intends to call the witness.[1] Any objections to the admissibility of exhibits

---

[1] The government notes that defendants were required to provide copies of their exhibits and exhibit lists to the government on January 3, 2023. ECF 595 at 1-2. Counsel for defendants Nordean and Tarrio complied; counsel for defendants Biggs, Rehl, and Pezzola did not.

that cannot be resolved by the parties should be raised to the Court the day prior to the witness's testimony, in writing, so that the Court has an adequate time to resolve the dispute prior to the witness taking the stand.

4. Identification of Rule 106 Materials. The government suggests that it would be appropriate for the Court to require the parties to designate any Rule 106 materials it intends to introduce to complete the record 24 hours after receiving notification of the exhibits the party intends to use in the direct examination of a witness. Any disputes to the admissibility of Rule 106 materials should be raised the evening prior to the witness's testimony, in writing, so that the Court has adequate time to resolve the dispute.

5. Cross Examination of Defense Witnesses. The government also requests that this Court restrict defendants' cross-examination of their codefendants, or codefendant-sponsored witnesses, to only that portion, if any, of the testimony that is adverse the defendant. The Confrontation Clause of the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." A defendant has a right to cross-examine a codefendant, or a codefendant's witness, only where the testimony is incriminatory. *See United States v. Mercks*, 304 F.2d 771, 772 (4th Cir.1962). *See also United States v. Berrio–Londono*, 946 F.2d 158, 160 (1st Cir.1991) (the Sixth Amendment requires "an adequate opportunity to cross-examine adverse witnesses"). In *United States v. Crockett*, 813 F.2d 1310, 1314 (4th Cir. 1987), the Court considered whether a defendant had a right to cross-examine a testifying codefendant where the testimony was favorable to the defendant, and concluded that this was impermissible. "The right of confrontation does not give defendants a plenary right to elicit friendly testimony. That is the purpose of the Sixth Amendment right of a defendant 'to have compulsory process for obtaining witnesses in his favor.'" *Id.* at 1313. As several Courts have

that cannot be resolved by the parties should be raised to the Court the day prior to the witness's testimony, in writing, so that the Court has an adequate time to resolve the dispute prior to the witness taking the stand.

4. Identification of Rule 106 Materials. The government suggests that it would be appropriate for the Court to require the parties to designate any Rule 106 materials it intends to introduce to complete the record 24 hours after receiving notification of the exhibits the party intends to use in the direct examination of a witness. Any disputes to the admissibility of Rule 106 materials should be raised the evening prior to the witness's testimony, in writing, so that the Court has adequate time to resolve the dispute.

5. Cross Examination of Defense Witnesses. The government also requests that this Court restrict defendants' cross-examination of their codefendants, or codefendant-sponsored witnesses, to only that portion, if any, of the testimony that is adverse the defendant. The Confrontation Clause of the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." A defendant has a right to cross-examine a codefendant, or a codefendant's witness, only where the testimony is incriminatory. *See United States v. Mercks*, 304 F.2d 771, 772 (4th Cir.1962). *See also United States v. Berrio–Londono*, 946 F.2d 158, 160 (1st Cir.1991) (the Sixth Amendment requires "an adequate opportunity to cross-examine adverse witnesses"). In *United States v. Crockett*, 813 F.2d 1310, 1314 (4th Cir. 1987), the Court considered whether a defendant had a right to cross-examine a testifying codefendant where the testimony was favorable to the defendant, and concluded that this was impermissible. "The right of confrontation does not give defendants a plenary right to elicit friendly testimony. That is the purpose of the Sixth Amendment right of a defendant 'to have compulsory process for obtaining witnesses in his favor.'" *Id.* at 1313. As several Courts have

held, "trial courts need not assess the adverse nature of testimony according to formalistic categories—by whether a co-conspirator was called by the government, or is testifying on his own behalf or on behalf of a codefendant. The critical matter is not the formal status of a witness but the actual content of his testimony." *Id.*; *see also United States v. Kindig,* 854 F.2d 703, 708–09 (5th Cir. 1988); *United States v. Andrews*, 765 F.2d 1491, 1501 (11th Cir. 1985) (the Sixth Amendment guarantees only the opportunity to confront adverse witnesses, it does not guarantee the right to confront witnesses who testify not against but rather in favor of the party asserting the right.") (*citing United States v. Bujese*, 434 F.2d 46 (2d Cir.1970)).[2]

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY
                                      D.C. Bar Number 481052
                                      Jocelyn Ballantine
                                      Chief, Complex Conspiracy Unit
                                      Capitol Siege Section

By:       */s/ Conor Mulroe*
                      CONOR MULROE, NY Bar No. 5289640
                      Trial Attorney
                      U.S. Department of Justice, Criminal Division
                      1301 New York Ave. NW, Suite 700
                      Washington, D.C. 20530
                      (202) 330-1788
                      Conor.Mulroe@usdoj.gov

                      */s/ Jason B.A. McCullough*
                      JASON B.A. MCCULLOUGH
                          NY Bar No. 4544953
                      ERIK M. KENERSON, OH Bar No. 82960
                      NADIA E. MOORE, NY Bar No. 4826566
                          On Detail to the District of Columbia

---

[2] The government further notes that the process adopted by Judge Amit Mehta in the Oath Keeper trials has been to inquire at the conclusion of a defense witness's testimony whether any other defendant wishes to cross the witness and to demonstrate the nature of the adversity. Judge Mehta has also permitted defendants to cross examine a witness where the government's cross-examination of that witness reveals adversity.

Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530

5