IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN, et al.,<br><br>Defendants. | Case No. 21-cr-175-TJK |

**THE PRESS COALITION'S MOTION FOR ACCESS TO THE MARCH 23, 2023
HEARING AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Local Criminal Rule 57.6, Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Court TV, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., TheHuffingtonPost.com, Inc. d/b/a HuffPost, Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Newsy, POLITICO LLC, Pro Publica, Inc., Tegna, Inc., Vox Media, LLC, and WP Company LLC, d/b/a the Washington Post (together, the "Press Coalition") respectfully move the Court to ensure that the motions hearing in this matter set for March 23, 2023 will be open to the press and public.

Because the Court has previously excluded members of the media from proceedings in this case without providing prior notice or opportunity for the Press Coalition to be heard, the Press Coalition protectively files this motion to assert its First Amendment and common law interests in attending today's judicial proceeding, and in support thereof, the Press Coalition states the following:

## BACKGROUND

I.   **The Capitol Riot**

On January 6, 2021, thousands of rioters stormed the U.S. Capitol in a "blatant and appalling disregard for our institutions of government and the orderly administration of the democratic process." *See Director Wray's Statement on Violent Activity at the U.S. Capitol Building*, FBI (Jan. 7, 2021), https://www.fbi.gov/news/pressrel/press-releases/director-wrays-statement-on-violent-activity-at-the-us-capitol-building-010721. These events "marked the most significant assault on the Capitol since the War of 1812." *Trump v. Thompson*, 20 F.4th 10, 18-19 (D.C. Cir. 2021). In response, federal law enforcement agencies "deployed [their] full investigative resources . . . to aggressively pursue those involved in criminal activity." *Id.* The Government has since charged more than 1,000 defendants, including the defendants in this matter, with crimes related to the Capitol riot. *See Capitol Breach Cases*, Dep't of Justice, https://www.justice.gov/usao-dc/capitol-breach-cases.

II.  **Defendants Nordean, Biggs, Rehl, Tarrio, and Pezzola**

As this Court has noted, "Defendants Ethan Nordean, Joseph R. Biggs, [and] Zachary Rehl . . . are alleged, among other things, to have conspired to stop, delay, or hinder Congress's certification of the Electoral College vote on January 6, 2021, and to obstruct and interfere with law enforcement officers engaged in their official duties that day." *United States v. Nordean*, 579 F. Supp. 3d 28, 36 (D.D.C. 2021). These defendants "allegedly held leadership positions or planning roles with the 'Proud Boys' organization." *Id.* at 37. Likewise, Defendant Enrique Tarrio "was the national chairman of the Proud Boys" at the time of the Capitol riot. *United States v. Tarrio*, 2022 WL 1718985, at *3 (D.D.C. May 27, 2022). Defendant Dominic Pezzola, for his part, was "a member of the Proud Boys, . . . the tip of a spear that pierced the United States Capitol." *United States v. Pezzola*, 531 F. Supp. 3d 139, 142 (D.D.C. 2021). Journalists,

2

including members of the Press Coalition, have regularly reported on these defendants as they have awaited trial.[1]

### III.     The March 23, 2023 Hearing

Yesterday, the Court converted today's proceedings in the ongoing trial in this matter into a motions hearing. *See* March 22, 2023 Minute Order. This change was prompted by a motion to compel filed by Defendant Zachary Rehl, with the consent of all Defendants in this matter, seeking an order "compelling the government to disclose to the defense all reports (e.g., FBI-302 reports) and recordings that have been prepared in this case relating to any person, including but not limited to Confidential Human Sources . . . , all interview reports or FBI memos relating to the recording or reporting of the defense team, and all internal memos prepared by the United States Attorney's Office and Department of Justice attorneys relating to any reporting on and recordings of the defense team." *See* Def's Corrected Mot. to Compel Disclosure of All FBI Interview Reports and All DOJ Memos Relating to the Recording and Reporting of the Defense Team, Dkt. 717 (the "Motion").

According to the Motion, the Defendants learned near the end of yesterday's trial proceedings that a witness they planned to call today was a previously undisclosed confidential human source. *Id.* at 2. Defendants allege that the source had been in contact "with one or more of the counsel for the defense and at least one defendant," and that they learned only yesterday

---

[1] *See, e.g.*, Alan Feuer & Adam Goldman, *F.B.I. Had Informants in Proud Boys, Court Papers Suggest*, The New York Times (Nov. 14, 2022), https://www.nytimes.com/2022/11/14/us/politics/fbi-informants-proud-boys-jan-6.html; Michael Kunzelman, *Proud Boys riot trial delayed due to committee hearings*, AP (June 22, 2022), https://apnews.com/article/capitol-siege-biden-electoral-college-timothy-kelly-congress-bdbf61b7159f2c1bf6748b4e33b83992; Hannah Rabinowitz & Holmes Lybrand, *Proud Boys member is first to plead guilty to seditious conspiracy*, CNN (Oct. 6, 2022), https://www.cnn.com/2022/10/06/politics/proud-boys-bertino-seditious-conspiracy-guilty-plea.

that the individual had been serving as a confidential source for the Government since April 2021.  *Id.* at 2.  Defendants assert that they plan to file motions to dismiss the charges against them due to "governmental misconduct surrounding the surreptitious invasion and interference of the defense team by the government through a confidential human source, at the government's behest."  *Id.* at 1-2.

The Court has, without prior notice, previously sealed hearings and excluded the press and public from attending proceedings in this high-profile case.  Specifically, the Court did not indicate in advance that a motions hearing held on November 14, 2022 would be closed to the public, and the Court told journalists who attempted to object to that closure that they must file a formal motion to lodge such objections.  *See* Kyle Cheney, Twitter (Nov. 14, 2022, 9:47 AM), https://twitter.com/kyledcheney/status/1592167401810006016; Kyle Cheney, Twitter (Nov. 14, 2022, 9:49 AM), https://twitter.com/kyledcheney/status/1592167938542694401.  Indeed, the Press Coalition's motion seeking access to the transcript of that sealed hearing and any exhibits presented at that sealed hearing remains pending to this day.  *See* Press Coalition's Mot. for Access to Certain Sealed Records and a Transcript of the Sealed Motions Hr'g, Dkt. 542.

## ARGUMENT

It is well settled that "[w]hat transpires in the court room is public property."  *Craig v. Harney*, 331 U.S. 367, 374 (1947).  Indeed, as the Supreme Court observed in *Richmond Newspapers, Inc. v. Virginia*, "[t]o work effectively, it is important that society's criminal process satisfy the appearance of justice, and the appearance of justice can best be provided by allowing people to observe it."  448 U.S. 555, 571-72 (1980) (internal marks omitted).  Thus, "the right to attend criminal trials is implicit in the guarantees of the First Amendment."  *Id.* at 580.  Chief Justice Burger emphasized the practical value of this constitutional right, noting that

4

"[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Id.* at 572.

Because "the press and general public have a constitutional right of access to criminal trials," any "circumstances under which the press and public can be barred from a criminal trial are limited; the State's justification in denying access must be a weighty one." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606-07 (1982). Specifically, trial proceedings "cannot be closed unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 13-14 (1986) ("*Press-Enterprise II*") (quoting *Press-Enterprise I*, 464 U.S. at 510). Moreover, for such "a case-by-case approach to be meaningful, representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspaper Co.*, 457 U.S. at 609 n.25.

As the Supreme Court more recently explained, the First Amendment right of access is a right of *meaningful* access, and courts are therefore "obligated to take *every reasonable measure* to accommodate public attendance at criminal trials." *Presley v. Georgia*, 558 U.S. 209, 215 (2010) (per curiam) (emphasis added). The Press Coalition therefore respectfully requests that the Court take every reasonable measure to accommodate press and public attendance at today's hearing and that the Court provide the press an opportunity to be heard on any potential closure.

## **CONCLUSION**

For the foregoing reasons, the Press Coalition respectfully requests that the Court grant this motion and ensure the press and public will have access to the March 23, 2023 hearing in this case. Counsel for the Press Coalition will be in attendance at the hearing to be heard on this motion. The Press Coalition appreciates the Court's prompt attention to this matter.

Dated: March 23, 2023              Respectfully submitted,

                                   BALLARD SPAHR LLP

                                   /s/ *Charles D. Tobin*
                                   Charles D. Tobin (#455593)
                                   Chad Bowman (#484150)
                                   Maxwell S. Mishkin (#1031356)
                                   Lauren Russell (#1697195)
                                   1909 K Street NW, 12th Floor
                                   Washington, DC 20006
                                   Telephone: (202) 661-2200
                                   Fax: (202) 661-2299
                                   tobinc@ballardspahr.com
                                   bowmanchad@ballardspahr.com
                                   mishkinm@ballardspahr.com
                                   russelll@ballardspahr.com

                                   *Counsel for the Press Coalition*