UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO: 1:21-cr-0175-3 (TJK) |
| | * | |
| ZACHARY REHL, | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*

## ZACHARY REHL'S MOTION IN LIMINE TO PRECLUDE IMPROPER CROSS-EXAMINATION OF CHARACTER WITNESSES

Zachary Rehl, by his undersigned counsel, respectfully moves this Honorable Court to preclude the government from seeking to impeach character witnesses who would be providing testimony that he is a truthful, law-abiding, non-violent person through the introduction of messages and social media posts because such evidence is improper under Federal Rules of Evidence 405(a). As the Court is aware, throughout the trial the government has failed to introduce a single act of violence or destruction of property by Mr. Rehl on January 6, 2021 or at any other previous time.

**Rule 405.  Methods of Proving Character**

> (a) By Reputation or Opinion. When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.
>
> (b) By Specific Instances of Conduct. When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.

Rule 405 allows character witnesses to be cross-examined with "relevant specific instances of the person's conduct." Messages and other electronic media sent through various social media applications are not comprised within the term "conduct." Rather, social media posts and messages

are expressions of a person's beliefs or ideas, they are not "conduct." *See, e.g., Gov't of Virgin Islands v. Petersen,* 553 F.2d 324, 329 (3d Cir. 1977) ("A person may or may not act in accordance with a professed belief; it is the observation of the defendant's behavior over a length of time which is the recognized basis for both reputation and opinion testimony. See, e. g., 5 J. Wigmore, Evidence s 1610 (Chadbourn rev. ed. 1974); Ladd, "Credibility Tests Current Trends," 89 U.Pa.L.Rev. 166, 173-74 (1940)." Counsel has found no case where the impeaching evidence involved mere statements rather than actual conduct, such as an arrest, a conviction or other bad act.

Rule 608 similarly references "conduct".

> **Rule 608. A Witness's Character for Truthfulness or Untruthfulness**
> . . .
> (b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.

Unless the government can point to actual conduct, such as acts of violence, convictions, or other bad acts, it should be precluded from cross-examining his character witnesses with mere social media posts and messages. *See* FRE 405 and 608(b).

WHEREFORE, Mr. Rehl respectfully requests that this Honorable Court preclude the government from cross-examining his character witnesses with words or social media posts.

Respectfully submitted,

/s/
**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 30th day of March, 2023.

                              /s/ *Carmen D. Hernandez*
                              **Carmen D. Hernandez**