IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-175 (TJK) |
| : | |
| ETHAN NORDEAN, *et al.* : | |
| : | |
| Defendants. : | |

## GOVERNMENT MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF CHARACTER EVIDENCE CONCERNING TRUTHFULNESS

The Government moves *in limine* to exclude testimony of defense witnesses that intend to testify as to a defendant's character for truthfulness. For character evidence of a defendant to be admissible, the evidence must concern a "pertinent trait of character." Fed. R. Evid. 404(a)(1). Truthfulness is not a pertinent character trait for any of the offenses charged. Accordingly, the Court should exclude such testimony.

### Background

By email at 7:45 a.m. on the morning of March 30, 2023, Defendant Rehl provided *Jencks* materials for witness Henry W. McGill. *See* Attachment A. The *Jencks* materials took the form of a letter from the proposed witness, dated November 29, 2021, that set forth a "character reference" for Zachary Rehl. The letter set forth the witness's character for "business acumen and community outreach" and "inclusive[ity]" and "perseverance and dedication to education and improvement." Finding none of the elements set forth in the letter as "pertinent" to any matter before the Court in this trial, undersigned counsel sought clarity from counsel for Defendant Rehl as to the trait that would be elicited on the witness stand. Counsel for Defendant Rehl advised that the "pertinent" character traits that would be elicited from the witness were Defendant Rehl's character for "honesty" and "peacefulness."

1

Upon receiving this proffer, Government counsel noted that the introduction of character evidence for peacefulness would open the door to the Government's introduction of Defendant Rehl's public statements that promoted and celebrated violence. Counsel for Defendant Rehl then further limited the proposed testimony of the witness to include only Defendant Rehl's character for "truthfulness."

Such testimony should be excluded for the reasons set forth herein.

## **Argument**

It is familiar ground that while a criminal defendant can put character in issue, the evidence can concern only a "pertinent trait of character," Fed. R. Evid. 404(a)(1), and even then may be excluded if "its probative value is substantially out-weighed by the danger of unfair prejudice." Fed. R. Evid. 403; *United States v. Harris*, 491 F.3d 440, 447 (D.C. Cir. 2007). Evidence on the specific character traits for truthfulness and honesty can be admissible when (1) the defendant testifies and the prosecution attacks the defendant's credibility or (2) when the defendant is charged with an offense in which fraud or falsehood is one of its statutory elements. *In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003) (citing *Edgington v. United States,* 164 U.S. 361, 363–64 (1896). For the latter situation to apply, the crime charged must be of a "species of the *crimen falsi, i.e.*, a crime involving some element of dishonesty or false statement." Under this theory of admissibility, the character trait of "truthfulness and honesty" is "material and competent" to show a general character inconsistent with the crime. *Id.* (citing *Edgington*, 164 U.S. at 363-64). The D.C. Circuit has extended the latter category to cases that involve fraudulent or false statements in the commission of the crime. *Id.* For example, the D.C. Circuit held that character evidence regarding truthfulness and honesty should have been admitted when the defendant was charged with participating in a conspiracy that involved straw purchases of

firearms, *i.e.*, a crime that involved the making of "false and fictitious statements" to unlawfully acquire firearms. *Id.*

"The term '*crimen falsi*' has encompassed only those crimes characterized by an element of deceit or deliberate interference with a court's ascertainment of truth." *United States v. Brown*, 503 F. Supp. 2d 239, 241 (D.D.C. 2007) (quoting *United States v. Smith,* 551 F.2d 348, 363 (D.C.Cir.1976)). The crimes charged here do not fall within this ambit. Here, the defendants are charged with crimes related to the unlawful interference with the Certification of the Electoral College Certification. Defendants claimed in Court earlier today that the matter to be presented to the jury involves some element of deceit because obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) requires that the defendants acted "corruptly." This argument fails because the crimes charged do not involve the use of deceit to accomplish the criminal objective.

As an initial matter, the Court will instruct the jury that, to be found guilty of obstruction of justice (18 U.S.C. § 1512(c)(2)), the jury must find that that (1) the defendant attempted to or did obstruct or impede an official proceeding and that (2) the defendant acted corruptly. In the related case of *United States v. Stewart Rhodes,* the Court instructed the jury that:

> The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong. Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly.

*See United States v. Rhodes,* 22-cr-15, ECF 396, at 27 (final jury instructions).  The government has not alleged, however, that these defendants offered illegal bribes or committed fraud.  The

3

government has instead alleged and demonstrated that the defendants acted corruptly through the use of force and by engaging in unlawful conduct. No trick, scheme, or artifice is required to find the defendants guilty under this jury instruction, and no such a trick, scheme, or artifice been pled or presented as evidence to the jury. Here, the defendants are alleged to have accomplished their obstruction of the official proceeding through the force of men that stormed the Capitol grounds and overwhelmed law enforcement.

Moreover, the Court's analysis as to whether the crime involves some "element of deceit" does not turn on the title of the statute. Rather, the analysis turns on the elements to be resolved by the jury. *See United States v. Jefferson*, 623 F.3d 227, 234–35 (5th Cir. 2010) ("Because counts 6 and 7 each charge that Jefferson knowingly and corruptly attempted to persuade another to lie to the authorities, *we hold that the indictment shows that 'the factfinder had to find ... an act of dishonesty or false statement in order for [Jefferson] to have been convicted*.'") (emphasis added). Thus, while it is true that another court in this district has noted in a written opinion that charges of "obstruction of justice and making false statements . . . implicate the truthfulness and veracity of Defendants" (Brown, 503 F. Supp. 2d at 241), the question must turn on the question to be resolved by the jury and not the mere title of the statute. This is axiomatic—because, for the issue to be pertinent, the issue of the defendant's honesty must be a question to be resolved by the jury in its evaluation of the guilt or innocence of the defendant.

Here, when the jury is presented with an obstruction charge that does not require or contemplate any trick, scheme, or artifice to accomplish the obstruction, the element of dishonesty is simply not present. The character trait of honesty or truthfulness is not pertinent, and the Court should preclude any such character testimony as improper.

## **CONCLUSION**

For the foregoing reasons, the defendant should be precluded from offering character evidence of a character for truthfulness.

                                              Respectfully Submitted,
                                              MATTHEW M. GRAVES
                                              United States Attorney
                                              D.C. Bar No. 481052

By:     */s/ Jason McCullough*
            JASON B.A. MCCULLOUGH
                NY Bar No. 4544953
            ERIK M. KENERSON // Ohio Bar No. 82960
            NADIA E. MOORE // N.Y. Bar No. 4826566
            On Detail to the District of Columbia
            Assistant United States Attorneys
            601 D Street NW
            Washington, D.C. 20530
            (202) 252-7233
            jason.mccullough2@usdoj.gov

             */s/ Conor Mulroe*
            Conor Mulroe // N.Y. Bar No. 5289640
            Trial Attorney // U.S. Department of Justice,
            Criminal Division
            1301 New York Avenue, Suite 700
            (202) 330-1788
            conor.mulroe@usdoj.gov