UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO: 1:21-cr-0175-3 (TJK) |
| | * | |
| ZACHARY REHL, | * | |
|     Defendant | * | |

********

### ZACHARY REHL'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO PRECLUDE CHARACTER EVIDENCE

Mr. Rehl incorporates the email that was sent to Chambers in the morning hours of March 30, 2023 pursuant to the Court's Order that issues be presented to the Court on the morning before trial and in accordance with the arguments made at the end of the court day on March 30, 2023, attached as exhibit 1.

As noted in the email, the obstruction offenses charged in the Third Superseding Indictment, 18 U.S.C. § 1512(c)(2) require proof that the defendants acted "corruptly." A long line of cases from the Supreme Court on down make clear that the term involves the concept of dishonesty. *See, e.g., Arthur Andersen LLP v. U.S.*, 544 U.S. 696, 706 (2005) (reversing conviction where jury instruction given by the district court at the government's urging eliminated "any type of "dishonest[y]" necessary to a finding of guilt, and it was enough for petitioner to have simply "impede[d]" the Government's factfinding ability."); *United States v. Aguilar*, 115 S.Ct. 2357, 2370 (1995) ("An act is done corruptly if it's done voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful method, with a hope or expectation of either financial gain or other benefit to oneself or a benefit of another person."); *United States v. Russo*, 104 F.3d 431, 436 (D.C. Cir. 1997) ("On the face of it, this is a surprising proposition. It supposes that

"corrupt" has nothing to do with honesty, that a witness whose aim is to impede a grand jury investigation by distorting the truth is not acting "corruptly."); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013) ("Acting 'corruptly' within the meaning of § 1512(c)(2) means acting with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct" the relevant proceeding); *United States v. Rhodes*, No. 22-cr-15:

> To act "corruptly," the defendant must use unlawful means or have an improper purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong. Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly.

Jury Instructions at 27 (ECF 396). Accordingly, honesty is a

involve the an element that . Zachary Rehl, by his undersigned counsel, respectfully moves this Honorable Court to preclude the government from seeking to impeach character witnesses who would be providing testimony that he is a truthful, law-abiding, non-violent person through the introduction of messages and social media posts because such evidence is improper under Federal Rules of Evidence 405(a). As the Court is aware, throughout the trial the government has failed to introduce a single act of violence or destruction of property by Mr. Rehl on January 6, 2021 or at any other previous time. Accordingly, the character trait for honesty is admissible. *See* FRE 404(a)(2)(A).

Moreover, the D.C. Circuit has held that character evidence may also be introduced "by raising the issue of the defendant's credibility, the prosecutor had "opened the door for the defendant to introduce testimony as to his reputation for truth and veracity." *In re Sealed Case,* 352 F.3d 409, 413 (D.C. Cir. 2003):

> Under Fed.R.Evid. 404(a), character evidence is inadmissible for the purpose of proving action in conformity therewith, except "[e]vidence of a pertinent trait of character offered by an accused...." Fed.R.Evid. 404(a)(1). Courts have held that the general character trait of law-abidingness is pertinent to almost all criminal offenses. See United States v. Daily, 921 F.2d 994, 1010 (10th Cir.1990); United States v. Hewitt, 634 F.2d 277, 279 (5th Cir.1981); see also John W. Strong, McCormick on Evidence § 191, at 674 (5th ed. 1999). Evidence on the specific character traits for truthfulness and honesty has been held admissible both when the defendant testifies at trial and the prosecution attacks the defendant's credibility, and when the defendant is charged with an offense in which fraud or falsehood is one of its statutory elements. See Edgington v. United States, 164 U.S. 361, 363–64, 17 S.Ct. 72, 72–73, 41 L.Ed. 467 (1896); Lechoco, 542 F.2d at 88; Hewitt, 634 F.2d at 279; United States v. Darland, 626 F.2d 1235, 1237 (5th Cir.1980); Carnley v. United States, 274 F.2d 68, 69 (5th Cir.1960); see generally Gordon v. United States, 383 F.2d 936, 940 (D.C.Cir.1967). Edgington, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467, is an example of the latter situation. In that case, the defendant was charged with making a false deposition in aid of a fraudulent pension claim. Id. at 363., 17 S.Ct. at 72 The Court rejected the argument that character evidence of the defendant's reputation for truth and veracity was admissible only if the defendant testified, and held that because the crime charged was a species of the crimen falsi, i.e., a crime involving some element of dishonesty or false statement, Black's Law Dictionary 379 (7th ed. 1999), such evidence was "material and competent" to show a general character inconsistent with the crime, id. at 363–64, 17 S.Ct. at 72–73, which, "when considered with other evidence in the case, may generate a reasonable doubt," id. at 366, 17 S.Ct. at 73–74.
>
> The language of Rule 404(a)(1) extends beyond cases in which the defendant's reputation for truthfulness and honesty is relevant because the defendant testifies or is charged with a crimen falsi. *See Lechoco*, 542 F.2d at 88. Illustrative of the flexible application of the rule, the

> court held in Lechoco that testimony regarding the defendant's reputation for truthfulness may be "particularly pertinent" even where a defendant, who is charged with an offense in which his honesty or truthfulness is not a statutory element, does not testify. *Id*. There, the defendant had presented an insanity defense to the charge of kidnaping. During cross examination of the defendant's medical experts, the prosecutor brought out that their opinions were premised on the truthfulness of the defendant's statements during psychiatric interviews. Id. at 86–87. The court held that by raising the issue of the defendant's credibility, the prosecutor had "opened the door for the defendant to introduce testimony as to his reputation for truth and veracity." Id. at 88.

*Id.* at 412-13.

In the instant case, the prosecution has repeatedly opened the door by attacking Mr. Rehl's credibility. First, it has argued that his use of the term "minecraft" denotes an expression of deceit, namely that the defendants used the term whenever they meant to mislead or hide their real intent. In particular to Mr. Rehl, the government introduced at least one telegram chat where Mr. Rehl allegedly used the term "minecraft." The chat referred to COVID vaccines and prededed the date of the conspiracy so the only purpose for which it was introduced was to attack Mr. Rehl's credibility. Second, it has argued that the MOSD was not really an entity created for self-defense but rather it was created as cover for their alleged plan to attack the Capitol to stop the certification. As it has alleged that Mr. Rehl was one of the leaders of the MOSD that attack is directed at Mr. Rehl himself. Finally, the government has argued that misinformation was part and parcel of the Proud Boys modus operandi. See Rule 3, 48 Laws of Power ("Hide What You're Up To").

Lastly, Mr. Rehl submits that precluding him from presenting character evidence violates his constitutional rights to a "meaningful opportunity to present a complete defense." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky,* 476 U.S. 683, 690 (1986)).

        Respectfully submitted,

/s/ _____
**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 31th day of March, 2023.

        */s/ Carmen D. Hernandez*
        **Carmen D.  Hernandez**