From: chernan7@aol.com
To: kelly_chambers@dcd.uscourts.gov, jason.mccullough2@usdoj.gov, erik.kenerson@usdoj.gov, conor.mulroe@usdoj.gov, hassan@nhassanlaw.com, nadia.moore@usdoj.gov, jdhull@hullmcguire.com, npattis@pattisandsmith.com, sabino@jaureguilaw.com, rogerisaacroots@outlook.com, metcalflawnyc@gmail.com, nds@davidbsmithpllc.com,
Subject: Henry McGill - Character Evidence as well as factual testimony
Date: Thu, Mar 30, 2023 10:34 pm

Case 1:21-cr-00175-TJK   Document 726-1   Filed 03/31/23   Page 1 of 3

Mr. McGill will testify as a fact witness as well as provide character evidence on the trait of honesty.

The following cases support the argument that character evidence is admissible in this case for at least two reasons. First, the term "corruptly" as used in the Obstruction counts involve crimes which have honesty as an element. Accordingly, character evidence on the trait of honesty is relevant and admissible under FRE 404(a)(2), as honesty is a pertinent trait to one of the offenses charged. Second, the government has attacked Mr. Rehl's credibility and thus he may introduce character evidence for the trait of honesty and truthfulness.

I will supplement with additional cases and arguments before 7 am tomorrow.

## Character For Truthfulness and Honesty - Case Law

**1-** Corruptly obstructing an official proceeding - 18 USC 1512

- 
- *Arthur Andersen LLP v. U.S.*, 544 U.S. 696, 706 (2005) (reversing conviction where jury instruction given by the district court at the government's urging eliminated "any type of "**dishonest[y]**" necessary to a finding of guilt, and it was enough for petitioner to have simply "impede[d]" the Government's factfinding ability."

- 
- *U.S. v. Aguilar*, 115 S.Ct. 2357, 2370 (1995) ("An act is done corruptly if it's done voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful method, with a hope or expectation of either **financial gain or other benefit to oneself** or a benefit of another person.")

- *United States v. Russo*, 104 F.3d 431, 436 (D.C. Cir. 1997) ("On the face of it, this is a surprising proposition. It supposes that "corrupt" has nothing to do with **honesty**, that a witness whose aim is to impede a grand jury investigation by distorting the truth is not acting "corruptly.")

- *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013) "Acting 'corruptly' within the meaning of § 1512(c)(2) means acting with an improper purpose and to engage in conduct knowingly and **dishonestly** with the specific intent to subvert, impede or obstruct" the relevant proceeding.

- *United States v. Rhodes,* No. 22-cr-15 (ECF 396), Jury Instructions at 27:

"To act "corruptly," the defendant must use unlawful means or have an improper purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong. Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, **an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly**."

## Government's Attack on Defendants' Credibility

Government has attacked Mr. Rehl's credibility in various ways.  First, it has argued that his use of the term "minecraft" denotes an expression of deceit, namely that they used the term whenever they meant to mislead or hide their real intent.  Second, it has argued that the MOSD was not really an entity created for self-defense but rather it was created as cover for their alleged plan to attack the Capitol to stop the certification.  Finally, it has argued that misinformation was part and parcel of the Proud Boys modus operandi.  *See* Rule 3, 48 Laws of Power ("Hide What You're Up To")

> "Under Fed.R.Evid. 404(a), character evidence is inadmissible for the purpose of proving action in conformity therewith, except "[e]vidence of a pertinent trait of character offered by an accused...." Fed.R.Evid. 404(a)(1). Courts have held that the general character trait of law-abidingness is pertinent to almost all criminal offenses. *See United States v. Daily,* 921 F.2d 994, 1010 (10th Cir.1990); *United States v. Hewitt,* 634 F.2d 277, 279 (5th Cir.1981); *see also* John W. Strong, McCormick on Evidence § 191, at 674 (5th ed. 1999). Evidence on the specific character traits for truthfulness and honesty has been held admissible both when the defendant testifies at trial and the prosecution attacks the defendant's credibility, and when the defendant is charged with an offense in which fraud or falsehood is one of its statutory elements. *See Edgington v. United States,* 164 U.S. 361, 363–64, 17 S.Ct. 72, 72–73, 41 L.Ed. 467 (1896); *Lechoco,* 542 F.2d at 88; *Hewitt,* 634 F.2d at 279; *United States v. Darland,* 626 F.2d 1235, 1237 (5th Cir.1980); *Carnley v. United States,* 274 F.2d 68, 69 (5th Cir.1960); *see generally Gordon v. United States,* 383 F.2d 936, 940 (D.C.Cir.1967). *Edgington*, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467, is an example of the latter situation. In that case, the defendant was charged with making a false deposition in aid of a fraudulent pension claim. *Id.* at 363., 17 S.Ct. at 72  The Court rejected the argument that character evidence of the defendant's reputation for truth and veracity was admissible only if the defendant testified, and held that because the crime charged was a species of the *crimen falsi,* i.e., a crime involving some element of dishonesty or false statement, Black's Law Dictionary 379 (7th ed. 1999), such evidence was "material and

competent" to show a general character inconsistent with the crime, *id.* at 363–64, 17 S.Ct. at 72–73, which, "when considered with other evidence in the case, may generate a reasonable doubt," *id.* at 366, 17 S.Ct. at 73–74.

The language of Rule 404(a)(1) extends beyond cases in which the defendant's reputation for truthfulness and honesty is relevant because the defendant testifies or is charged with a *crimen falsi. See Lechoco,* 542 F.2d at 88. Illustrative of the flexible application of the rule, the court held in *Lechoco* that testimony regarding the defendant's reputation for truthfulness may be "particularly pertinent" even where a defendant, who is charged with an offense in which his honesty or truthfulness is not a statutory element, does not testify. *Id.* There, the defendant had presented an insanity defense to the charge of kidnaping. During cross examination of the defendant's medical experts, the prosecutor brought out that their opinions were premised on the truthfulness of the defendant's statements during psychiatric interviews. *Id.* at 86–87. The court held that by raising the issue of the defendant's credibility, **130 *413 the prosecutor had " opened the door for the defendant to introduce testimony as to his reputation for truth and veracity." *Id.* at 88."

*In re Sealed Case*, 352 F.3d 409, 412–13 (D.C. Cir. 2003)

**Carmen D. Hernandez**
Attorney at Law
7166 Mink Hollow Rd
Highland, MD  20777
240-472-3391; 301-854-0076 (fax)