UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO: 1:21-cr-0175-3 (TJK) |
| | * | |
| ZACHARY REHL, | * | |
|     Defendant | * | |

********

**ZACHARY REHL'S MEMORANDUM IN SUPPORT OF HIS MOTION
IN LIMINE TO PRECLUDE IMPROPER CROSS-EXAMINATION
OF CHARACTER WITNESSES**

The government seeks to cross-examine a character witness scheduled to testify for Mr. Rehl in a manner precluded by the Federal Rules of Evidence. *See* also Rehl Motion and Response (ECF 724, 726). Both witnesses will be testifying as to Mr. Rehl's character for truthfulness.

**Cross Examination of Character Witness Proposed by Government is Not Proper**

The government has indicated that it will seek to cross-examiner the character witness "about his familiarity with the Philadelphia Proud Boys use of propaganda" and the "Philadelphia Proud Boys fake advertisement for a rally on September 19, 2020." Neither is proper because the underlying facts relating to both items do not support the government's proposed cross-examination and are misleading. Moreover, to the extent the government seeks to introduce exhibits relating thereto, the introduction of extrinsic evidence is prohibited by FRE 608(b) ("extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.").

First, the Philadelphia Proud Boys' Charter and By-laws which includes a position known as a Minister of Propaganda is not "provative of Mr. Rehl's character for untruthfulness."

> **Minister of Propaganda Officer (Media Committee): Responsible for:**
> Creating information to further our cause and to present the true image of our Chapter and organization. Ultimate objective: Manage website and social media pages and appoint writers and shitposters to spread positive Proud Boy propaganda globally. Special assignments at his discretion and availability.

Gov Ex. 1576 at 10. While the title of the provision references the word "propaganda" which may be understood in one sense as involving misinformation in fact the functions and responsibilities describe the normal activities of a media officer that issues press releases and spreads positive information on behalf of any organization. Indeed, the Department of Justice itself has a robust "Media & Community Outreach" function that issues press releases on a regular basis. *See* DOJ website.[1] Indeed, DOJ's Office of Public Affairs (OPA), whose responsibilities include being the "principal point of contact with the news media." It is led by a Director, who is listed on the DOJ organizational chart, likely with a staff of dozens. It maintains an official twitter account (@TheJusticeDept) and likely . *Id.*[2]

The second item, which the government alleges was an instance of "fake advertisement" was in fact an attempt to prevent a violent confrontation with Antifa elements that had posted its intent to disrupt the rally. *See* tweets that include copies of signs calling for counter-protest that include statements "Get Rowdy" with a picture of President Trump with arrows in his head, attached as Exhbit 1. Contemporaneous tweets also show actual violent attacks by Antifa against a member of the media and anothe person. As Mr. Finley testified, a peaceful rally was indeed held the following

---

[1] https://www.justice.gov/agencies/chart/grid#media-community-outreach

[2] https://www.justice.gov/opa

week.

Both items are confusing at best. Neither item is probative of a lack of truthfulness and involve details that no character witness is likely to know. Both should be excluded under Rule 403. *See* Advisory Committee Notes to FRE 608 ("Effective cross-examination demands that some allowance be made for going into matters of this kind, but the possibilities of abuse are substantial. Consequently safeguards are erected in the form of specific requirements that the instances inquired into be probative of truthfulness or its opposite and not remote in time. Also, the overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury, and that of Rule 611 bars harassment and undue embarrassment."

### FRE 405 Does Not Authorize Cross-Examination Based on Statements

On March 31, 2023, the Government may cross-examine character witnesses based on social media posts and messages. However, the government has provided no precedent for such a reading of Rule 405, which provides that " On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's *conduct*." FRE 405(a) (emphasis added). As a result of the Court's ruling, Mr. Rehl will not present character evidence of the traits that he is law abiding and non-violent, which both witnesses would have been prepared to present.

Logically,"conduct" is generally defined in terms of "behavior." Words, which is what the government seeks to use to cross-examine are inactive, and not the act of posting, which is active behavior. As Mr. Rehl has previously argued moreover, his words deserve First Amendment protection and cannot serve as the basis for determining that he has a violent character.

Moreover, the Federal Rules of Evidence expressly distinguish between "conduct" and

3

"statement" in other rules. For example, FRE 806 distinguishes between the two: " The court may admit evidence of the declarant's inconsistent *statement or conduct*, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it." (emphasis added). Similarly, FRE 408(a)(2) provides the same distinction ("*conduct* or a statement made during compromise negotiations about the claim") (emphasis added).

Thus, Mr. Rehl maintains that Rule 405 does not allow a character witness to be cross-examined with messages and other electronic media sent through various social media applications as those statements are not comprised within the term"conduct." Rather, social media posts and messages are expressions of a person's beliefs or ideas, they are not "conduct." *See, e.g., Gov't of Virgin Islands v. Petersen,* 553 F.2d 324, 329 (3d Cir. 1977) ("A person may or may not act in accordance with a professed belief; it is the observation of the defendant's behavior over a length of time which is the recognized basis for both reputation and opinion testimony. See, e. g., 5 J. Wigmore, Evidence s 1610 (Chadbourn rev. ed. 1974); Ladd, "Credibility Tests Current Trends," 89 U.Pa.L.Rev. 166, 173-74 (1940)."

        Respectfully submitted,

        /s/
        **Carmen D. Hernandez**
        Bar No. MD03366
        7166 Mink Hollow Road
        Highland, MD 20777
        (240) 472-3391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 3rd day of April, 2023.

                                                    /s/ *Carmen D. Hernandez*
                                                    **Carmen D. Hernandez**