UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CASE NO: 1:21-cr-0175-3 (TJK) |
| | * | |
| **ZACHARY REHL,** | * | |
|     **Defendant** | * | |

********

## ZACHARY REHL'S MOTION TO STRIKE
## OUT OF COURT STATEMENTS
## AND DECLARE A MISTRIAL

Mr. Rehl, through undersigned counsel, respectfully moves this Honorable Court, pursuant to FRE 104(b), to strike the Parler, Telegram and other messages that were conditionally admitted by the Court on the basis that the necessary factual predicates for their admissibility have not been met. *See* FRE 104(b). As the prejudice from the extensive materials that were introduced cannot be cured by a limiting instruction, Mr. Rehl respectfully moves for a mistrial.

**I.      The Law - Conditional Admission of Evidence**

> [C]o-conspirators' hearsay statements may be admitted under Rule 104(b), "subject to (connection)" and . . . the original and eventual admissibility of such testimony shall be "determined by the Court", pursuant to the terms of Rule 104(a).
> . . .
> (T)he judge may, in his discretion, permit the introduction of evidence as to things said and done by an alleged co-conspirator subject to being connected up and followed by evidence of the existence of the conspiracy.
> . . .
> Then, if at the close of the government's case, or at any other critical point, the necessary connection has not been proven, the court must upon motion, and may sua sponte, strike the testimony that has not been sufficiently connected and direct the jury to disregard it. Only if this instruction cannot cure the prejudice threatened by the inadmissible hearsay is a mistrial required.

*United States v. Jackson*, 627 F.2d 1198, 1217-18 (D.C. Cir. 1980) (internal citations omitted).

In the instant case, the Court rejected *Jackson's* suggestion that "the better practice is for the court to determine before the hearsay evidence is admitted that the evidence independent of the hearsay testimony proves the existence of the conspiracy sufficiently to justify admission of the hearsay declarations." *Id.* at 1218. Instead, as *Jackson* authorizes the Court exercised its discretion to admit the statements "subject to connection." Id.

    A.    **Federal Rule of Evidence 104**

>Rule 104. Preliminary Questions
>
>(a) In General. The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege.
>
>(b) Relevance That Depends on a Fact. When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later.

    B.    **Quantum of Proof Necessary**

In a conspiracy case where the Court has conditionally admitted hearsay statements subject to connection, the Court must make "two independent decisions." *Jackson*, at 1219.

>First he must determine whether the prosecution has introduced sufficient *independent evidence of the existence of the conspiracy and of defendant's participation therein* that the hearsay statements of his co-conspirators may be admitted against the defendant as equivalent to his own admissions.
>
>This initial judicial determination is made upon examination of the sufficiency of the facts tending to prove the existence of the agency relationship. . . . We choose to express our holding by ruling that the

existence of the conspiracy must be proved by substantial independent evidence. The trial judge, as some have suggested, need not be persuaded of the existence of a conspiracy "beyond a reasonable doubt", because his assessment is one of fact in a determination of the admissibility of evidence, not of ultimate guilt.

. . . After the judge has decided to admit the hearsay declarations of co-conspirators because he has found the existence of the conspiracy to have been proved by substantial independent evidence, the judge then makes the second determination, *i. e.*, whether to submit the entire case to the jury. In this respect, he is guided by the standard enunciated by Judge Prettyman in Curley v. United States, 160 F.2d 229, 232 (D.C. Cir.), *cert. denied*, 331 U.S. 837 (1947):

> whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. . . .

The determinations involved in the two decisions differ in at least two respects. As the first determination demands only that existence of the conspiracy be proved by substantial independent evidence, proof would seem to be easier than that required to persuade the judge that a reasonable juror could be convinced of guilt beyond a reasonable doubt. On the other hand, in the second determination, the judge may consider hearsay declarations of co-conspirators, infusing potential "extra" evidence into the judge's determination of the reasonableness of concluding the guilt of the accused. Of course, the determination to be made by the jury is the stiffest: a belief in the guilt of the defendant, beyond a reasonable doubt, of the conspiracy count.

We conclude that if there is substantial independent evidence to support a conclusion that the conspiracy existed, the trial court is justified in allowing the admission of hearsay testimony of co-conspirators. Considering all the evidence concerning the conspiracy, both independent and hearsay, the court should then apply the standard stated in *Curley v. United States* to determine whether to submit the case to the jury.

*Jackson, supra*, at 1219–20 (emphasis added).

**II.     The Government Has Failed to Introduce "Substantial Independent Evidence" of a Conspiracy and of Mr. Rehl's Participation Therein**

In the instant case, the government has failed to introduce "substantial independent evidence" of a conspiracy. Nor of Mr. Rehl's participation therein. Neither Bertino nor Greene, the two cooperating witnesses who testified, testified that they were aware of any agreement to commit a seditious conspiracy nor of Mr. Rehl's participation therein. Similarly, neither Bertino nor Greene testified to being aware of any conspiracy to corruptly obstruct the proceedings.

Greene did not know and had never spoken to Mr. Rehl. He was acquainted with Mr. Pezzola but only slightly. He traveled to DC in a car with another person, who was not a Proud Boy. Greene indicated that he knew of no plan or agreement to come to DC to commit either conspiracy. Although he owned a small arsenal of weapons, he brought no weapons with him. While in DC, he acted spontaneously as things developed.

Bertino similarly did not indicate that he had ever spoken to Mr. Rehl about the charged conspiracies. Although he was close to Mr. Tarrio and spoke to him on January 6 and in the preceding days, Bertino knew of no plan to attack the Capitol by force or to interfere with the proceedings.

No other person testified of being involved in or having knowledge of either of the charged conspiracies. The only evidence otherwise introduced were the statements that were conditionally admitted by the Court but which the Court cannot consider in determining that the Government proved the "existence of the conspiracy . . . by substantial independent evidence."

As the government has failed to meet its burden, the Court must strike the statements.

**III.    A Mistrial is Warranted Because the Prejudice Cannot**

When the government fails to prove the "existence of the conspiracy . . . by substantial independent evidence" and the Court strikes the evidence, it must give the jury a curative instruction to disregard the struck evidence.  In this case, the out-of-court statements were so extensive and prejdicial that no instruction can "cure the prejudice threatened by the inadmissible hearsay." *Jackson.*

Accordingly, the Court must declare a mistrial.

Respectfully submitted,

/s/
**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 9th day of April, 2023.

/s/ *Carmen D. Hernandez*
**Carmen D.  Hernandez**

5