```
 1                BEFORE THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
 2

 3   UNITED STATES OF AMERICA,        .
                                      .  Case Number 21-cr-175
 4             Plaintiff,             .
                                      .
 5        vs.                         .
                                      .
 6   ETHAN NORDEAN, JOSEPH R. BIGGS,  .
     ZACHARY REHL, ENRIQUE TARRIO,    .  Washington, D.C.
 7   DOMINIC J. PEZZOLA,              .  April 21, 2023
                                      .  1:32 p.m.
 8             Defendants.            .
     - - - - - - - - - - - - - - - - -
 9

10             TRANSCRIPT OF JURY TRIAL - AFTERNOON SESSION
                  BEFORE THE HONORABLE TIMOTHY J. KELLY
11                  UNITED STATES DISTRICT JUDGE

12

13   APPEARANCES:

14   For the United States:      ERIK KENERSON, AUSA
                                 JASON MCCULLOUGH, AUSA
15                               United States Attorney's Office
                                 601 D Street Northwest
16                               Washington, D.C. 20579

17                               CONOR MULROE, ESQ.
                                 United States Department of Justice
18                               1301 New York Avenue Northwest
                                 Suite 700
19                               Washington, D.C. 20005

20                               NADIA MOORE, AUSA
                                 United States Attorney's Office
21                               271 Cadman Plaza East
                                 Brooklyn, New York 11201
22
     For Defendant Nordean:      NICHOLAS SMITH, ESQ.
23                               David B. Smith, PLLC
                                 1123 Broadway
24                               Suite 909
                                 New York, New York 10010
25
                          -- continued --
```

```
1    APPEARANCES (CONTINUED):

2    For Defendant Biggs:        JOHN HULL, IV, ESQ.
                                 Hull McGuire PC
3                                1420 N Street Northwest
                                 Washington, D.C. 20005
4
                                 NORMAN PATTIS, ESQ.
5                                Pattis & Smith, LLC
                                 383 Orange Street
6                                First Floor
                                 New Haven, Connecticut 06511
7
     For Defendant Rehl:        CARMEN HERNANDEZ, ESQ.
8                                7166 Mink Hollow Road
                                 Highland, Maryland 20777
9
     For Defendant Tarrio:      NAYIB HASSAN, ESQ.
10                               Law Offices of Nayib Hassan, P.A.
                                 6175 NW 153rd Street
11                               Suite 209
                                 Miami Lakes, Florida 33014
12
                                 SABINO JAUREGUI, ESQ.
13                               Jauregui Law, P.A.
                                 1014 West 49th Street
14                               Hialeah, Florida 33012

15   For Defendant Pezzola:     STEVEN METCALF, II, ESQ.
                                 Metcalf & Metcalf, P.C.
16                               99 Park Avenue
                                 Sixth Floor
17                               New York, New York 10016

18                               ROGER ROOTS, ESQ.
                                 113 Lake Drive East
19                               Livingston, Montana 59047

20

21   Official Court Reporter:   SARA A. WICK, RPR, CRR
                                 333 Constitution Avenue Northwest
22                               Room 4704-B
                                 Washington, D.C. 20001
23                               202-354-3284

24
     Proceedings recorded by stenotype shorthand.
25   Transcript produced by computer-aided transcription.
```

P R O C E E D I N G S

(Call to order of the court.)

(Jury not present.)

COURTROOM DEPUTY:  We are back on the record in Criminal Matter 21-175, United States of America versus Ethan Nordean, et al.

THE COURT:  All right.  Just one thing really quickly before we continue.  I do think, you know, the more I thought about the issue of when to start closings and all the rest, to me, the deciding factor here was the fact that we need to nail down the statements instruction.  I just -- I can't -- we can't burden -- we can't show up on Monday and not have that complete.  And so I think it's best to give you all some additional time to do that.

And we can talk at the end of the day about when I should get a proposal from you all on that over the weekend to make sure it's -- we're on track.

Mr. Pattis?

MR. PATTIS:  I'm about to ready to prove that idle minds are up to no good.

I mentioned the dates of the conspiracy before, and the Court mentioned it was tracking the indictment.  But the indictment actually says "from in and around December 2020 through in and around January 2021."  And as -- and so we're not tracking the indictment in the charge.

1        I would ask you to just consider -- I'm not sure that they

2   need to be reinstructed, but perhaps the one that goes in, if

3   we're going to give them the December 19 start date, we might

4   want to consider the January 6 terminal date in the event that

5   anybody actually looks at it.

6        THE COURT:  Just to be clear, where is it in the

7   instruction?

8        MR. PATTIS:  There's one on page 22.

9        THE COURT:  In and around January --

10       MR. PATTIS:  So when I mentioned this earlier, the

11  Court said that was the language from the indictment.  It's not.

12  The indictment says "in and around December" and then through

13  January.  So if we're going to start with the 19th, shouldn't we

14  end with January 6 to narrow their attention?

15       Again, it's not a hill I'm choosing to die on.

16       THE COURT:  All right.  Look, I don't think we need to

17  deal with it now.  I will consider what you're saying over the

18  weekend.

19       MR. KENERSON:  Just on that issue, the Court may

20  recall that the reason that it started with December 19th was on

21  a request from the defendants to kind of make sure that the jury

22  was aware that the 404(b) evidence related to December 12th was

23  not coextensive with the conspiracy.

24       THE COURT:  Right.

25       MR. KENERSON:  So that's why you have December 19th on

1    one end, which doesn't track the indictment, but the other end

2    which does.

3              THE COURT:  That's right.  Mr. Pattis, that's right.

4    We're tracking the indictment, except for we wanted to make sure

5    that they separated evidence that I had --

6              MR. PATTIS:  Fair enough.

7              THE COURT:  -- limited as 404(b).

8              MR. PATTIS:  I just don't have enough to do today.

9              THE COURT:  That's why.

10             MS. HERNANDEZ:  Your Honor, I'm pretty sure in the

11   memo the government filed in opposition to my co-conspirator

12   statement motion, that they identified the conspiracy as

13   December 19th to January 6th.

14             THE COURT:  But that's -- I know what they said, but

15   that's different than -- all this is saying is here's what the

16   indictment charged.  It doesn't have any evidentiary value.

17        All right.  So I'm going to tell -- we're going to bring

18   the jury in.  Just so you are all aware, I'm going to tell them

19   right up front so it's not a shock at the end of my instruction

20   that I've decided -- you're going to hear lengthy closing

21   arguments, and I think it's better not to break that up over the

22   weekend, and so we will simply begin Monday.

23        Mr. Kenerson, you want to be heard?  Mr. McCullough?

24   Sorry.

25             COURT REPORTER:  Excuse me, Your Honor.  If I could

1    have a moment.

2        (Pause.)

3            THE COURT:  Mr. McCullough?

4            MR. MCCULLOUGH:  Your Honor, the government would

5    request that we bring the jury in on Monday at 9:00 a.m. so that

6    we afford the parties the most opportunity to get the closings

7    in while the sun is shining.

8        In particular, Your Honor, one thing that -- sorry.  If

9    you're going to say you agree, I'll stop.

10           THE COURT:  Go ahead.

11           MR. MCCULLOUGH:  One thing in particular that factors

12   into that for us is that, as we've indicated, we anticipate that

13   our closing argument will be approximately two and a half hours

14   long.  And I will just lay it out for you.  The math would

15   suggest that if we don't start until 10:00 or after 10:00, that

16   we will end up having three breaks in the middle of the

17   government's opening statement -- I guess I should say, the

18   government's opening statement will be broken up into three

19   portions with two breaks, which we would like to avoid.  So we

20   would like to bring the jury in at 9:00 a.m.

21       That also would ensure that we have a full afternoon for

22   opening statements, which may allow us to get two defendants in

23   in the afternoon.

24       We think that all these factors counsel in favor of doing

25   that.

1          THE COURT:  Is there any objection from any party?

2     All right.

3          MS. HERNANDEZ:  Your Honor, I just think we've been

4     doing really well with the --

5          THE COURT:  I understand.

6          MS. HERNANDEZ:  That's all I'll say.

7          THE COURT:  I understand.  Look, that is the -- I

8     understand your argument.  I think let's go -- given how all

9     that wound up, let's try 9:00.  All right?  So we'll bring them

10    in at 9:00.

11       All right.  Let's -- Ms. Harris, if you will bring them in,

12    I will continue the instructions.

13       While we're waiting, Mr. Pattis, if you would like to go

14    out of order on your closing, that would be fine.

15          MR. PATTIS:  I was just being urged to ask you that,

16    and I said I asked twice, I'm not going to ask again.  You must

17    be lip-reading.  Thank you, sir.

18          THE COURT:  Just so I am aware, it will be the same

19    issue -- it will be the same order in the indictment, except

20    Mr. Biggs will go last.

21          MS. HERNANDEZ:  Your Honor, in terms of the day and

22    the number of closings on Monday and that type of thing, how

23    late will you be going?

24          THE COURT:  We'll go the same amount of time we've

25    typically been going.  We have a little more flexibility on that

1    as far as the end of the day.  It could be as late as 5:15,

2    5:20.

3        While we're waiting, I would like to set a time over the

4    weekend that I can receive a joint proposal from the parties to

5    resolve the statements instruction.

6        Mr. Kenerson, just because you seem to be running point on

7    this for the government, what do you think is a reasonable time

8    for me to order that?

9        We're going to have them come in -- I don't want it to

10    be -- if you have a suggestion now, I will hear it, or I will

11    hear it at the end.

12        MR. KENERSON:  I think at the end.  I don't know how

13    many defense counsel are on e-mail, and not to say we're not

14    paying rapt attention, we may be able to confer over e-mail

15    about what makes sense.

16        THE COURT:  All right.  Sounds good.

17        MR. PATTIS:  Mr. Metcalf was reluctant to raise this,

18    so I raise it for him.  Does he need permission to lob a flash

19    bang at the jury to catch their attention?

20        (Jury entered courtroom.)

21        THE COURT:  All right.  Everyone may be seated.

22        Ladies and gentlemen, welcome back.  I'm going to continue

23    your instructions in a moment, but let me just give you a

24    scheduling update first.

25        I know I promised you closing arguments beginning today.

But as you might expect, the closing arguments are going to be lengthy. You're going to hear from the government twice and each defendant once. The government has its initial close and then its rebuttal. That will be a lengthy process. I think it better not to break that up with a weekend, and especially given we haven't -- we've had you all in here every day this week, I think, and we've rarely sat late on Friday afternoons.

So my thought, given all the considerations, is that we will just have you come in Monday, 9:00 this time, and be ready to go right from the start. We'll have everything teed up, and we will begin the closing statements Monday first thing.

All right. So with that, let me return to your instructions or the rest of your initial instructions.

Obstruction of an official proceeding. Count 3 of the indictment charges the defendants with corruptly obstructing an official proceeding, which is a violation of the law.

Elements. In order to find a defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding; second, the defendant intended to obstruct or impede the official proceeding; third, the defendant acted knowingly with an awareness the natural and probable effect of his conduct would be to obstruct or impede the

official proceeding; and fourth, that the defendant acted corruptly.

Definitions for Count 3.  The term "official proceeding" includes a proceeding before the Congress.  The official proceeding need not be pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.

As used in Count 3, the term "official proceeding" means Congress's joint session to certify the Electoral College vote.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct and does not act through ignorance, mistake, or accident.  In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act corruptly, the defendant must use independently unlawful means or act with an unlawful purpose or both.  The defendant also must act with consciousness of wrongdoing.  Consciousness of wrongdoing means with an awareness -- with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his

constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.

In addition, the First Amendment to the United States Constitution affords people the right to speak, assemble, and petition the government for grievances.  Accordingly, an individual who does no more than lawfully exercise those rights does not act corruptly.

In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct is acting corruptly.

Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.

While the defendant must act with the intent to obstruct the official proceeding -- while the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose.  A defendant's unlawful intent to obstruct is not negated by the simultaneous presence of another purpose for his conduct.

Concluding remark for Count 3.  A defendant may be found guilty of the offense charged in Count 3 if the defendant obstructed an official proceeding, attempted to obstruct an official proceeding, aided and abetted the obstruction of an

official proceeding, willfully caused others to obstruct an
official proceeding, or as the result of co-conspirator
liability.

I've already described each of these five theories of
liability.  If you find unanimously and beyond a reasonable
doubt that the defendant committed the offense of obstruction of
an official proceeding in any one of these five ways, you should
find the defendant guilty of Count 3, and you need not consider
whether the defendant committed the offense of obstruction of an
official proceeding in the other four ways.

Interference with officers during a civil disorder.  Count
5 charges all five defendants with committing or attempting to
commit an act to obstruct, impede, or interfere with law
enforcement officers lawfully carrying out their official duties
incident to a civil disorder, which is a violation of federal
law.

Elements.  In order to find the defendant guilty of
obstructing officers during a civil disorder, you must find the
following four elements beyond a reasonable doubt.

First, the defendant knowingly committed an act or
attempted to commit an act; second, in committing or attempting
to commit that act, the defendant intended to obstruct, impede,
or interfere with one or more law enforcement officers; third,
at the time of the defendant's actual or attempted act, the law
enforcement officer or officers were engaged in the lawful

performance of their official duties incident to and during a

civil disorder; and fourth, the civil disorder in any way or

degree obstructed, delayed, or adversely affected either

commerce or the movement of any article or commodity in commerce

or the conduct or performance of any federally protected

function.

Definitions for use during a -- related to Count 5.  The

term "civil disorder" means any public disturbance involving

acts of violence by groups of three or more persons which, A,

causes an immediate danger of injury to another individual; B,

causes an immediate danger of damage to another individual's

property; C, results in injury to another individual; or D,

results in damage to another individual's property.

A person acts knowingly if he realizes what he is doing and

is aware of the nature of his conduct and does not act through

ignorance, mistake, or accident.  In deciding whether a

defendant acted knowingly, you may consider all of the evidence,

including what the defendant did or said.

The term "commerce" means commerce or travel between one

state, including the District of Columbia, and any other state,

including the District of Columbia.  It also means commerce

wholly within the District of Columbia.

The term "federally protected function" means any function,

operation, or action carried out under the laws of the United

States by any department, agency, or instrumentality of the

 1    United States or by an officer or employee thereof.

 2        The term "department" includes executive departments.  The

 3    Department of Homeland Security, which includes the United

 4    States Secret Service, is an executive department.

 5        And the term "agency" includes any department, independent

 6    establishment, commission, administration, authority, board, or

 7    bureau of the United States.

 8        Concluding remark for Count 5.  A defendant may be found

 9    guilty of the offense charged in Count 5 if the defendant

10    committed an intent -- committed an act to obstruct, impede, or

11    interfere with law enforcement officers lawfully carrying out

12    their official duties incident to a civil disorder, attempted to

13    do so, aided/abetted others in doing so, willfully caused others

14    to do so, or as a result of co-conspirator liability.

15        I've already described each of these five ways of

16    committing the offense.  If you find unanimously and beyond a

17    reasonable doubt that the defendant committed the offense of

18    obstructing, impeding, or interfering with law enforcement

19    officers lawfully carrying out their official duties incident to

20    a civil disorder in any one of these five ways, you should find

21    the defendant guilty of Count 5, and you need not consider

22    whether the defendant committed the offense in the other four

23    ways.

24        Destruction of property -- destruction of government

25    property.  Counts 6 and 7 of the indictment each charge all five

defendants with injuring, damaging, or destroying property of the United States where that damage exceeded $1,000 for each count.

I will first explain the elements of the substantive offense. I will then instruct you on the lesser included offense of committing the crime where the value did not exceed $1,000 for each count.

The defendants are charged with two separate counts of destruction of government property for destruction of a black metal fence and a U.S. Capitol window.

The government must -- for each count, the government must prove beyond a reasonable doubt that the damage exceeded $1,000 as to the property in that count.

Elements. In order to find a defendant guilty of injuring, damaging, or destroying property of the United States, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant injured, damaged, or destroyed property or attempted to do so; second, that the defendant did so willfully; and third, that the property involved was property of the United States or of any department or agency thereof; fourth, the damage or attempted damage to the property in question exceeded the sum of $1,000.

If you find the defendant guilty -- if you find the government proved -- has proved each of the first three elements

beyond a reasonable doubt as to any or all defendants but that damage or attempted damage to the property in question did not exceed $1,000, then you should find the defendant or defendants guilty of the lesser included offense of destruction of government property of value less than $1,000.

Definitions for these counts. A defendant acts willfully if he acted with bad purpose or knowledge that his conduct was unlawful. While the government must show that the defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated. The government also does not need to prove that the defendant knew the property belonged to the United States.

You must decide whether the damage or attempted damage to the property exceeded the sum of $1,000. The value of the damage or attempted damage to the property is measured by the reasonable cost of repairing or the cost of replacing the property, whichever is less. Do not speculate or guess at the value of the property. Base your determination only on the evidence.

Concluding remark for Counts 6 and 7. A defendant may be found guilty of the offenses charged in Counts 6 and 7 if the defendant injured, damaged, or destroyed property of the United States, attempted to do so, aided and abetted others in doing so, willfully caused others to do so, or as a result of

co-conspirator liability.

I have already described each of these five ways of committing the offense.  If you find unanimously and beyond a reasonable doubt that the defendant committed the offense of injuring, damaging, or destroying property of the United States in any one of these five ways, you should find the defendant guilty on Counts 6 and 7, and you need not consider whether the defendant committed the offense in the other four ways.

Assaulting, resisting, or impeding certain officers. Counts 8 and 9 charge all five defendants with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who is then engaged in the performance of his official duties, which is a violation of federal law.  The defendants are charged with two separate counts of assaulting, resisting, or impeding certain officers by throwing a water bottle and taking a riot shield.

I will explain the elements of the offense along with its associated definitions.

Elements.  In order to find the defendants guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who is then engaged in the performance of his official duties, you must find the following five elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police; second, the defendant did such acts forcibly; third, the defendant did such acts voluntarily and intentionally; fourth, the officer from the United States Capitol Police was an officer or an employee of the United States who was then engaged in the performance of his official duties; fifth, the defendant acted with the intent to commit another felony.

For purposes of this element in Count 8, "another felony" refers to any of the offenses charged in Counts 1 through 7. In Count 9, "another felony" refers to any of the offenses charged in Counts 1 through 7 and Count 10.

In order to find this element satisfied, you must unanimously agree as to which other felony or felonies the defendant acted with the intent to commit.

Definitions for these counts. The defendant acted forcibly if he used force, attempted to use force, or threatened to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else when coupled with an apparent present ability to do so. A finding that one used force or attempted or threatened to use it is not the same as

finding that he attempted or threatened to inflict injury.

In order to find that the defendant committed an assault, you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that it was a part of the official duty of officers of the United States Capitol Police to protect the U.S. Capitol Complex on January 6, 2021, and detain individuals who lacked authorization to enter the restricted area around the complex.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, imposed, impeded, intimidated, or interfered with was at that time a federal officer carrying out an official duty, so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

Concluding remarks for Counts 8 and 9. A defendant may be found guilty of the offenses charged in Counts 8 and 9 if the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police, aided and abetted others in doing so, willfully caused

1    others to do so, or as a result of co-conspirator liability.

2        I have already described each of these four ways of

3    committing the offense, and if you find unanimously and beyond a

4    reasonable doubt that the defendant committed the offense of

5    assaulting, resisting, opposing, impeding, intimidating, or

6    interfering with an officer from the United States Capitol

7    Police in any one of these four ways, you should find the

8    defendant guilty of Counts 8 and 9, and you need not consider

9    whether the defendant committed the offense in the other three

10   ways.

11       Self-defense.  Dominic Pezzola has offered evidence that he

12   acted in self-defense and/or defense of another.  The use of

13   force is justified when a person reasonably believes that force

14   is necessary for the defense of oneself or another -- or another

15   against the immediate use of unlawful force.

16       To find that Mr. Pezzola was justified in using force

17   against law enforcement officers, you must first find that the

18   exercise of force by law enforcement was unlawful because it was

19   excessive.  If you so find, you may consider whether Mr. Pezzola

20   reasonably defended himself or another from that unlawful

21   exercise of force.

22       A person may use a reasonable amount of force in

23   self-defense or defense of another.  A person may use an amount

24   of force which at the time of the incident he actually and

25   reasonably believes is necessary to protect himself or another

from imminent bodily harm.

The question is not whether looking back on the incident you believe the use of force was necessary. The question is whether Mr. Pezzola, under the circumstances as they appeared to him at the time of the incident, actually believed he or another was in imminent danger of bodily harm and could reasonably hold that belief.

If you find that Mr. Pezzola provoked imminent danger of bodily harm upon himself or another, he cannot rely upon the right of self-defense or defense of another to justify his use of force. One who knowingly and unnecessarily places himself in a position in conscious disregard of a substantial risk that his presence will provoke a violent confrontation cannot claim self-defense or defense of another.

Self-defense is a defense to Counts 9 and 10 in the indictment. Mr. Pezzola is not required to prove that he acted in self-defense. Where evidence of self-defense or defense of another is present, it is the government that must prove beyond a reasonable doubt that Mr. Pezzola did not act in self-defense or defense of another. If the government has failed to do so, you must find Mr. Pezzola not guilty.

Robbery of personal property of the United States. Count 10 charges Dominic Pezzola with robbery of personal property of the United States, which is a violation of federal law. I will explain the elements of the offense, along with its associated

1    definitions.

2        Elements.  In order to find the defendant guilty of a

3    robbery of personal property of the United States, you must find

4    the following six elements beyond a reasonable doubt:

5        First, that the defendant took property from a person;

6    second, that the defendant did so against that person's will;

7    third, that the defendant did so by force or violence; fourth,

8    that the defendant carried the property away; fifth, that the

9    defendant took the property without a right to it and intended

10   to steal it, in other words, that he intended to permanently

11   deprive the United States of it; and sixth, that the property

12   was the personal property of the United States.

13       Theft.  If you do not find unanimously and beyond a

14   reasonable doubt that Dominic Pezzola committed robbery of

15   personal property of the United States, you should consider

16   whether he committed the lesser included offense of theft of

17   United States government property.  In order to find the

18   defendant guilty of theft of United States government property,

19   you must find the following four elements beyond a reasonable

20   doubt:

21       First, that the defendant took property; second, that the

22   property belonged to the United States at the time it was taken;

23   third, when the defendant took the property, he intended to

24   deprive, without right, the owner of the use or benefit of the

25   property; and fourth, the property taken was of some value.

1          Concluding remark for Count 10.  A defendant may be found

2     guilty of the offense charged in Count 10 if the defendant

3     unlawfully took property from a person against his or her will

4     by means of actual or threatened force, violence, or fear of

5     injury, attempted to do so, aided and abetted others in doing

6     so, willfully caused others to do so, or as a result of

7     co-conspirator liability.

8          I've already described each of these five ways of

9     committing the offense.  If you find unanimously and beyond a

10    reasonable doubt that the defendant committed the offense of

11    unlawful taking of property from a person against his or her

12    will by means of actual or threatened force, violence, or fear

13    of injury in any one of these five ways, you should find the

14    defendant guilty on Count 10, and you need not consider whether

15    the defendant committed the offense in the other four ways.

16         Ladies and gentlemen, those are your initial instructions.

17    As I said, there will be a shorter group of those instructions

18    at the end of all the closing arguments, much shorter.

19         But for now, considering what I already laid out to you,

20    we're going to excuse you for the weekend.  We will see you

21    first thing Monday to begin with closing arguments.

22         As always, please avoid all media coverage of January 6 in

23    this case.  Do not conduct any independent investigation.  And

24    of course, do not discuss the evidence in the case with anyone,

25    including your fellow jurors, until the case is submitted to

1    you, which will be shortly.

2        Have a good weekend to you all.

3        (Jury exited courtroom.)

4            THE COURT:  Mr. Kenerson, any word from the group?

5            MR. KENERSON:  No.  But what the government had

6    proposed and what I think makes sense, though of course I

7    welcome anyone else's thoughts, is 5:00 on Saturday.  That would

8    allow the Court to digest whatever the parties give, if the

9    Court has questions, maybe present them to the parties over

10   e-mail from the chambers account, and we can respond, and

11   hopefully, the Court will have it resolved, if it is not a kind

12   of joint, agreed-upon proposal, by 9:00 a.m.

13           THE COURT:  Any response to that?  Anyone object to

14   that?  All right.  So we will make it 5:00 -- I will see the

15   joint proposal from the parties at 5:00 on Saturday.

16       Mr. Jauregui?

17       (Bench conference.)

18       (Beginning of sealed proceedings.)

19       ████████████████████████████████████████████████

20   ████████████████████████████████████████████████

21   ████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   ████████████████████████████████████████████████

24   ████████████████████████████████████████████████

25       ████████████████████████████████████████████████

19693



1

2

3

4        (End of sealed proceedings.)

5        (End of bench conference.)

6            THE COURT:  I will see the parties at 9:00 on Monday.

7        (Proceedings adjourned at 2:14 p.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF OFFICIAL COURT REPORTER


       I, Sara A. Wick, certify that the foregoing is a
correct transcript from the record of proceedings in the
above-entitled matter.



/s/ Sara A. Wick                    April 22, 2023
SIGNATURE OF COURT REPORTER         DATE

## $

**$1,000** [7] - 19683:2, 19683:7, 19683:12, 19683:23, 19684:3, 19684:5, 19684:15

## /

**/s** [1] - 19695:8

## 0

**06511** [1] - 19670:6

## 1

**1** [2] - 19686:11, 19686:13
**10** [6] - 19686:13, 19689:15, 19689:23, 19691:1, 19691:2, 19691:14
**10010** [1] - 19669:24
**10016** [1] - 19670:17
**1014** [1] - 19670:13
**10:00** [2] - 19674:15
**11201** [1] - 19669:21
**1123** [1] - 19669:23
**113** [1] - 19670:18
**12th** [1] - 19672:22
**1301** [1] - 19669:18
**1420** [1] - 19670:3
**153rd** [1] - 19670:10
**19** [1] - 19672:3
**19th** [4] - 19672:13, 19672:20, 19672:25, 19673:13
**1:32** [1] - 19669:7

## 2

**20001** [1] - 19670:22
**20005** [2] - 19669:19, 19670:3
**202-354-3284** [1] - 19670:23
**2020** [1] - 19671:23
**2021** [2] - 19671:24, 19687:10
**2023** [2] - 19669:7, 19695:8
**20579** [1] - 19669:16
**20777** [1] - 19670:8
**209** [1] - 19670:11
**21** [1] - 19669:7
**21-175** [1] - 19671:5
**21-cr-175** [1] - 19669:3
**22** [2] - 19672:8,

**19695:8**
**271** [1] - 19669:21
**2:14** [1] - 19694:7

## 3

**3** [6] - 19677:14, 19678:3, 19678:10, 19679:22, 19679:23, 19680:8
**33012** [1] - 19670:14
**33014** [1] - 19670:11
**333** [1] - 19670:21
**383** [1] - 19670:5

## 4

**404(b** [1] - 19672:22
**404(b)** [1] - 19673:7
**4704-B** [1] - 19670:22
**49th** [1] - 19670:13

## 5

**5** [5] - 19680:12, 19681:7, 19682:8, 19682:9, 19682:21
**59047** [1] - 19670:19
**5:00** [3] - 19692:7, 19692:14, 19692:15
**5:15** [1] - 19676:1
**5:20** [1] - 19676:2

## 6

**6** [8] - 19672:4, 19672:14, 19682:25, 19684:21, 19684:22, 19685:7, 19687:10, 19691:22
**601** [1] - 19669:15
**6175** [1] - 19670:10
**6th** [1] - 19673:13

## 7

**7** [6] - 19682:25, 19684:21, 19684:22, 19685:7, 19686:11, 19686:13
**700** [1] - 19669:18
**7166** [1] - 19670:8

## 8

**8** [5] - 19685:10, 19686:10, 19687:21, 19687:22, 19688:8

## 9

**9** [6] - 19685:10, 19686:12, 19687:21, 19687:22, 19688:8, 19689:15
**909** [1] - 19669:24
**99** [1] - 19670:16
**9:00** [7] - 19674:5, 19674:20, 19675:9, 19675:10, 19677:9, 19692:12, 19694:6

## A

**a.m** [3] - 19674:5, 19674:20, 19692:12
**abetted** [4] - 19679:25, 19684:24, 19687:25, 19691:5
**ability** [1] - 19686:24
**able** [1] - 19676:14
**above-entitled** [1] - 19695:5
**accident** [2] - 19678:14, 19681:16
**accordingly** [1] - 19679:6
**account** [1] - 19692:10
**act** [16] - 19678:13, 19678:17, 19678:18, 19678:19, 19679:2, 19679:8, 19679:16, 19679:17, 19680:13, 19680:20, 19680:21, 19680:22, 19680:24, 19681:15, 19682:10, 19689:19
**acted** [12] - 19677:24, 19678:1, 19678:15, 19681:17, 19684:7, 19686:8, 19686:16, 19686:17, 19686:21, 19687:3, 19688:12, 19689:16
**acting** [5] - 19678:24, 19679:12, 19679:13, 19687:18
**action** [1] - 19681:24
**acts** [6] - 19678:12, 19681:9, 19681:14, 19684:6, 19686:3, 19686:4
**actual** [3] - 19680:24, 19691:4, 19691:12
**addition** [1] - 19679:4
**additional** [1] - 19671:13
**adjourned** [1] -

**19694:7**
**administration** [1] - 19682:6
**advantage** [1] - 19679:14
**adversely** [1] - 19681:3
**affected** [1] - 19681:3
**afford** [1] - 19674:6
**affords** [1] - 19679:5
**AFTERNOON** [1] - 19669:10
**afternoon** [2] - 19674:21, 19674:23
**afternoons** [1] - 19677:7
**agency** [3] - 19681:25, 19682:5, 19683:21
**agree** [2] - 19674:9, 19686:15
**agreed** [1] - 19692:12
**agreed-upon** [1] - 19692:12
**ahead** [1] - 19674:10
**aided** [5] - 19670:25, 19679:25, 19684:24, 19687:25, 19691:5
**aided/abetted** [1] - 19682:13
**al** [1] - 19671:6
**allow** [2] - 19674:22, 19692:8
**Amendment** [1] - 19679:4
**America** [1] - 19671:5
**AMERICA** [1] - 19669:3
**amount** [3] - 19675:24, 19688:22, 19688:23
**anticipate** [1] - 19674:12
**apparent** [1] - 19686:24
**APPEARANCES** [2] - 19669:13, 19670:1
**appeared** [1] - 19689:4
**April** [2] - 19669:7, 19695:8
**area** [1] - 19687:11
**argument** [2] - 19674:13, 19675:8
**arguments** [5] - 19673:21, 19676:25, 19677:1, 19691:18, 19691:21
**article** [1] - 19681:4
**assault** [2] - 19686:22, 19687:2

**19694:7**
**assaulted** [4] - 19686:1, 19687:14, 19687:19, 19687:23
**assaulting** [5] - 19685:9, 19685:11, 19685:15, 19685:21, 19688:5
**assemble** [1] - 19679:5
**associated** [2] - 19685:19, 19689:25
**attempt** [1] - 19686:22
**attempted** [15] - 19677:21, 19679:24, 19680:21, 19680:24, 19682:12, 19683:19, 19683:22, 19684:2, 19684:14, 19684:16, 19684:24, 19686:18, 19686:25, 19687:1, 19691:5
**attempting** [2] - 19680:12, 19680:21
**attempts** [1] - 19678:23
**attention** [3] - 19672:14, 19676:14, 19676:19
**Attorney's** [2] - 19669:15, 19669:20
**AUSA** [3] - 19669:14, 19669:14, 19669:20
**authority** [1] - 19682:6
**authorization** [1] - 19687:11
**Avenue** [3] - 19669:18, 19670:16, 19670:21
**avoid** [2] - 19674:19, 19691:22
**aware** [6] - 19672:22, 19673:18, 19675:18, 19678:13, 19681:15, 19684:10
**awareness** [3] - 19677:24, 19678:20, 19678:21

## B

**bad** [1] - 19684:7
**bang** [1] - 19676:19
**base** [1] - 19684:19
**BEFORE** [2] - 19669:1, 19669:10
**begin** [3] - 19673:22, 19677:11, 19691:21
**beginning** [1] - 19676:25
**Beginning** [1] -

19692:18
**belief** [1] - 19689:7
**believes** [2] -
19688:13, 19688:25
**belonged** [2] -
19684:12, 19690:22
**Bench** [1] - 19692:17
**bench** [1] - 19694:5
**benefit** [2] - 19679:14,
19690:24
**best** [1] - 19671:13
**better** [2] - 19673:21,
19677:5
**between** [1] -
19681:19
**beyond** [18] -
19677:19, 19678:7,
19680:5, 19680:19,
19682:16, 19683:12,
19683:17, 19684:1,
19685:3, 19685:25,
19687:3, 19687:17,
19688:3, 19689:18,
19690:4, 19690:13,
19690:19, 19691:9
**Biggs** [2] - 19670:2,
19675:20
**BIGGS** [1] - 19669:6
**black** [1] - 19683:9
**board** [1] - 19682:6
**bodily** [3] - 19689:1,
19689:6, 19689:9
**bottle** [1] - 19685:16
**break** [2] - 19673:21,
19677:5
**breaks** [2] - 19674:16,
19674:19
**bribes** [1] - 19679:11
**bring** [5] - 19673:17,
19674:5, 19674:20,
19675:9, 19675:11
**Broadway** [1] -
19669:23
**broken** [1] - 19674:18
**Brooklyn** [1] -
19669:21
**burden** [1] - 19671:12
**bureau** [1] - 19682:7

## C

**Cadman** [1] -
19669:21
**cannot** [2] - 19689:9,
19689:13
**Capitol** [7] - 19683:10,
19686:3, 19686:6,
19687:9, 19687:10,
19687:24, 19688:6
**CARMEN** [1] -

19670:7
**carried** [2] - 19681:24,
19690:8
**carry** [1] - 19687:7
**carrying** [4] -
19680:14, 19682:11,
19682:19, 19687:16
**case** [3] - 19691:23,
19691:24, 19691:25
**Case** [1] - 19669:3
**catch** [1] - 19676:19
**caused** [5] - 19680:1,
19682:13, 19684:25,
19687:25, 19691:6
**causes** [2] - 19681:10,
19681:11
**certain** [2] - 19685:9,
19685:16
**CERTIFICATE** [1] -
19695:1
**certify** [2] - 19678:11,
19695:3
**chambers** [1] -
19692:10
**charge** [3] - 19671:25,
19682:25, 19685:10
**charged** [10] -
19673:16, 19679:23,
19682:9, 19683:8,
19684:22, 19685:14,
19686:11, 19686:12,
19687:22, 19691:2
**charges** [3] -
19677:15, 19680:12,
19689:23
**choosing** [1] -
19672:15
**circumstances** [1] -
19689:4
**civil** [8] - 19680:11,
19680:15, 19680:18,
19681:2, 19681:8,
19682:12, 19682:20
**claim** [1] - 19689:13
**clear** [1] - 19672:6
**close** [1] - 19677:3
**closing** [8] -
19673:20, 19674:13,
19675:14, 19676:25,
19677:1, 19677:11,
19691:18, 19691:21
**closings** [3] -
19671:9, 19674:6,
19675:22
**co** [6] - 19673:11,
19680:2, 19682:14,
19685:1, 19688:1,
19691:7
**co-conspirator** [6] -
19673:11, 19680:2,

19682:14, 19685:1,
19688:1, 19691:7
**coextensive** [1] -
19672:23
**College** [1] - 19678:11
**Columbia** [3] -
19681:20, 19681:21,
19681:22
**COLUMBIA** [1] -
19669:1
**commerce** [5] -
19681:4, 19681:19,
19681:21
**commission** [1] -
19682:6
**commit** [5] -
19680:13, 19680:21,
19680:22, 19686:8,
19686:16
**committed** [16] -
19680:6, 19680:9,
19680:20, 19682:10,
19682:17, 19682:22,
19685:4, 19685:8,
19687:2, 19688:4,
19688:9, 19690:14,
19690:16, 19691:10,
19691:15
**committing** [8] -
19679:11, 19680:12,
19680:21, 19682:16,
19683:6, 19685:3,
19688:3, 19691:9
**commodity** [1] -
19681:4
**complete** [1] -
19671:12
**Complex** [1] -
19687:10
**complex** [1] -
19687:12
**computer** [1] -
19670:25
**computer-aided** [1] -
19670:25
**concluding** [5] -
19679:22, 19682:8,
19684:21, 19687:21,
19691:1
**conduct** [11] -
19677:25, 19678:13,
19679:10, 19679:12,
19679:21, 19681:5,
19681:15, 19684:7,
19684:9, 19684:11,
19691:23
**confer** [1] - 19676:14
**conference** [2] -
19692:17, 19694:5
**confrontation** [1] -

19689:13
**Congress** [1] -
19678:4
**Congress's** [1] -
19678:11
**Connecticut** [1] -
19670:6
**CONOR** [1] - 19669:17
**conscious** [1] -
19689:12
**consciousness** [2] -
19678:19, 19678:20
**consider** [12] -
19672:1, 19672:4,
19672:17, 19678:15,
19680:8, 19681:17,
19682:21, 19685:7,
19688:8, 19688:19,
19690:15, 19691:14
**considerations** [1] -
19677:8
**considering** [1] -
19691:19
**conspiracy** [3] -
19671:21, 19672:23,
19673:12
**conspirator** [6] -
19673:11, 19680:2,
19682:14, 19685:1,
19688:1, 19691:7
**Constitution** [2] -
19670:21, 19679:5
**constitutional** [1] -
19679:1
**continue** [3] -
19671:8, 19675:12,
19676:22
**continued** [1] -
19669:25
**CONTINUED** [1] -
19670:1
**contrast** [1] - 19679:9
**correct** [1] - 19695:4
**corruptly** [9] -
19677:15, 19677:17,
19678:2, 19678:17,
19678:24, 19679:3,
19679:8, 19679:12,
19679:13
**cost** [2] - 19684:17
**counsel** [2] -
19674:24, 19676:13
**Count** [18] - 19677:14,
19678:3, 19678:10,
19679:22, 19679:23,
19680:8, 19680:11,
19681:7, 19682:8,
19682:9, 19682:21,
19686:10, 19686:12,
19686:13, 19689:22,

19691:1, 19691:2,
19691:14
**count** [4] - 19683:3,
19683:7, 19683:11,
19683:13
**counts** [6] - 19682:25,
19683:8, 19684:6,
19685:10, 19685:15,
19686:17
**Counts** [9] - 19684:21,
19684:22, 19685:7,
19686:11, 19686:13,
19687:21, 19687:22,
19688:8, 19689:15
**coupled** [1] -
19686:23
**course** [3] - 19687:18,
19691:16, 19692:6
**COURT** [25] - 19669:1,
19671:7, 19672:6,
19672:9, 19672:16,
19672:24, 19673:3,
19673:7, 19673:9,
19673:14, 19673:25,
19674:3, 19674:10,
19675:1, 19675:5,
19675:7, 19675:18,
19675:24, 19676:16,
19676:21, 19692:4,
19692:13, 19694:6,
19695:1, 19695:9
**Court** [7] - 19670:21,
19671:22, 19672:11,
19672:19, 19692:8,
19692:9, 19692:11
**court** [3] - 19671:2,
19678:25, 19679:9
**courtroom** [2] -
19676:20, 19692:3
**COURTROOM** [1] -
19671:4
**coverage** [1] -
19691:22
**crime** [1] - 19683:6
**Criminal** [1] - 19671:5
**CRR** [1] - 19670:21

## D

**D.C** [5] - 19669:6,
19669:16, 19669:19,
19670:3, 19670:22
**damage** [12] -
19681:11, 19681:13,
19683:2, 19683:12,
19683:22, 19684:2,
19684:14, 19684:16
**damaged** [2] -
19683:18, 19684:23
**damaging** [3] -

19683:1, 19683:15, 19685:5

**danger** [4] - 19681:10, 19681:11, 19689:6, 19689:8

**DATE** [1] - 19695:9

**date** [2] - 19672:3, 19672:4

**dates** [1] - 19671:21

**David** [1] - 19669:23

**deal** [1] - 19672:17

**December** [7] - 19671:23, 19672:3, 19672:12, 19672:20, 19672:22, 19672:25, 19673:13

**decide** [1] - 19684:14

**decided** [1] - 19673:20

**deciding** [3] - 19671:10, 19678:14, 19681:16

**Defendant** [5] - 19669:22, 19670:2, 19670:7, 19670:9, 19670:15

**defendant** [73] - 19677:3, 19677:17, 19677:21, 19677:22, 19677:23, 19678:1, 19678:9, 19678:15, 19678:16, 19678:17, 19678:19, 19679:16, 19679:17, 19679:22, 19679:23, 19680:6, 19680:8, 19680:9, 19680:17, 19680:20, 19680:22, 19681:17, 19681:18, 19682:8, 19682:9, 19682:17, 19682:21, 19682:22, 19683:14, 19683:18, 19683:19, 19683:24, 19684:3, 19684:6, 19684:8, 19684:10, 19684:12, 19684:21, 19684:23, 19685:4, 19685:6, 19685:8, 19686:1, 19686:3, 19686:4, 19686:8, 19686:16, 19686:17, 19686:21, 19687:2, 19687:3, 19687:4, 19687:13, 19687:19, 19687:21, 19687:23, 19688:4, 19688:8, 19688:9, 19690:2, 19690:5, 19690:6, 19690:7, 19690:8, 19690:9, 19690:18,

19690:21, 19690:23, 19691:1, 19691:2, 19691:10, 19691:14, 19691:15

**defendant's** [2] - 19679:19, 19680:24

**Defendants** [1] - 19669:8

**defendants** [11] - 19672:21, 19674:22, 19677:15, 19680:12, 19683:1, 19683:8, 19684:1, 19684:3, 19685:10, 19685:14, 19685:20

**defended** [1] - 19688:20

**defense** [18] - 19676:13, 19688:11, 19688:12, 19688:14, 19688:23, 19689:10, 19689:14, 19689:15, 19689:17, 19689:19, 19689:20

**definitions** [6] - 19678:3, 19681:7, 19684:6, 19685:19, 19686:16, 19686:17, 19690:1

**degree** [1] - 19681:3

**delayed** [1] - 19681:3

**Department** [2] - 19669:17, 19682:3

**department** [5] - 19681:25, 19682:2, 19682:4, 19682:5, 19683:21

**departments** [1] - 19682:2

**deprive** [2] - 19690:11, 19690:24

**DEPUTY** [1] - 19671:4

**described** [5] - 19680:4, 19682:15, 19685:2, 19688:2, 19691:8

**destroyed** [2] - 19683:18, 19684:23

**destroying** [3] - 19683:1, 19683:15, 19685:5

**destruction** [5] - 19682:24, 19683:9, 19684:4

**detain** [1] - 19687:10

**determination** [1] - 19684:19

**die** [1] - 19672:15

**different** [1] - 19673:15

**digest** [1] - 19692:8

**discuss** [1] - 19691:24

**disorder** [8] - 19680:11, 19680:15, 19680:18, 19681:2, 19681:8, 19682:12, 19682:20

**disregard** [1] - 19689:12

**District** [3] - 19681:20, 19681:21, 19681:22

**DISTRICT** [3] - 19669:1, 19669:1, 19669:11

**disturbance** [1] - 19681:8

**DOMINIC** [1] - 19669:7

**Dominic** [3] - 19688:11, 19689:23, 19690:14

**doubt** [18] - 19677:20, 19678:8, 19680:6, 19680:19, 19682:17, 19683:12, 19683:17, 19684:1, 19685:4, 19685:25, 19687:3, 19687:17, 19688:4, 19689:19, 19690:4, 19690:14, 19690:20, 19691:10

**down** [1] - 19671:11

**Drive** [1] - 19670:18

**during** [4] - 19680:11, 19680:18, 19681:1, 19681:7

**duties** [7] - 19680:14, 19681:1, 19682:12, 19682:19, 19685:13, 19685:24, 19686:8

**duty** [3] - 19687:8, 19687:16, 19687:18

### E

**e-mail** [3] - 19676:13, 19676:14, 19692:10

**East** [2] - 19669:21, 19670:18

**effect** [1] - 19677:25

**either** [2] - 19679:14, 19681:3

**Electoral** [1] - 19678:11

**element** [2] - 19686:10, 19686:14

**Elements** [1] - 19677:17

**elements** [14] - 19677:19, 19680:17, 19680:19, 19683:4,

19683:14, 19683:17, 19683:25, 19685:18, 19685:20, 19685:24, 19689:25, 19690:2, 19690:4, 19690:19

**employee** [4] - 19682:1, 19685:12, 19685:22, 19686:6

**end** [11] - 19671:15, 19672:14, 19673:1, 19673:19, 19674:16, 19676:1, 19676:11, 19676:12, 19691:18, 19694:4

**End** [1] - 19694:5

**enforcement** [7] - 19680:14, 19680:23, 19680:25, 19682:11, 19682:18, 19688:17, 19688:18

**engaged** [4] - 19680:25, 19685:13, 19685:23, 19686:7

**engaging** [2] - 19679:10, 19679:11

**ENRIQUE** [1] - 19669:6

**ensure** [1] - 19674:21

**enter** [1] - 19687:11

**entered** [1] - 19676:20

**entitled** [1] - 19695:5

**ERIK** [1] - 19669:14

**especially** [1] - 19677:5

**ESQ** [9] - 19669:17, 19669:22, 19670:2, 19670:4, 19670:7, 19670:9, 19670:12, 19670:15, 19670:18

**establish** [1] - 19686:20

**established** [1] - 19687:17

**establishment** [1] - 19682:6

**et** [1] - 19671:6

**ETHAN** [1] - 19669:6

**Ethan** [1] - 19671:5

**event** [1] - 19672:4

**everyday** [1] - 19687:7

**evidence** [8] - 19672:22, 19673:5, 19678:15, 19681:17, 19684:20, 19688:11, 19689:17, 19691:24

**evidentiary** [1] - 19673:16

**example** [1] - 19678:24

**exceed** [2] - 19683:6,

19683:14, 19683:17, 19683:25, 19685:18, 19685:20, 19685:24, 19689:25, 19690:2, 19690:4, 19690:19

**employee** [4] -

19684:3

**exceeded** [4] - 19683:2, 19683:12, 19683:23, 19684:15

**except** [2] - 19673:4, 19675:19

**excessive** [1] - 19688:19

**excuse** [1] - 19691:20

**Excuse** [2] - 19673:25

**executive** [2] - 19682:2, 19682:4

**exercise** [3] - 19679:7, 19688:18, 19688:21

**exited** [1] - 19692:3

**expect** [1] - 19677:1

**explain** [3] - 19683:4, 19685:18, 19689:25

### F

**fact** [2] - 19671:10, 19687:18

**factor** [1] - 19671:10

**factors** [2] - 19674:11, 19674:24

**failed** [1] - 19689:20

**fair** [1] - 19673:6

**far** [1] - 19676:1

**favor** [1] - 19674:24

**fear** [2] - 19691:4, 19691:12

**federal** [5] - 19680:15, 19685:14, 19687:15, 19687:18, 19689:24

**federally** [2] - 19681:5, 19681:23

**fellow** [1] - 19691:25

**felonies** [1] - 19686:15

**felony** [4] - 19686:9, 19686:10, 19686:12, 19686:15

**fence** [1] - 19683:10

**fifth** [2] - 19686:8, 19690:8

**filed** [1] - 19673:11

**fine** [1] - 19675:14

**First** [2] - 19670:6, 19679:4

**first** [12] - 19676:24, 19677:11, 19677:21, 19680:20, 19683:4, 19683:18, 19683:25, 19686:1, 19688:17, 19690:5, 19690:21, 19691:21

**five** [12] - 19680:4, 19680:7, 19680:12, 19682:15, 19682:20,

19682:25, 19685:2,
19685:6, 19685:10,
19685:24, 19691:8,
19691:13
**flash** [1] - 19676:18
**flexibility** [1] -
19675:25
**Floor** [2] - 19670:6,
19670:16
**Florida** [2] - 19670:11,
19670:14
**following** [6] -
19677:19, 19680:19,
19683:16, 19685:24,
19690:4, 19690:19
**FOR** [1] - 19669:1
**force** [18] - 19686:18,
19686:19, 19686:25,
19688:13, 19688:15,
19688:16, 19688:18,
19688:21, 19688:22,
19688:24, 19689:3,
19689:11, 19690:7,
19691:4, 19691:12
**forcibly** [8] -
19685:10, 19685:21,
19686:4, 19686:17,
19686:21, 19687:4,
19687:14, 19687:19
**foregoing** [1] -
19695:3
**foreseeable** [1] -
19678:9
**four** [10] - 19677:19,
19680:10, 19680:19,
19682:22, 19683:16,
19685:8, 19688:2,
19688:7, 19690:19,
19691:15
**fourth** [6] - 19678:1,
19681:2, 19683:22,
19686:5, 19690:7,
19690:25
**fraud** [1] - 19679:11
**Friday** [1] - 19677:7
**front** [1] - 19673:19
**full** [1] - 19674:21
**function** [3] - 19681:6,
19681:23
**future** [1] - 19686:20

---

### G

**gentlemen** [2] -
19676:22, 19691:16
**given** [3] - 19675:8,
19677:5, 19677:8
**government** [23] -
19673:11, 19674:4,
19676:7, 19677:2,

---

19677:3, 19677:19,
19678:7, 19679:6,
19682:24, 19683:9,
19683:11, 19683:16,
19683:25, 19684:5,
19684:8, 19684:9,
19684:11, 19689:18,
19689:20, 19690:17,
19690:18, 19692:5
**government's** [2] -
19674:17, 19674:18
**grievances** [1] -
19679:6
**group** [2] - 19691:17,
19692:4
**groups** [1] - 19681:9
**guess** [2] - 19674:17,
19684:18
**guilty** [19] - 19677:17,
19679:23, 19680:8,
19680:17, 19682:9,
19682:21, 19683:14,
19683:24, 19684:4,
19684:22, 19685:7,
19685:20, 19687:22,
19688:8, 19689:21,
19690:2, 19690:18,
19691:2, 19691:14

---

### H

**half** [1] - 19674:13
**harm** [3] - 19689:1,
19689:6, 19689:9
**Harris** [1] - 19675:11
**HASSAN** [1] - 19670:9
**Hassan** [1] - 19670:10
**Haven** [1] - 19670:6
**hear** [4] - 19673:20,
19676:10, 19676:11,
19677:2
**heard** [1] - 19673:23
**HERNANDEZ** [5] -
19670:7, 19673:10,
19675:3, 19675:6,
19675:21
**Hialeah** [1] - 19670:14
**Highland** [1] - 19670:8
**hill** [1] - 19672:15
**himself** [4] -
19688:20, 19688:25,
19689:9, 19689:11
**hold** [1] - 19689:6
**Hollow** [1] - 19670:8
**Homeland** [1] -
19682:3
**Honor** [6] - 19673:10,
19673:25, 19674:4,
19674:8, 19675:3,
19675:21

---

**HONORABLE** [1] -
19669:10
**hopefully** [1] -
19692:11
**hours** [1] - 19674:13
**HULL** [1] - 19670:2
**Hull** [1] - 19670:2

---

### I

**identified** [1] -
19673:12
**idle** [1] - 19671:19
**ignorance** [2] -
19678:14, 19681:16
**ll** [1] - 19670:15
**illegal** [1] - 19679:10
**immediate** [3] -
19681:10, 19681:11,
19688:15
**imminent** [3] -
19689:1, 19689:6,
19689:8
**impede** [5] -
19677:21, 19677:23,
19677:25, 19678:23,
19680:13, 19680:22,
19682:10, 19687:6
**impeded** [4] -
19686:1, 19687:14,
19687:20, 19687:23
**impedes** [1] - 19679:9
**impeding** [7] -
19679:2, 19682:18,
19685:9, 19685:11,
19685:15, 19685:21,
19688:5
**imposed** [1] -
19687:14
**incident** [7] -
19680:15, 19681:1,
19682:12, 19682:19,
19688:24, 19689:2,
19689:5
**included** [3] -
19683:5, 19684:4,
19690:16
**includes** [5] -
19678:4, 19682:2,
19682:3, 19682:5
**including** [5] -
19678:16, 19681:18,
19681:20, 19681:21,
19691:25
**incrimination** [1] -
19679:1
**independent** [2] -
19682:5, 19691:23
**independently** [2] -
19678:17, 19679:12

---

**indicated** [1] -
19674:12
**indictment** [12] -
19671:22, 19671:23,
19671:25, 19672:11,
19672:12, 19673:1,
19673:4, 19673:16,
19675:19, 19677:15,
19682:25, 19689:16
**individual** [4] -
19679:7, 19679:9,
19681:10, 19681:12
**individual's** [2] -
19681:11, 19681:13
**individuals** [1] -
19687:10
**inflict** [3] - 19686:23,
19687:1, 19687:4
**initial** [3] - 19677:3,
19677:13, 19691:16
**injured** [2] - 19683:18,
19684:23
**injuring** [3] - 19683:1,
19683:14, 19685:5
**injury** [7] - 19681:10,
19681:12, 19686:23,
19687:1, 19687:5,
19691:5, 19691:13
**instituted** [2] -
19678:5, 19678:7
**instruct** [1] - 19683:5
**instructed** [1] -
19687:8
**instruction** [4] -
19671:11, 19672:7,
19673:19, 19676:5
**instructions** [6] -
19675:12, 19676:23,
19677:13, 19691:16,
19691:17
**instrumentality** [1] -
19681:25
**intended** [7] -
19677:22, 19680:22,
19687:4, 19690:9,
19690:10, 19690:23
**intent** [7] - 19679:13,
19679:16, 19679:18,
19679:19, 19682:10,
19686:8, 19686:16
**intentional** [1] -
19686:22
**intentionally** [2] -
19686:5, 19687:19
**interfere** [4] -
19680:13, 19680:23,
19682:11, 19687:7
**interfered** [4] -
19686:2, 19687:15,
19687:20, 19687:24

---

**interference** [1] -
19680:11
**interfering** [4] -
19682:18, 19685:12,
19685:22, 19688:6
**intimidate** [1] -
19687:6
**intimidated** [4] -
19686:2, 19687:15,
19687:20, 19687:23
**intimidating** [3] -
19685:11, 19685:22,
19688:5
**investigation** [1] -
19691:23
**invoking** [1] -
19678:25
**involve** [1] - 19678:24
**involved** [1] -
19683:20
**involves** [1] -
19679:13
**involving** [1] -
19681:8
**issue** [3] - 19671:9,
19672:19, 19675:19
**IV** [1] - 19670:2

---

### J

**January** [8] -
19671:24, 19672:4,
19672:9, 19672:13,
19672:14, 19673:13,
19687:10, 19691:22
**JASON** [1] - 19669:14
**JAUREGUI** [1] -
19670:12
**Jauregui** [2] -
19670:13, 19692:16
**JOHN** [1] - 19670:2
**joint** [4] - 19676:4,
19678:11, 19692:12,
19692:15
**JOSEPH** [1] - 19669:6
**JUDGE** [1] - 19669:11
**jurors** [1] - 19691:25
**Jury** [2] - 19676:20,
19692:3
**JURY** [1] - 19669:10
**jury** [6] - 19671:3,
19672:21, 19673:18,
19674:5, 19674:20,
19676:19
**Justice** [1] - 19669:17
**justified** [2] -
19688:13, 19688:16
**justify** [1] - 19689:10

## K

**KELLY** [1] - 19669:10
**Kenerson** [3] - 19673:23, 19676:6, 19692:4
**KENERSON** [5] - 19669:14, 19672:19, 19672:25, 19676:12, 19692:5
**kind** [2] - 19672:21, 19692:11
**knowingly** [7] - 19677:24, 19678:12, 19678:15, 19680:20, 19681:14, 19681:17, 19689:11
**knowledge** [1] - 19684:7

## L

**lacked** [1] - 19687:11
**ladies** [2] - 19676:22, 19691:16
**laid** [1] - 19691:19
**Lake** [1] - 19670:18
**Lakes** [1] - 19670:11
**language** [1] - 19672:11
**last** [1] - 19675:20
**late** [3] - 19675:23, 19676:1, 19677:7
**Law** [2] - 19670:10, 19670:13
**law** [12] - 19677:16, 19680:13, 19680:16, 19680:23, 19680:24, 19682:11, 19682:18, 19684:10, 19685:14, 19688:17, 19688:18, 19689:24
**lawful** [1] - 19680:25
**lawfully** [4] - 19679:7, 19680:14, 19682:11, 19682:19
**laws** [1] - 19681:24
**lay** [1] - 19674:14
**lengthy** [3] - 19673:20, 19677:2, 19677:4
**less** [2] - 19684:5, 19684:18
**lesser** [3] - 19683:5, 19684:4, 19690:16
**liability** [6] - 19680:3, 19680:5, 19682:14, 19685:1, 19688:1, 19691:7
**limited** [1] - 19673:7

**lip** [1] - 19675:17
**lip-reading** [1] - 19675:17
**Livingston** [1] - 19670:19
**LLC** [1] - 19670:5
**lob** [1] - 19676:18
**look** [2] - 19672:16, 19675:7
**looking** [1] - 19689:2
**looks** [1] - 19672:5

## M

**mail** [3] - 19676:13, 19676:14, 19692:10
**Maryland** [1] - 19670:8
**math** [1] - 19674:14
**Matter** [1] - 19671:5
**matter** [1] - 19695:5
**McCullough** [2] - 19673:23, 19674:3
**MCCULLOUGH** [3] - 19669:14, 19674:4, 19674:11
**McGuire** [1] - 19670:2
**meanings** [1] - 19687:7
**means** [10] - 19678:10, 19678:18, 19678:20, 19681:8, 19681:19, 19681:21, 19681:23, 19686:22, 19691:4, 19691:12
**measured** [1] - 19684:16
**media** [1] - 19691:22
**memo** [1] - 19673:11
**mentioned** [3] - 19671:21, 19671:22, 19672:10
**metal** [1] - 19683:10
**METCALF** [1] - 19670:15
**Metcalf** [3] - 19670:15, 19676:17
**Miami** [1] - 19670:11
**middle** [1] - 19674:16
**might** [2] - 19672:3, 19677:1
**minds** [1] - 19671:20
**Mink** [1] - 19670:8
**mistake** [2] - 19678:14, 19681:16
**moment** [1] - 19674:1, 19676:23
**Monday** [8] - 19671:12, 19673:22, 19674:5, 19675:22,

19677:9, 19677:11, 19691:21, 19694:6
**Montana** [1] - 19670:19
**MOORE** [1] - 19669:20
**most** [1] - 19674:6
**motion** [1] - 19673:12
**movement** [1] - 19681:4
**MR** [13] - 19671:19, 19672:8, 19672:10, 19672:19, 19672:25, 19673:6, 19673:8, 19674:4, 19674:11, 19675:15, 19676:12, 19676:17, 19692:5
**MS** [4] - 19673:10, 19675:3, 19675:6, 19675:21
**MULROE** [1] - 19669:17
**must** [21] - 19675:16, 19677:18, 19678:7, 19678:17, 19678:19, 19679:16, 19679:17, 19680:18, 19683:11, 19683:15, 19684:8, 19684:14, 19685:24, 19686:14, 19687:3, 19688:17, 19689:18, 19689:21, 19690:3, 19690:19

## N

**NADIA** [1] - 19669:20
**nail** [1] - 19671:10
**narrow** [1] - 19672:14
**natural** [1] - 19677:24
**nature** [2] - 19678:13, 19681:15
**NAYIB** [1] - 19670:9
**Nayib** [1] - 19670:10
**necessary** [4] - 19687:13, 19688:14, 19688:25, 19689:3
**need** [13] - 19671:10, 19672:2, 19672:16, 19676:18, 19678:5, 19679:18, 19680:8, 19682:21, 19684:9, 19684:11, 19685:7, 19688:8, 19691:14
**negated** [1] - 19679:20
**New** [7] - 19669:18, 19669:21, 19669:24, 19670:6, 19670:17
**NICHOLAS** [1] - 19669:22

**NORDEAN** [1] - 19669:6
**Nordean** [2] - 19669:22, 19671:6
**NORMAN** [1] - 19670:4
**Northwest** [4] - 19669:15, 19669:18, 19670:3, 19670:21
**number** [1] - 19675:22
**Number** [1] - 19669:3
**NW** [1] - 19670:10

## O

**object** [1] - 19692:13
**objection** [1] - 19675:1
**obstruct** [12] - 19677:21, 19677:23, 19677:25, 19678:23, 19679:16, 19679:18, 19679:19, 19679:24, 19680:1, 19680:13, 19680:22, 19682:10
**obstructed** [2] - 19679:24, 19681:3
**obstructing** [5] - 19677:15, 19677:18, 19679:2, 19680:18, 19682:18
**obstruction** [3] - 19679:25, 19680:6, 19680:9
**Obstruction** [1] - 19677:14
**obstructs** [1] - 19679:9
**OF** [5] - 19669:1, 19669:3, 19669:10, 19695:1, 19695:9
**offense** [24] - 19678:6, 19679:23, 19680:6, 19680:9, 19682:9, 19682:16, 19682:17, 19682:22, 19683:5, 19683:6, 19684:4, 19685:3, 19685:4, 19685:8, 19685:18, 19688:3, 19688:4, 19688:9, 19689:25, 19690:16, 19691:2, 19691:9, 19691:10, 19691:15
**offenses** [4] - 19684:22, 19686:11, 19686:12, 19687:22
**offered** [1] - 19688:11
**offering** [1] - 19679:10
**Office** [2] - 19669:15,

19669:20
**officer** [13] - 19680:25, 19682:1, 19685:12, 19685:22, 19686:2, 19686:5, 19686:6, 19686:19, 19687:16, 19687:18, 19687:20, 19687:24, 19688:6
**officers** [11] - 19680:11, 19680:14, 19680:18, 19680:23, 19680:25, 19682:11, 19682:19, 19685:9, 19685:16, 19687:9, 19688:17
**Offices** [1] - 19670:10
**OFFICIAL** [1] - 19695:1
**Official** [1] - 19670:21
**official** [29] - 19677:14, 19677:16, 19677:18, 19677:22, 19677:23, 19678:1, 19678:3, 19678:4, 19678:6, 19678:8, 19678:10, 19678:23, 19679:17, 19679:18, 19679:24, 19679:25, 19680:1, 19680:2, 19680:7, 19680:10, 19680:14, 19681:1, 19682:12, 19682:19, 19685:13, 19685:24, 19686:7, 19687:8, 19687:16
**often** [1] - 19679:13
**once** [1] - 19677:3
**one** [15] - 19671:7, 19672:2, 19672:8, 19673:1, 19674:8, 19674:11, 19680:7, 19680:23, 19681:19, 19682:20, 19685:6, 19686:24, 19688:7, 19689:11, 19691:13
**oneself** [2] - 19679:14, 19688:14
**opening** [3] - 19674:17, 19674:18, 19674:22
**operation** [1] - 19681:24
**opportunity** [1] - 19674:6
**oppose** [1] - 19687:6
**opposed** [3] - 19686:1, 19687:20, 19687:23
**opposing** [3] - 19685:11, 19685:21,

19688:5
**opposition** [1] -
19673:11
**Orange** [1] - 19670:5
**order** [12] - 19671:2,
19675:14, 19675:19,
19676:8, 19677:17,
19680:17, 19683:14,
19685:20, 19686:14,
19687:2, 19690:2,
19690:17
**ordinary** [1] - 19687:7
**owner** [1] - 19690:24

## P

**P.A** [2] - 19670:10,
19670:13
**P.C** [1] - 19670:15
**p.m** [2] - 19669:7,
19694:7
**page** [1] - 19672:8
**Park** [1] - 19670:16
**part** [1] - 19687:8
**particular** [2] -
19674:8, 19674:11
**parties** [6] - 19674:6,
19676:4, 19692:8,
19692:9, 19692:15,
19694:6
**party** [1] - 19675:1
**PATTIS** [8] - 19670:4,
19671:19, 19672:8,
19672:10, 19673:6,
19673:8, 19675:15,
19676:17
**Pattis** [4] - 19670:5,
19671:18, 19673:3,
19675:13
**Pause** [1] - 19674:2
**paying** [1] - 19676:14
**PC** [1] - 19670:2
**pending** [2] - 19678:5,
19678:6
**people** [1] - 19679:5
**performance** [5] -
19681:1, 19681:5,
19685:13, 19685:23,
19686:7
**perhaps** [1] - 19672:2
**permanently** [1] -
19690:10
**permission** [1] -
19676:18
**person** [11] -
19678:12, 19678:21,
19679:15, 19681:14,
19687:14, 19688:13,
19688:22, 19688:23,
19690:5, 19691:3,

19691:11
**person's** [1] - 19690:6
**personal** [5] -
19689:22, 19689:23,
19690:3, 19690:12,
19690:15
**persons** [1] - 19681:9
**petition** [1] - 19679:6
**PEZZOLA** [1] -
19669:7
**Pezzola** [11] -
19670:15, 19688:11,
19688:16, 19688:19,
19689:4, 19689:8,
19689:16, 19689:19,
19689:21, 19689:23,
19690:14
**places** [1] - 19689:11
**Plaintiff** [1] - 19669:4
**Plaza** [1] - 19669:21
**PLLC** [1] - 19669:23
**point** [1] - 19676:6
**Police** [5] - 19686:3,
19686:6, 19687:9,
19687:25, 19688:7
**portions** [1] -
19674:19
**position** [1] -
19689:12
**presence** [2] -
19679:20, 19689:13
**present** [4] - 19671:3,
19686:24, 19689:18,
19692:9
**pretty** [1] - 19673:10
**privilege** [1] - 19679:1
**probable** [1] -
19677:24
**proceeding** [24] -
19677:14, 19677:16,
19677:18, 19677:22,
19677:23, 19678:1,
19678:3, 19678:4,
19678:5, 19678:6,
19678:8, 19678:10,
19678:24, 19678:25,
19679:2, 19679:10,
19679:17, 19679:18,
19679:24, 19679:25,
19680:1, 19680:2,
19680:7, 19680:10
**Proceedings** [2] -
19670:24, 19694:7
**proceedings** [3] -
19692:18, 19694:4,
19695:4
**process** [1] - 19677:4
**produced** [1] -
19670:25
**promised** [1] -

19676:25
**property** [39] -
19681:12, 19681:13,
19682:24, 19682:25,
19683:1, 19683:9,
19683:13, 19683:15,
19683:19, 19683:20,
19683:22, 19684:2,
19684:5, 19684:12,
19684:15, 19684:16,
19684:18, 19684:19,
19684:23, 19685:5,
19689:22, 19689:23,
19690:3, 19690:5,
19690:8, 19690:9,
19690:11, 19690:12,
19690:15, 19690:17,
19690:18, 19690:21,
19690:22, 19690:23,
19690:25, 19691:3,
19691:11
**proposal** [4] -
19671:16, 19676:4,
19692:12, 19692:15
**proposed** [1] -
19692:6
**protect** [2] - 19687:9,
19688:25
**protected** [2] -
19681:5, 19681:23
**prove** [7] - 19671:19,
19678:7, 19683:12,
19684:10, 19684:12,
19689:16, 19689:18
**proved** [4] - 19677:19,
19683:16, 19683:25
**provoke** [1] -
19689:13
**provoked** [1] -
19689:8
**public** [1] - 19681:8
**purpose** [4] -
19678:18, 19679:19,
19679:20, 19684:7
**purposes** [1] -
19686:10

## Q

**questions** [1] -
19692:9
**quickly** [1] - 19671:7

## R

**raise** [2] - 19676:17,
19676:18
**rapt** [1] - 19676:14
**rarely** [1] - 19677:7
**reading** [1] - 19675:17

**ready** [2] - 19671:19,
19677:9
**realizes** [2] -
19678:12, 19681:14
**really** [2] - 19671:7,
19675:4
**reason** [1] - 19672:20
**reasonable** [21] -
19676:7, 19677:20,
19678:8, 19680:5,
19680:19, 19682:17,
19683:12, 19683:17,
19684:1, 19684:17,
19685:4, 19685:25,
19687:3, 19687:17,
19688:4, 19688:22,
19689:19, 19690:4,
19690:14, 19690:19,
19691:10
**reasonably** [5] -
19678:8, 19688:13,
19688:20, 19688:25,
19689:6
**rebuttal** [1] - 19677:4
**receive** [1] - 19676:4
**record** [2] - 19671:4,
19695:4
**recorded** [1] -
19670:24
**refers** [2] - 19686:11,
19686:12
**refuse** [1] - 19678:25
**Rehl** [1] - 19677:7
**REHL** [1] - 19669:6
**reinstructed** [1] -
19672:2
**related** [2] - 19672:22,
19681:7
**reluctant** [1] -
19676:17
**rely** [1] - 19689:9
**remark** [4] - 19679:22,
19682:8, 19684:21,
19691:1
**remarks** [1] -
19687:21
**repairing** [1] -
19684:17
**replacing** [1] -
19684:17
**REPORTER** [3] -
19673:25, 19695:1,
19695:9
**Reporter** [1] -
19670:21
**request** [2] -
19672:21, 19674:5
**required** [1] -
19689:16
**resist** [1] - 19687:6

**resisted** [4] - 19686:1,
19687:14, 19687:19,
19687:23
**resisting** [5] -
19685:9, 19685:11,
19685:15, 19685:21,
19688:5
**resolve** [1] - 19676:5
**resolved** [1] -
19692:11
**respond** [1] -
19692:10
**response** [1] -
19692:13
**rest** [2] - 19671:9,
19677:13
**restricted** [1] -
19687:11
**result** [5] - 19680:2,
19682:14, 19684:25,
19688:1, 19691:6
**results** [2] - 19681:12,
19681:13
**return** [1] - 19677:12
**rights** [1] - 19679:7
**riot** [1] - 19685:16
**risk** [1] - 19689:12
**Road** [1] - 19670:8
**robbery** [4] -
19689:22, 19689:23,
19690:3, 19690:14
**ROGER** [1] - 19670:18
**Room** [1] - 19670:22
**ROOTS** [1] - 19670:18
**RPR** [1] - 19670:21
**running** [1] - 19676:6

## S

**SABINO** [1] -
19670:12
**Sara** [2] - 19695:3,
19695:8
**SARA** [1] - 19670:21
**sat** [1] - 19677:7
**satisfied** [1] -
19686:14
**Saturday** [2] -
19692:7, 19692:15
**scheduling** [1] -
19676:24
**sealed** [2] - 19692:18,
19694:4
**seated** [1] - 19676:21
**second** [6] -
19677:22, 19680:21,
19683:19, 19686:3,
19690:6, 19690:21
**Secret** [1] - 19682:4
**secure** [1] - 19679:14

**Security** [1] - 19682:3
**see** [3] - 19691:20, 19692:14, 19694:6
**seem** [1] - 19676:6
**self** [10] - 19679:1, 19688:11, 19688:12, 19688:23, 19689:10, 19689:14, 19689:15, 19689:17, 19689:19
**self-defense** [9] - 19688:11, 19688:12, 19688:23, 19689:10, 19689:14, 19689:15, 19689:17, 19689:19
**self-incrimination** [1] - 19679:1
**sense** [2] - 19676:15, 19692:6
**separate** [2] - 19683:8, 19685:15
**separated** [1] - 19673:5
**Service** [1] - 19682:4
**SESSION** [1] - 19669:10
**session** [1] - 19678:11
**set** [1] - 19676:3
**shield** [1] - 19685:17
**shining** [1] - 19674:7
**shock** [1] - 19673:19
**shorter** [2] - 19691:17, 19691:18
**shorthand** [1] - 19670:24
**shortly** [1] - 19692:1
**show** [3] - 19671:12, 19684:8, 19687:13
**SIGNATURE** [1] - 19695:9
**simply** [1] - 19673:22
**simultaneous** [1] - 19679:20
**six** [1] - 19690:4
**Sixth** [1] - 19670:16
**sixth** [1] - 19690:11
**SMITH** [1] - 19669:22
**Smith** [2] - 19669:23, 19670:5
**sole** [1] - 19679:19
**someone** [1] - 19686:23
**Sorry** [1] - 19673:24
**sorry** [1] - 19674:8
**sounds** [1] - 19676:16
**specific** [1] - 19684:10
**speculate** [1] - 19684:18
**start** [5] - 19671:9, 19672:3, 19672:13, 19674:15, 19677:10

**started** [1] - 19672:20
**state** [2] - 19681:20
**statement** [3] - 19673:12, 19674:17, 19674:18
**statements** [4] - 19671:11, 19674:22, 19676:5, 19677:11
**STATES** [3] - 19669:1, 19669:3, 19669:11
**States** [33] - 19669:14, 19669:15, 19669:17, 19669:20, 19671:5, 19679:4, 19681:25, 19682:1, 19682:4, 19682:7, 19683:2, 19683:15, 19683:21, 19684:13, 19684:24, 19685:5, 19685:12, 19685:23, 19686:3, 19686:5, 19686:7, 19687:9, 19687:24, 19688:6, 19689:22, 19689:24, 19690:3, 19690:11, 19690:12, 19690:15, 19690:17, 19690:18, 19690:22
**steal** [1] - 19690:10
**stenotype** [1] - 19670:24
**STEVEN** [1] - 19670:15
**stop** [1] - 19674:9
**Street** [5] - 19669:15, 19670:3, 19670:5, 19670:10, 19670:13
**submitted** [1] - 19691:25
**substantial** [1] - 19689:12
**substantive** [1] - 19683:4
**sufficient** [1] - 19686:20
**suggest** [1] - 19674:15
**suggestion** [1] - 19676:10
**Suite** [3] - 19669:18, 19669:24, 19670:11
**sum** [2] - 19683:23, 19684:15
**sun** [1] - 19674:7

**T**

**TARRIO** [1] - 19669:6
**Tarrio** [1] - 19670:9
**teed** [1] - 19677:10
**term** [8] - 19678:3,

19678:10, 19681:8, 19681:19, 19681:23, 19682:2, 19682:5, 19686:22
**terminal** [1] - 19672:4
**terms** [2] - 19675:21, 19687:6
**testify** [1] - 19678:25
**THE** [24] - 19669:1, 19669:1, 19669:10, 19671:7, 19672:6, 19672:9, 19672:16, 19672:24, 19673:3, 19673:7, 19673:9, 19673:14, 19674:3, 19674:10, 19675:1, 19675:5, 19675:7, 19675:18, 19675:24, 19676:16, 19676:21, 19692:4, 19692:13, 19694:6
**theft** [3] - 19690:13, 19690:16, 19690:18
**theories** [1] - 19680:4
**thereby** [1] - 19679:1
**thereof** [2] - 19682:1, 19683:21
**third** [6] - 19677:23, 19680:23, 19683:20, 19686:4, 19690:7, 19690:23
**thoughts** [1] - 19692:7
**threat** [2] - 19686:19, 19686:22
**threaten** [1] - 19687:5
**threatened** [5] - 19686:18, 19686:25, 19687:1, 19691:4, 19691:12
**three** [5] - 19674:16, 19674:18, 19681:9, 19683:25, 19688:9
**throwing** [1] - 19685:16
**TIMOTHY** [1] - 19669:10
**today** [2] - 19673:8, 19679:16
**took** [5] - 19690:5, 19690:9, 19690:21, 19690:23, 19691:3
**track** [2] - 19671:17, 19673:1
**tracking** [3] - 19671:22, 19671:25, 19673:4
**transcript** [1] - 19695:4
**Transcript** [1] - 19670:25

**TRANSCRIPT** [1] - 19669:10
**transcription** [1] - 19670:25
**travel** [1] - 19681:19
**TRIAL** [1] - 19669:10
**try** [1] - 19675:9
**twice** [2] - 19675:16, 19677:2
**two** [5] - 19674:13, 19674:19, 19674:22, 19683:8, 19685:15
**type** [1] - 19675:22
**typically** [1] - 19675:25

**U**

**U.S** [2] - 19683:10, 19687:10
**unanimously** [7] - 19680:5, 19682:16, 19685:3, 19686:15, 19688:3, 19690:13, 19691:9
**under** [2] - 19681:24, 19689:4
**UNITED** [3] - 19669:1, 19669:3, 19669:11
**United** [33] - 19669:14, 19669:15, 19669:17, 19669:20, 19671:5, 19679:4, 19681:24, 19682:1, 19682:3, 19682:7, 19683:2, 19683:15, 19683:21, 19684:13, 19684:23, 19685:5, 19685:12, 19685:23, 19686:2, 19686:5, 19686:6, 19686:7, 19687:9, 19687:24, 19688:6, 19689:22, 19690:3, 19690:11, 19690:12, 19690:15, 19690:17, 19690:18, 19690:22
**unlawful** [11] - 19678:18, 19679:12, 19679:14, 19679:19, 19684:8, 19684:9, 19688:15, 19688:18, 19688:20, 19691:11
**unlawfully** [1] - 19691:3
**unnecessarily** [1] - 19689:11
**unspecified** [1] - 19686:20
**up** [9] - 19671:12,

19671:20, 19673:19, 19673:21, 19674:16, 19674:18, 19675:9, 19677:5, 19677:10
**update** [1] - 19676:24
**urged** [1] - 19675:15

**V**

**value** [6] - 19673:16, 19683:6, 19684:5, 19684:15, 19684:19, 19690:25
**versus** [1] - 19671:5
**victim** [1] - 19687:17
**violated** [1] - 19684:11
**violation** [4] - 19677:16, 19680:15, 19685:14, 19689:24
**violence** [5] - 19679:11, 19681:9, 19690:7, 19691:4, 19691:12
**violent** [1] - 19689:13
**voluntarily** [1] - 19686:4
**vote** [1] - 19678:11
**vs** [1] - 19669:5

**W**

**waiting** [2] - 19675:13, 19676:3
**Washington** [5] - 19669:6, 19669:16, 19669:19, 19670:3, 19670:22
**water** [1] - 19685:16
**ways** [14] - 19680:7, 19680:10, 19682:15, 19682:20, 19682:23, 19685:2, 19685:6, 19685:8, 19688:2, 19688:7, 19688:10, 19691:8, 19691:13, 19691:15
**week** [1] - 19677:6
**weekend** [7] - 19671:16, 19672:18, 19673:22, 19676:4, 19677:5, 19691:20, 19692:2
**welcome** [2] - 19676:22, 19692:7
**West** [1] - 19670:13
**whichever** [1] - 19684:18
**wholly** [1] - 19681:22
**Wick** [2] - 19695:3, 19695:8

**WICK** [1] - 19670:21
**willfully** [7] - 19680:1,
19682:13, 19683:20,
19684:6, 19684:25,
19687:25, 19691:6
**window** [1] - 19683:10
**witness** [1] - 19678:24
**word** [1] - 19692:4
**words** [1] - 19690:10
**wound** [1] - 19675:9
**wrongdoing** [2] -
19678:19, 19678:20

## Y

**York** [6] - 19669:18,
19669:21, 19669:24,
19670:17

## Z

**ZACHARY** [1] -
19669:6