UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Case No. 21-cr-175 (TJK)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ZACHARY REHL,

Defendant.

RECEIVED
Mailroom
FEB - 6 2026
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

# DEFENDANT ZACHARY REHL'S PRO SE REPLY IN SUPPORT OF MOTION FOR NEW TRIAL OR DISMISSAL AND MOTION TO TREAT ORIGINAL MOTION AS CONCEDED PURSUANT TO LOCAL CRIMINAL RULE 47(b)

Defendant Zachary Rehl, proceeding pro se, respectfully submits this reply in support of his Motion for a New Trial or, in the Alternative, Dismissal with Prejudice Based on Newly Discovered Evidence, and Request for Indicative Ruling Pursuant to Federal Rule of Criminal Procedure 37 (Docket No. 1075, filed January 15, 2026). Rehl also moves this Court, pursuant to Local Criminal Rule 47(b), to treat his original motion as conceded due to the government's failure to file a timely opposition. In support thereof, Rehl states as follows:

## I. PROCEDURAL HISTORY

Rehl's motion was served on the government via overnight priority mail on January 14, 2026, and received by the Clerk of Court and the government on January 15, 2026, as confirmed by tracking information (USP Tracking No. 1Z2FF1021229301762 & 1Z2FF1020129303889). Pursuant to Local Criminal Rule 47(b) of the United States District Court for the District of Columbia, which requires oppositions to motions to be filed within 14 days after service, and Federal Rule of Criminal Procedure 45(b)(3), which adds 3 days to the response period when service is by mail, the government's response was due no later than February 1, 2026 (14 days from January 15, 2026, plus 3 days for mailing. As of February 5, 2026, no opposition has been filed, docketed, or served on Rehl.

## II. LEGAL STANDARD AND ARGUMENT

Local Criminal Rule 47(b) provides: "Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." This rule aligns with Federal Rule of Criminal Procedure 47, which governs motions generally, and Rule 45, which computes time and provides for a 3-day extension for mailed service (Rule 45(b)(3)). The government has exceeded this 17-day deadline without seeking an extension under Rule 45(b)(1) for good cause or excusable neglect.

Under LCrR 47(b), the Court has discretion to treat Rehl's unopposed motion as conceded. See, e.g., United States v. Emor, 573 F.3d 778, 786 (D.C. Cir. 2009) (arguments not raised in opposition are conceded); United States v. Williams, 233 F.3d 592, 594 (D.C. Cir. 2000) (failure to timely respond to motions can lead to concession of issues); United States v. Thorpe, No. 23-3027 (D.C. Cir. Aug. 26, 2025) (affirming district court's enforcement of procedural deadlines, emphasizing compliance in criminal motion practice). In criminal cases involving substantial issues like prosecutorial misconduct and newly discovered evidence under Rule 33(b)(1), courts have exercised this authority to grant relief where the government fails to oppose, recognizing the importance of due process and judicial efficiency. See cf. United States v. B.G.G., 53 F.4th 1353 (11th Cir. 2022) (discussing procedural concessions in motion practice, implying risks for non-compliance).

Rehl's motion raises a substantial matter of law, including Jeremy Bertino's recantation and detailed allegations of coercion by FBI agents and prosecutors, which implicate due process violations under Napue v. Illinois, 360 U.S. 264 (1959), violations of Brady v. Maryland, 373 U.S. 83 (1963), as well as Sixth Amendment Confrontation Clause issues. By not filing an opposition, the government has conceded these points. Rehl respectfully requests that the Court treat the motion as conceded pursuant to LCrR 47(b) and grant the requested relief.

If the Court finds that the pending appeal (D.C. Cir. No. 23-3162,

consolidated) limits its jurisdiction, Rehl requests an indicative ruling under Federal Rule of Criminal Procedure 37(a) stating that the motion raises a substantial issue and that, if jurisdiction were restored via remand, the Court would grant the motion, including by holding an evidentiary hearing to gather additional evidence from Bertino and Rehl to fully resolve the matter if necessary. This approach aligns with the guidance from the Court of Appeals' December 23, 2025 order, along with the suggestions of the government in their opposition from the same court on December 8th, 2025 (2147343-2) which promotes efficiency without disrupting the consolidated appeals.

### III. RELIEF SOUGHT

Rehl respectfully requests that this Court: (1) treat the original motion as conceded pursuant to LCrR 47(b); (2) grant Rehl's motion for dismissal with prejudice or a new trial under Rule 33(b)(1); or (3) issue an indicative ruling under Rule 37(a) stating that it would grant the motion if remanded or that it raises a substantial issue, including the potential for an evidentiary hearing to gather further evidence.

Respectfully submitted,

/s/ Zachary Rehl

Zachary Rehl, Pro Se

[Redacted Address]

[Redacted Phone]

Date: February 5, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on February 5th, 2026, I have or will have electronically served co-defendant counsel and have mailed a true and correct copy of the foregoing Motion to the clerk of court along with a copy of the same Motion to the following opposing party by placing both in the United States mail, first-class overnight priority postage to the following:

Jocelyn Ballantine

Assistant United States Attorney

601 D Street, N.W.

Washington, D.C. 20530

Dated: January 12, 2026

/s/ Zachary Rehl\

Zachary Rehl, Pro Se