**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-175** |
| | : | |
| **ZACHARY REHL,** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO ZACHARY REHL'S MOTION FOR A NEW TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant Zachary Rehl's Motion for a New Trial, ECF 1081. For the following reasons the Court should defer consideration of the motion.

**FACTS**

Rehl was convicted after a jury trial and, on August 31, 2023, sentenced to a term of imprisonment. *See* ECF 905. On September 12, 2023, Rehl filed a notice of appeal. *See* ECF 896. On January 20, 2025, while the appeal was still pending, Rehl's sentence was commuted to time served. *See* ECF 1055.

On November 26, 2025, Rehl moved the D.C. Circuit to remand the case to the district court so that he could file a motion for a new trial or, in the alternative, dismissal of the case with prejudice. *See* D.C. Cir. Case No. 23-3162, Doc. 2147343. On December 23, 2025, the D.C. Circuit denied that motion "without prejudice to appellant filing in district court a motion for a new trial, requesting an indicative ruling, and renewing his motion to remand if the district court indicates that it is inclined to grant the motion for a new trial." D.C. Cir. Case No. 23-3159, Doc. 2151840 (citing Fed. R. Crim. P. 37; Fed. R. App. P. 12.1; *D.C. Circuit Handbook of Practice and Internal Procedures* 35–36 (2025)). Rehl subsequently filed the instant motion, requesting that this Court

"issue an indicative ruling stating whether it would grant this motion if the case were remanded or if jurisdiction were otherwise restored." ECF 1081 at 1-2.

Until this week, the appellants' opening briefs in the D.C. Circuit were due to be filed on April 13, 2026. *See* D.C. Cir. Case No. 21-3159, Doc. 2158272. On April 6, 2026, the Court of Appeals suspended the briefing schedule on its own motion. *See id.* at Doc. 2167217.

## ARGUMENT

Federal Rule of Criminal Procedure 37 provides:

**(a) Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The third option is known as an "indicative ruling." "Discretion to issue an indicative ruling is not an obligation to do so." *United States v. McKnight*, 20-11859, 2022 WL 4692129, at *3 (11th Cir. Oct. 3, 2022). Here, the Court should decline to exercise that discretion, and should instead defer consideration of Rehl's motion.

Rehl's case is currently on appeal before the D.C. Circuit, where it has been consolidated with the appeals of three codefendants. Of the four defendants with pending appeals,[1] only Rehl has moved for a new trial. Regardless of the outcome of Rehl's Rule 33 motion, therefore, the appeal will go forward. Judicial economy favors allowing that process to proceed before this Court resolves Rehl's motion for a new trial.

---

[1] One of the appellants, Joseph Biggs, has moved to dismiss his appeal. *See* D.C. Cir. Case No. 23-3159, Doc. 2165724. The Court of Appeals has deferred consideration of that motion until Biggs files an affidavit that complies with the local rules. *See id.* at Doc. 2166151.

If the D.C. Circuit vacates Rehl's conviction on any grounds, then his Rule 33 motion will be moot. If the D.C. Circuit affirms Rehl's conviction, the decision would likely involve legal analysis that would inform how this Court conducted any new trial that might result from Rehl's Rule 33 motion. To take just one hypothetical example, the Court of Appeals might find that one of this Court's evidentiary rulings was improper but that the error was harmless. If Rehl's Rule 33 motion were granted, this Court would have the benefit of the Circuit's ruling so as not to repeat the error in any resulting new trial.

Nor do the interests of justice require that Rehl's Rule 33 motion be resolved immediately. His sentence has been commuted, so he is no longer subject to imprisonment or any other judicially imposed penalty. Any remaining interest Rehl may have in immediately seeking a new trial rather than letting the appeal proceed in due course is insufficient to justify accelerated consideration of Rehl's Rule 33 motion.

In the event the Court wishes to consider Rehl's motion, the government respectfully requests an opportunity to respond on the merits.[2]

*    *    *

---

[2] Defendant's motion was accompanied by three exhibits that he provided to the Court and counsel on a micro-SD card. Government counsel can share these materials with the Court over USAfx should that be of assistance.

**CONCLUSION**

For the above reasons, the Court should defer consideration of Rehl's Rule 33 motion.

Respectfully Submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Jocelyn Ballantine*
JOCELYN BALLANTINE (CA Bar No. 208267)
Assistant United States Attorney
National Security Section
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-7252
Jocelyn.Ballantine2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2026, I caused a copy of this motion to be electronically

served on Zachary Rehl at zachwrehl@gmail.com.

*/s/ Jocelyn Ballantine*
JOCELYN BALLANTINE

4